DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendants
AARON SIMS, MATT DUFFER, ROSS DUFFER, NETFLIX, INC., NETFLIX STREAMING SERVICES, INC., and 21 LAPS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRISH ROVER ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>AARON SIMS, an individual; MATT DUFFER, an individual; ROSS DUFFER, an individual; NETFLIX, INC., a Delaware corporation; NETFLIX STREAMING SERVICES, INC., a Delaware corporation; 21 LAPS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-06293-CBM-PLA<br><br>Assigned to Hon. Consuelo B. Marshall<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b)(6)**<br><br>Date: January 26, 2021<br>Time: 10:00 a.m.<br>Courtroom: 8B<br><br>First Amended Complaint Filed: October 12, 2020 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .........................................................................................................2

    A. The Court May Review The Works At Issue And Dismiss Plaintiff's Infringement Claims. ...........................................................2

    B. In The Ninth Circuit, The Substantial Similarity Analysis Is Not Impacted By Allegations of "Access." ...........................................3

    C. The Works Are Not Substantially Similar. ............................................4

        1. Alleged Similarities. ....................................................................4

        2. Dissimilarities. .............................................................................9

        3. Selection and Arrangement........................................................10

    D. Totem's Concept Art Is Not Similar To Stranger Things...................10

III. CONCLUSION ...................................................................................................10

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

i

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdullah v. Walt Disney Co.*,
 714 F. App'x 758 (9th Cir. 2018) ....................................................................... 3

*Acker v. King*,
 46 F. Supp. 3d 168 (D. Conn. 2014) ................................................................. 7

*Alfred v. Walt Disney Co.*,
 821 F. App'x 727 (9th Cir. 2020) ....................................................................... 3

*Althouse v. Warner Bros. Entm't*,
 2014 U.S. Dist. LEXIS 92071
 (C.D. Cal. Apr. 28, 2014) ................................................................................. 6

*Astor-White v. Strong*,
 733 F. App'x 407 (9th Cir. 2018) ....................................................................... 2

*Christianson v. W. Publ'g Co.*,
 149 F.2d 202 (9th Cir. 1945) ............................................................................. 2

*Esplanade Prods. v. Walt Disney Co.*,
 768 F. App'x 732 (9th Cir. 2019) ....................................................................... 3

*Fillmore v. Blumhouse Prods., LLC*,
 771 F. App'x 756 (9th Cir. 2019) ....................................................................... 3

*Funky Films, Inc. v. Time Warner Ent. Co., L.P.*,
 462 F.3d 1072 (9th Cir. 2006) ................................................................... 5, 6, 9

*Heusey v. Emmerich*,
 692 F. App'x 928 (9th Cir. 2017) ....................................................................... 3

*Litchfield v. Spielberg*,
 736 F.2d 1352 (9th Cir. 1984) ........................................................................... 4

*Masterson v. Walt Disney Co.*,
 821 F. App'x. 779 (9th Cir. 2020) ...................................................................... 2

*Metcalf v. Bochco*,
 294 F.3d 1069 (9th Cir. 2002) ................................................................ 3, 4, 10

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

i

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

# TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Olson v. NBC*,
 855 F.2d 1446 (9th Cir. 1988) ................................................................................ 8

*Rentmeester v. Nike, Inc.*,
 883 F.3d 1111 (9th Cir. 2018) ................................................................................ 2

*Shame on You Prods., Inc. v. Banks*,
 690 F. App'x 519 (9th Cir. 2017) ....................................................................... 2, 8

*Silas v. HBO*,
 713 F. App'x 626 (9th Cir. 2018) ........................................................................... 3

*Skidmore v. Led Zeppelin*,
 952 F.3d 1051 (9th Cir. 2020) ................................................................................ 4

*Zella* v. *E.W. Scripps Co.*,
 529 F. Supp. 2d 1124 (C.D. Cal. 2007) .................................................................. 2

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

ii

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

## I.   INTRODUCTION

Plaintiff's *Totem* works are vastly different from Defendants' well-known series, *Stranger Things*. This lawsuit does not present a close case of substantial similarity, and Plaintiff's copyright infringement claims should be dismissed.

Plaintiff argues that copyright claims should not be adjudicated at the motion to dismiss stage. Plaintiff is wrong. The Federal Rules of Civil Procedure require dismissal of implausible claims, like this one. The method used to analyze the legal "plausibility" of copyright infringement claims – known as the "extrinsic test" – has been clearly articulated by the Ninth Circuit: if two works are not substantially similar as a matter of law, the claim asserted is implausible and dismissal is required. Here, the relevant works are not substantially similar as a matter of law.

Plaintiff's claim in this case is that a screenplay steeped in Native American mythology, featuring a military veteran who dies in order to save his dead wife's soul, is "substantially similar" to a television series about children in the 1980s fighting against evil scientists and monsters. This claim is squarely on the wrong side of the "plausibility" line. Plaintiff argues that dismissal of this type of meritless claim is premature, but Plaintiff's argument is refuted by the fact that, over the course of the last several years, the Ninth Circuit has **repeatedly** affirmed pre-discovery dismissals of baseless infringement claims. In all of those cases, district courts have faithfully applied the extrinsic test, and have granted dismissals after finding no similarity of protectable expression between the works' plots, themes, characters, settings, moods, tones, and dialogue. The same result should apply here.

Since substantial similarity is plainly absent in this case, Plaintiff's last gasp argument is that the Court should apply a "selection and arrangement" analysis. According to Plaintiff, this Court should conclude that the works share "so many generic similarities" that they should be deemed to be substantially similar as a matter of law. However, even if the Court applies the "selection and arrangement" analysis here, Plaintiff's claim still fails because the generic, unprotectable elements

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

1

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

of Plaintiff's work are clearly dissimilar from *Stranger Things*. Plaintiff's continued reliance on random elements, pulled from different versions of *Totem* scripts, and various episodes (and seasons) of *Stranger Things*, is a misleading stratagem that has repeatedly been rejected by this Court, and by the Ninth Circuit.

There is no substantial similarity between the works at issue, and Defendants request that Plaintiff's Complaint be dismissed with prejudice.

## II.   ARGUMENT

### A.   The Court May Review The Works At Issue And Dismiss Plaintiff's Infringement Claims.

Plaintiff's Opposition argues that courts are not permitted to dismiss copyright infringement cases at the motion to dismiss stage. *See* Opposition, p.7 (citing *Astor-White v. Strong*, 733 F. App'x 407, 409 n.2 (9th Cir. 2018) [Wardlaw, J., concurring])). That is not the law: "the Ninth Circuit has [long] noted that…'when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss.'" *Zella* v. *E.W. Scripps Co.,* 529 F. Supp.2d 1124, 1130 (C.D. Cal. 2007) (quoting *Christianson v. W. Publ'g Co*., 149 F.2d 202, 203 (9th Cir. 1945)). Indeed, the Ninth Circuit has "affirmed such dismissals repeatedly over the past decade in unpublished memorandum dispositions." *Masterson v. Walt Disney Co*., 821 F. App'x. 779, 780 (9th Cir. 2020) (affirming dismissal of infringement claim, after district court compared the film *Inside Out* with plaintiff's film script); *Esplanade Prods. v. Walt Disney Co*., 768 F. App'x 732, 733-34 (9th Cir. 2019) (affirming dismissal after district court compared "the popular movie Zootopia" with a synopsis and treatment for a movie titled "Looney"); *Silas v. HBO*, 713 F. App'x 626, 627 (9th Cir. 2018) (same, for screenplays and television series); *Abdullah v. Walt Disney Co*., 714 F. App'x 758, 759 (9th Cir. 2018) (same, for book and movie); *Shame on You Prods., Inc. v. Banks*, 690 F. App'x 519 (9th Cir. 2017) (affirming dismissal of infringement claim after district court expressly refused to

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

2

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

consider expert reports).

The Ninth Circuit also recently explained that dismissal is proper where the works are before the district court, and no additional "discovery" can alter the content of the works at issue. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1123 (9th Cir. 2018) (affirming dismissal where "[n]othing disclosed during discovery could alter the fact that the allegedly infringing works are as a matter of law not substantially similar");

Plaintiff contends that dismissal at the pleading stage is inappropriate because expert testimony is necessary, citing a recent Ninth Circuit case that overturned a 12(b)(6) dismissal. *See* Opposition, pp. 7-8 (citing *Alfred v. Walt Disney Co.*, 821 F. App'x 727, 729 (9th Cir. 2020)). Plaintiff greatly overstates *Alfred*. That case simply held that in the unique "circumstance" of that case, expert testimony could be useful in determining whether the similarities were protectable because "the works in question [were] almost twenty years old and [defendant's work] may itself have shaped what are now considered [relevant] tropes." That is not true here, and *Alfred* did not, by any means, establish a rule against granting 12(b)(6) motions.

Courts in this Circuit frequently grant motions to dismiss infringement claims where, as here, the works are before the court and are capable of comparison. The works at issue are clearly lacking in legal similarity, and there is no legitimate reason to delay this matter in order to wait for the submission of expert opinions that cannot, and will not, change the works' contents.

**B.    In The Ninth Circuit, The Substantial Similarity Analysis Is Not Impacted By Allegations of "Access."**

Plaintiff, relying on *Metcalf v. Bochco*, 294 F.3d 1069 (9th Cir. 2002), argues that, because Defendants are not affirmatively contesting "access," the substantial similarity analysis should be weighted in Plaintiff's favor. Opposition, p. 8. Plaintiff is relying on bad law; the Ninth Circuit recently overruled *Metcalf* on this issue. *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020) (rejecting

the "inverse ratio rule" and holding that access "in no way can prove substantial similarity."). *Stranger Things* and Plaintiff's various *Totem* works are legally dissimilar, and no amount of purported "access" can change that.

### C. The Works Are Not Substantially Similar.

#### 1. Alleged Similarities.

Defendants' opening brief summarizes, in substantial detail, *Stranger Things'* first three seasons, and *Totem's* screenplays and concept art. Dkt. 30-1, pp. 7-14. Plaintiff's Opposition, however, <u>does not summarize the works and compare their objective literary elements</u>. Instead of faithfully summarizing the content of the competing works, Plaintiff mixes and matches different *Totem* screenplays, selects random components of these works, and then takes these elements out of context, all in an attempt to give the impression of legal similarity where none exists. Plaintiff's approach is improper and has been rejected by numerous courts as inconsistent with the extrinsic analysis. *See, e.g., Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984) (holding that "such lists of similarities…are inherently subjective and unreliable" and rejecting a plaintiff's attempt to "emphasize[] random similarities scattered throughout the works.").

The correct method of analyzing the works is to review each element of the extrinsic test, filtering out unprotectable components, and comparing the works' expressive literary elements. Plaintiff's refusal to properly apply the extrinsic test exposes the lack of merit of Plaintiff's lawsuit. But even the "random similarities scattered throughout the works" that Plaintiff relies on, when viewed in context, show that there is no similarity of protectable expression between these works.

**Plot.** With respect to the works' plots, Plaintiff continues to argue that both works involve a young girl opening a gateway to an alternate dimension. Opposition, p. 16. This is a false description of Plaintiff's own work, in which Jackson Chance's wife Autumn, ***not*** the young girl Kimi, unleashes the demon Azreal from the spirit realm by putting a magical totem in her backyard. Kimi

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

4

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

merely "allows" Autumn to take the totem – she does not create the gateway. Moreover, in *Stranger Things*, it is not a magic device, but Eleven's psychokinetic abilities that opens the gate to the Upside Down world.

Plaintiff also argues that the works' plots are similar by comparing extremely abstract concepts. For example, Plaintiff argues similarities in plot by comparing *Totem's* Azrael and the "Blackwolf Indians" to *Stranger Things'* Demogorgon, Mind-Flayer and Demo-dogs. Opposition, p. 10. However, the only "similarity" identified is that both works feature non-human antagonists. Courts in this Circuit have consistently ruled that general plot similarities, such as fighting against otherworldly foes, are not protectable, and do not support a finding of legal similarity.

Plaintiff's other alleged plot "similarities" – friends and other individuals who help the purported protagonists on their quests, threats to humanity, sweating out infection, and a final battle scene – appear in highly different contexts and involve completely different characters. Moreover, these are broad concepts, and the law does not protect general ideas or concepts, only "concrete" plot elements. *See Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1081 (9th Cir. 2006) ("In applying the extrinsic test, this court 'compares, not the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between the major characters.'").

Plaintiff also liberally compares *Totem's* film plot to various scenes that take place at random points <u>throughout</u> the first three seasons of *Stranger Things*. *See* Opposition, pp. 10-14. Thus, Plaintiff asserts that *Totem's* FBI Agent, Sam Miller is possessed by a demon, while in *Stranger Things'* <u>third season</u>, a teenager falls under the spell of the antagonist monster. These claimed similarities are strained, and out of context, and certainly do not demonstrate the specific similarity of creative plot expression that is required to state a claim for copyright infringement.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

5

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

**Sequence of Events.** As with the plot, Plaintiff's alleged similarities in sequence either do not exist in the actual works, appear in highly different contexts, involve highly different characters, and/or are unoriginal and unprotectable. *See Funky Films*, *Inc.*, 462 F.3d at 1081. Further, as Plaintiff admits, "the sequence of events in *Totem* occurs in a mere 119 pages of a screenplay," whereas the sequence in *Stranger Things* "takes three seasons to accomplish" and includes "multiple secondary and tertiary characters, story lines, and false endings." Opposition, p. 14. At its heart, Plaintiff's claimed similarities of "sequence" involve the assertion that both works involve children (to some degree), monsters from another dimension/plane, a quest to defeat evil forces, and a (somewhat) successful resolution. *Id*. Plaintiff cannot protect abstract and generic story sequences and, when viewed in context, these works share no protectable similarity of sequence.

**Characters.** Plaintiff alleges that *Totem's* protagonist, Jackson Chance, is substantially similar to *Stranger Things'* supporting character, Joyce Byers, but Plaintiff <u>also</u> argues that Jackson Chance is substantially similar to Joyce Byers' son, Will. *See* Opposition, pp. 11-12. Plaintiff mixes and matches these characters in order to argue that Jackson and Joyce Byers share a similar "quest" to save a loved one, and that Jackson and Will Byers are both similar because they experience medical "seizures" that connect them to an alternate dimension.[1] *Id*. Even if these allegations were accurate, and they are not, neither the broad concept of a protagonist on a quest to an alternate dimension to save a loved one, nor a character connected to an alternate dimension through seizures, are protectable elements. *See Althouse v. Warner Bros. Entm't*, 2014 U.S. Dist. LEXIS 92071, *9 (C.D. Cal. Apr. 28, 2014) (concepts of protagonists attempting to free other characters, having nightmares about their significant other dying, and battling an evil enemy, were insufficient to establish legal similarity).

---

[1] Contrary to Plaintiff's allegation, Will does not experience medical seizures, and unlike Jackson in *Totem*, does not have epilepsy.

Plaintiff's other character comparisons are similarly baseless. Plaintiff attempts to allege similarity between *Totem's* Dr. William Nerowe, a doctor who is revealed to be a supernaturally-gifted "medicine man," and who defeats Azrael and is cured of cancer; and Jim Hopper, a town sheriff who is attracted to Joyce Byers, and is suffering from depression because his daughter passed away from cancer. These characters have markedly different personas, family relationships and roles in their respective stories. It is difficult to articulate <u>any</u> commonalities between these two characters, and they are certainly not substantially similar as a matter of law.

Plaintiff also alleges similarity between Autumn Chance, Jackson's thirty-year-old wife who dies in *Totem*, and Will Byers, a teenage boy who survives each season of *Stranger Things*. Again, these individuals are entirely different in appearance, gender and age, and there is absolutely no precedent for deeming such different fictional characters to be "substantially similar."

Plaintiff continues to argue that one of *Totem's* supporting characters, Kimi, and *Stranger Things'* far more central character, Eleven, are substantially similar because they are both young girls with supernatural powers. Opposition, p. 18. However, aside from being imbued with (very different) powers, these children have next to nothing in common. Notably, a court has rejected Plaintiff's precise argument, holding that "a young girl with psychic abilities as a protagonist is an unprotectible idea." *Acker v. King*, 46 F. Supp. 3d 168, 175 (D. Conn. 2014).

Plaintiff also argues that Mike, who develops a teenage romance with Eleven, is substantially similar to Thunderbear, who is Kimi's grandfather and a Lynx Indian Shaman. Opposition, p. 19. Plaintiff claims these characters are legally similar because both act as the "unofficial" leaders of their groups. Again, this is a general concept, not a protectable character attribute, and these two characters are different in age, ethnicity, and virtually every other measure.

Finally, Plaintiff argues that the "monster" characters in the two works are substantially similar because they are both "evil figures" from another realm that

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

7

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

employ "minions" to battle against the protagonist. That generalized description is not protectable, as it could describe innumerable antagonists, from Frank Baum's Wicked Witch of the West to J.R.R. Tolkien's Sauron. Aside from sharing the common element of being evil beings from another plane/dimension, there is no similarity of protectable expression between *Totem's* Azrael and the various monsters that the children battle during the first three seasons of *Stranger Things*.

**Theme.** Plaintiff argues that the "personal thematic arcs shared by the characters in the two works" are substantially similar. Opposition, pp. 19-20. However, and as set forth in Defendants' opening brief, none of the characters in *Stranger Things* bear any resemblance to any characters in *Totem* and their "personal thematic arcs" are also not legally similar.

**Dialogue.** Plaintiff has submitted a declaration listing purported additional similarities in dialogue. However, none of these purported similarities demonstrate the "extended similarity in dialogue" required for works to be substantially similar. *Shame on You Prods.*, 120 F. Supp. 3d at 1156; *see also Olson v. NBC*, 855 F.2d 1446, 1450 (9th Cir. 1988) (finding no "extended similarity of dialogue [as] needed to support a claim of substantial similarity").

**Pace, Mood & Tone.** Plaintiff's opposition fails to include any alleged similarities in pace, mood or tone that were not alleged in the FAC.[2] The difference in pace is obvious, considering that *Stranger Things* covers several years of life in

---

[2] Plaintiff alleges that both works "start with pleasant life in rural America." This mischaracterizes Plaintiff's own work, which opens with Jackson battling a group of Blackwolf Indians and yelling at the evil spirit Azrael in front of a cave marked by a flaming totem pole in the "Valley of Death." Even after it cuts back to reality, *Totem* opens with "Jackson spastically seizure[ing]." Neither of these scenes depict "pleasant life in rural America."
    Plaintiff's allegation that "[e]ach work reflects an air of family cohesion" is wholly unexplained, and is similarly unsupported the works themselves.
    Plaintiff also alleges that the "pace of each story accelerates when the abductions take place and the distress increases when the relative protagonists are not believed." However, *Stranger Things* begins with Will's abduction. Therefore, Plaintiff's argument that the story "accelerates" after that moment is incoherent.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

8

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

Hawkins, Indiana, chronicled via dozens of episodes, while *Totem* takes place over, at most, a few weeks.

Plaintiff claims that the works share similar moods and tones, but these works are inescapably different in these areas. *Stranger Things* features a tight-knit group of teenagers and includes numerous light-hearted and comedic moments, whereas *Totem's* mood and tone is deeply impacted by its focus on Native American mythology, and *Totem* is devoid of any discernable humor.

**Setting.**  Plaintiff argues that the works' settings are substantially similar, but these stories take place in entirely different time periods and regions.  Again, Plaintiff argues similarities based on broad concepts, but the settings of "small towns," "humble houses which have large yards and are surrounded by forests," backyard tool sheds "in the midst of overgrown vegetation that can be seen from the kitchen window," large institutional buildings, and alternate dimensions (Opposition, p. 21) are all unprotectable ideas.

### 2. Dissimilarities.

Plaintiff alleges that: "[t]he Court should not consider elements that a defendant has added or changed."  Opposition, pp. 13-14.  While the extrinsic test is intended to focus on similarities between the works, in order to analyze the works' elements, it is, of course, necessary to examine both the similarities and differences of each expressive element.  As such, courts in this Circuit routinely affirm dismissals based the myriad of dissimilarities between the parties' works.  *See Funky Films*, 462 F.3d at 1081 ("At first blush, these apparent similarities in plot appear significant; however, an actual reading of the two works reveals greater, more significant differences and few real similarities at the levels of plot, characters, themes, mood, pace, dialogue, or sequence of events.").  Accordingly, the dissimilarities between *Totem* and *Stranger Things* cannot be ignored, as they are part and parcel of a thorough examination of the works' literary elements.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

9

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

### 3. Selection and Arrangement.

Plaintiff alleges that the "selection and arrangement" method should be applied to the substantial similarity analysis here. Relying on *Metcalf*, Plaintiff argues that, even if there are no similarities in <u>protectable expression</u> between the works, the Court should allow the case to proceed based on the presence of numerous common "generic" elements and sequences. Opposition, p. 23.

Courts in this Circuit, for the last two decades, have consistently applied the literary extrinsic test, and not Plaintiff's proffered "selection and arrangement" approach, when comparing literary works. This case involves literary works, and the Ninth Circuit's longstanding rule for analyzing creative elements is the correct way to compare a screenplay and television series. However, even if the Court applies the "selection and arrangement" analysis here, given the purely random similarities identified by Plaintiff, this case does not involve "the presence of so many generic similarities and common patterns," that is required in order to find substantial similarity under this approach. *Metcalf*, 294 F.3d, at 1074.

### D. *Totem's* Concept Art Is Not Similar To *Stranger Things*.

Defendants agree with Plaintiff's assertion that: "[t]he Court need only review the examples included in Exhibit 9 to the FAC" to determine for itself whether Plaintiff's concept art is legally similar to *Stranger Things*. Opposition, p. 3. Plaintiff's proffered examples speak for themselves and demonstrate the lengths to which Plaintiff will go to argue that completely dissimilar characters, images and settings "infringe" on Plaintiff's unpublished artwork.

As set forth in Defendants' side-by-side comparisons included in the Motion to Dismiss, no reasonable trier of fact could ever find that Plaintiff's art is "substantially similar" to the scenery and characters depicted in *Stranger Things*.

### III. CONCLUSION

Defendants respectfully request that the FAC be dismissed with prejudice.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

10

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

| | |
|---|---|
| Dated: January 12, 2021 | LOEB & LOEB LLP |
| | By: */s/ David Grossman* |
| | David Grossman |
| | Nathalie Russell (admitted *pro hac vice*) |
| | Attorneys for Defendants |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20151262
231804-10002

11

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS