UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRISH ROVER ENTERTAINMENT, LLC,<br><br>　　　Plaintiff,<br>v.<br>AARON SIMS *et al.*,<br>　　　Defendants. | Case No.:  CV 20-6293-CBM-PLA(x)<br><br>**ORDER RE: MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b)(6) [30]** |

The matter before the Court is Defendants Aaron Sims, Matt Duffer, Ross Duffer, Netflix, Inc., Netflix Streaming Services, Inc. and 21 Laps Inc.'s (collectively, "Defendants'") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(6) (the "Motion"), noticed for hearing on January 26, 2021.  (Dkt. No. 30.)  The matter is fully briefed.

The Court finds the matter is appropriate for decision without oral argument.  Therefore, the hearing is **VACATED** and no appearances are necessary on January 26, 2021.

### I.　　BACKGROUND

This is a copyright infringement action arising from Defendants' alleged unauthorized use of the *Totem* copyrighted screenplays written by Jeffrey Kennedy in connection with the television series *Stranger Things*.  The First Amended Complaint ("FAC") asserts five causes of action:  (1) copyright

infringement (screenplay); (2) copyright infringement (concept art and live action demo); (3) contributory copyright infringement; (4) vicarious copyright infringement; and (5) declaratory relief in the form of a judicial declaration that a) *Stranger Things* infringes on Plaintiff's rights in the copyrighted works; (b) Plaintiff is entitled to compensation based on Defendants' infringement on Plaintiff's rights in the copyrighted works; and c) Kennedy is entitled to credit as a writer of *Stranger Things*.

## II. STATEMENT OF THE LAW

### A. Fed. R. Civ. Proc. 12(b)(6)

Defendants move to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. Labels and conclusions are insufficient to meet the plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008). The court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters

properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1]

**B.    Copyright Infringement, Contributory and Vicarious Copyright Infringement, and Declaratory Relief**

To state a claim for direct copyright infringement, Plaintiff must show (1) he owns a valid copyright in the screenplays, and (2) Defendants copied protected aspects of Plaintiff's works. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). As to the second element regarding copying, Plaintiff must demonstrate "substantial similarities" between the works. *Skidmore v. Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). At the pleading stage, this Court applies the "extrinsic test" for similarity, which asks whether Defendants' work "shares objective similarities of specific expressive elements" with the allegedly infringed work. *Alfred v. Walt Disney Co.*, 821 F. App'x 727, 728 (9th Cir. 2020) (citing *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Skidmore*, 952 F.3d 1051).

As to contributory and vicarious infringement, "[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (internal citations omitted). Therefore, direct infringement is an element of Plaintiff's contributory and vicarious copyright infringement claims. *Id.; see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third

---

[1] Defendants request for judicial notice of the first, second and third seasons of *Stranger Things,* and Plaintiff's copyrighted screenplays and concept art for his screenplays, which are the basis of Plaintiff's claims, is **GRANTED**. (Dkt. No. 32.) *See* Fed. R. Evid. 201.

party."); *Contessa Food Prod. Inc. v. Lockpur Fish Processing Co.,* 123 F. App'x 747, 749–50 (9th Cir. 2005) ("The three elements required to establish contributory copyright liability are: (1) direct infringement by a primary infringer, (2) knowledge of the infringement, and (3) material contribution to the infringement.").

Moreover, Plaintiff's declaratory relief claim seeks a judicial declaration *Stranger Things* infringes on Plaintiff's rights in the copyrighted *Totem* screenplays. Thus, each of Plaintiff's claims requires that Plaintiff demonstrate "substantial similarities" between the works.

### III. DISCUSSION

Defendants move to dismiss all of Plaintiff's claims on the ground "there is no substantial similarity between Plaintiff's works and Defendants' television series, *Stranger Things*." Plaintiff argues comparison of the works "at this early stage of the proceedings" is not warranted and that additional evidence, including a more developed factual record and expert opinions, would aid in the objective literary analysis needed to determine the extent and qualitative important of the similarities" alleged in the FAC. (Opposition at 9; *see also id*. at 13 (Plaintiff contends "it is critical the court has the benefit of expert analysis of the works' extrinsic elements" when evaluating substantial similarity between the works.).)

In *Alfred v. Walt Disney Co.*, the Ninth Circuit held this court erred in finding the parties' works were not substantially similar as a matter of law under the extrinsic test in granting the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), finding "[a]dditional evidence would help inform the question of substantial similarity" and "expert testimony would aid in determining whether the similarities Plaintiffs identify are qualitatively significant." 821 F. App'x at 729. Therefore, consistent with the Ninth Circuit's opinion in *Alfred v. Walt Disney Co*., this Court finds additional evidence such as expert testimony may help inform the question of substantial similarity in this

4

1  case. *Id.*

2  Defendants also argue various elements of Plaintiff's works are
3  unprotectible. "When evaluating the . . . works, courts must generally distinguish
4  between protectible and unprotectible elements, and ask only whether the
5  protectible elements in two works are substantially similar." *Id.* at 728 (internal
6  quotations and citation omitted). However, "at this stage of the litigation, it is
7  difficult to know whether such elements are indeed unprotectible material." *Id*. at
8  729.

## IV.   CONCLUSION

Accordingly, the Court **DENIES** the Motion to Dismiss Plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

DATED:  January 21, 2021.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE