1  JEREMY J. OSHER (SBN 192109)
   josher@bollaw.com
2  SABA ZAFAR (SBN 271963)
   szafar@bollaw.com
3  BOREN, OSHER & LUFTMAN, LLP
   222 North Pacific Coast Highway, Suite 2222
4  El Segundo, CA  90245
   Telephone: 310.322.2021
5  Facsimile: 310.322.2228

6  Attorneys for Plaintiff
   IRISH ROVER ENTERTAINMENT, LLC
7

8  DAVID GROSSMAN (SBN 211326)
   dgrossman@loeb.com
9  NATHALIE RUSSELL (admitted *pro hac vice*)
   LOEB & LOEB LLP
10 10100 Santa Monica Blvd., Suite 2200
   Los Angeles, CA  90067
11 Telephone: 310.282.2000
   Facsimile: 310.282.2200
12
   Attorneys for Defendants
13 AARON SIMS, MATT DUFFER, ROSS
   DUFFER, NETFLIX, INC., NETFLIX
14 STREAMING SERVICES, INC., and
   21 LAPS INC.
15

16              UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18
   IRISH ROVER ENTERTAINMENT,          Case No.: 2:20-cv-06293-CBM-PLA
19 LLC, a California limited liability
   company,                            Assigned to Hon. Consuelo B.
20                                      Marshall
             Plaintiffs,
21                                      **JOINT CASE MANAGEMENT
        v.                              STATEMENT**
22
   AARON SIMS, an individual; MATT
23 DUFFER, an individual; ROSS
   DUFFER, an individual; NETFLIX,
24 INC., a Delaware corporation;        Date: June 1, 2021
   NETFLIX STREAMING SERVICES,          Time: 10:00 a.m.
25 INC., a Delaware corporation; 21     Courtroom: 8B
   LAPS, INC., a California corporation;
26 and DOES 1 through 50, inclusive,
                                        First Amended Complaint Filed:
27           Defendants.                October 12, 2020

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20772287231804-10002

1    Pursuant to Federal Rule of Civil Procedure 26, Local Rule 26-1, and this

2  Court's Standing Order [Docket No. 8] and Order Setting Scheduling Conference

3  [Docket No. 42], Plaintiff Irish Rover Entertainment, LLC ("Plaintiff") and

4  Defendants Aaron Sims, Matt Duffer, Ross Duffer, Netflix, Inc. Netflix Streaming

5  Services, Inc., and 21 Laps Inc. ("Defendants") (collectively, the "Parties") hereby

6  submit their Joint Rule 26(f) Report.

7    **A.    STATEMENT OF THE CASE**

8    Plaintiff commenced this action on July 15, 2020, and filed the Amended

9  Complaint on October 12, 2020.  Plaintiff's Amended Complaint alleges copyright

10  infringement, contributory copyright infringement, vicarious copyright infringement,

11  and seeks declaratory relief.

12    1.    Plaintiff's Statement:

13    Plaintiff filed this lawsuit against Defendants for copyright infringement in

14  connection with Plaintiff's screenplays and concept art (collectively, "Totem

15  Works").

16    Plaintiff will demonstrate that Defendant Aaron Sims had access to the Totem

17  Works, that he disclosed the Totem Works to the remaining Defendants, and that

18  Defendants collectively developed, produced, and released the streaming show

19  *Stranger Things* on Netflix, which infringes on the Totem Works. The characters,

20  plots, settings, dialogue, themes, moods and pace of these works are substantially

21  similar, as is much of the concept art in both works. These similarities extend well

22  beyond mere coincidence and support a finding that Defendants infringed the Totem

23  Works.

24    Both works showcase a monster, Azrael in *Totem* and the Shadow

25  Monster/Mind Flayer in *Stranger Things*, that escapes through a ruptured "veil"

26  between two dimensions and invades human reality with its monster minions

27  (Blackwolves in *Totem* and Demogorgons in *Stranger Things*). The respective

28  protagonists in both works, Jackson in *Totem* and Joyce in *Stranger Things*, embark

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20772287231804-10002

1                                    JOINT RULE 26(F) REPORT

1  on similar quests in their motives, actions, and unrelenting resolve to rescue a loved
2  one that has been abducted by the monster.  Each protagonist fights alongside his/her
3  close friend, William Nerowe in *Totem* and Jim Hopper in *Stranger Things*. Both
4  works also feature a main character, a pubescent girl, Kimi, a ten-year-old in Totem
5  Works and Eleven, a twelve- year-old in Stranger Things, who inadvertently creates
6  a rupture between the two dimensions allowing the respective monsters to enter the
7  human realm. Last, the Jackson-Nerowe duo in *Totem* and the Joyce-Hopper duo in
8  *Stranger Things* both enter a carbon-copy alternate dimension and wend their way
9  through the respective alternate dimensions and come to an ominous carbon copy of
10  the respective protagonists' homes where they rescue their respective loved ones.

11        There are also numerous similar visual and verbal elements that are integral to
12  Totem Works and appear in Stranger Things. Taken alone, each one could be
13  considered coincidental. However, because there are so many of these elements that
14  are common to both projects, when taken together, there can be no other conclusion
15  that that Defendants infringed on Plaintiff's literary work and concept art.

16        2.    Defendants' Statement:

17        Plaintiff alleges that three different seasons of the acclaimed Netflix series,
18  *Stranger Things*, collectively infringe on certain unpublished screenplays entitled
19  *Totem*.  Plaintiff also alleges that *Stranger Things* infringes on certain unpublished
20  "concept art" for *Totem*.  Plaintiff's infringement claims are entirely without merit –
21  as there is no substantial similarity of protectable elements between these works.

22        *Stranger Things* is a lighthearted and sentimental series.  It is set in a small
23  Indiana town in the mid-1980s.  The series focuses on four teenage boys and a young
24  girl, named "Eleven," who possesses telekinetic powers.  After scientists in a nearby,
25  secretive laboratory mistakenly open a portal to another dimension, the children bond
26  together to save the town from the creatures that have invaded their quiet
27  neighborhood.  Plaintiff's *Totem*, on the other hand, is the story of Jackson Chance,
28  an epileptic veteran who dies after freeing his dead wife's spirit from the grasp of a

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20772287231804-10002

giant English-speaking angel/demon named Azrael.  Jackson is able to defeat Azrael with the help of his friend, Dr. Nerowe, who is revealed to be a powerful "medicine man."  The characters, plots, settings, dialogue, themes, moods and pace of these works are entirely dissimilar.

Moreover, Plaintiff's concept art is not legally similar to *Stranger Things*, particularly because Plaintiff's artwork involves Native American imagery such as totems, dreamcatchers, magical weapons and costumes that are specific to Plaintiff's work, and that are not present in *Stranger Things*.

Plaintiff's work is objectively different from *Stranger Things* in virtually every imaginable measure and Defendants believe that Plaintiff's claim should be dismissed, as a matter of law, by the Court.

**B.    SUBJECT MATTER JURISDICTION**

Plaintiff alleges that this Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a), as this action asserts copyright claims arising under the laws of the United States.

Defendants do not challenge subject matter jurisdiction.

**C.    KEY LEGAL ISSUES**

The key legal issues to be determined in this matter are whether: (1) the creators of *Stranger Things* had access to Plaintiff's work, (2) any substantial similarity of protectable expression exists between Plaintiff's *Totem* scripts and concept art and Defendants' *Stranger Things*, and (3) the amount of damages, if any, to which Plaintiff is entitled from Defendants, or any of them.

**D.    DAMAGES**

Plaintiff has sought the following damages in the alternative: (1) Defendants' profits in amounts to be proven at trial, or (2) the maximum statutory damages in the amount of $150,000 per work infringed.  Plaintiff also will seek recovery of his attorney's fees and costs in connection with this action and such other relief as the Court may deem proper.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20772287231804-10002

3

JOINT RULE 26(F) REPORT

Defendants have not asserted any damages in this matter and dispute that Plaintiff is entitled to any damages.  However, Defendants intend to seek recovery of their attorney's fees and costs of suit in connection with this action and such other relief as the Court may deem proper.

**E.     ADDITIONAL PARTIES**

The Parties do not presently anticipate a need to add parties to this action.

**F.     MANUAL FOR COMPLEX LITIGATION**

The Parties agree that the procedures of the Manual for Complex Litigation need not be utilized in this case.

**G.     DISCOVERY**

1.     <u>Status of Case.</u>  Defendants filed a motion to dismiss the First Amended Complaint in December of 2020, and the Court denied the motion in January of 2021. Defendants filed an answer to the First Amended Complaint on or about February 4, 2021.

2.     <u>Initial disclosures</u>.  The Parties do not request any changes to the timing, form, or requirement for disclosure under Rule 26(a).  The Parties have agreed to exchange initial disclosures under Rule 26(a) on or before May 28, 2021.

3.     <u>Written Discovery</u>.  The Parties intend to serve requests for production, interrogatories and requests for admission and anticipate that responsive documents, and written discovery responses relating to liability will be completed by December, 2021.

4.     <u>Depositions</u>.  Plaintiff anticipates taking approximately 10-15 depositions, and Defendants anticipate taking 4-5 depositions.  The dates for these depositions have not yet been set, and the parties anticipate that depositions relating to liability will move forward between January, 2022 and May of 2022.

5.     <u>Subjects on which discovery may be needed</u>.  The Parties believe that discovery will be needed concerning: (1) the creation of Plaintiff's *Totem* scripts and concept art, (2) the development of Plaintiff's film project, (3) Plaintiff's

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20772287231804-10002

4

JOINT RULE 26(F) REPORT

communications concerning his film project, (4) Aaron Sims' communications with the remaining Defendants, (5) the creation of Defendants' *Stranger Things*, and (6) damages/profits.

      6.     Phased discovery.

Plaintiff does not believe that phased discovery is necessary or that Defendants would be unduly burdened by participating in liability and damages discovery simultaneously. Plaintiff further contends that there may some overlap in liability and damages discovery and that bifurcating discovery will only result in unnecessary delay in resolution of this action.

Defendants propose that liability discovery take place first, before discovery relating to damages/profits takes place. Plaintiff's claims may be resolved as a matter of law, after discovery relating to liability is complete, and Plaintiff will not be prejudiced by participating in damages discovery after the Court hears Defendants' anticipated motion for summary judgment.

      7.     Discovery limitations.

Plaintiff requests Court approval to (1) take up to fifteen depositions, and (2) to propound up to fifty interrogatories on each Defendant.

Defendants do not agree that any deviations from the discovery limits are necessary in this case, and propose that discovery can be completed within the confines of the federal rules.

      8.     Electronically stored information. The Parties do not anticipate any specific issues related to electronically stored information ("ESI"). The Parties will cooperate in good faith and will attempt to agree upon the scope and form of production of any relevant ESI. The scope of discovery or the format of the production of ESI may be further limited or modified by the Court upon a showing of good cause or undue burden and expense.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

5

JOINT RULE 26(F) REPORT

20772287231804-10002

9.     <u>Privilege and trial-preparation materials</u>.  Under Federal Rule of Civil Procedure 26(b)(5)(B), the inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege or work product doctrine immunity, provided that the producing party promptly notifies the receiving party of the inadvertent production.  Upon notification, the receiving party shall retrieve and return any such material within a reasonable time, and the receiving party's counsel shall not use such information for any purpose until further order of the Court.  Any analyses, memoranda or notes that were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.  The producing party must also preserve the information until any dispute regarding the material is resolved.

10.     <u>Any other orders relating to discovery</u>.  The Parties intend to prepare and jointly submit a Stipulation and Protective Order that will govern the disposition of confidential information produced in discovery.

## H.     EXPERT DISCOVERY

Plaintiff anticipates engaging three expert witnesses on the following issues: (1) literary similarities Plaintiff claims exists between the parties' works, (2) alleged infringement of Plaintiff's concept art, and (3) damages/profits.

Defendants anticipate engaging two expert witnesses.  One expert will address the alleged literary similarities Plaintiff claims exist between the parties' works. Defendants also intend to submit expert testimony relating to prior art, including in order to address Plaintiff's claims relating to alleged infringement of *Totem's* 'concept art.'

The Parties reserve the right to designate experts based on the evidence developed during discovery, and to rebut any proposed experts proffered by the other party.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20772287231804-10002

6

JOINT RULE 26(F) REPORT

The Parties have agreed to exchange initial expert disclosures on March 11, 2022, and to exchange rebuttal expert disclosures on April 15, 2022.

## I.   DISCOVERY CUT-OFF

Plaintiff proposes a discovery cut-off date on all issues of May 30, 2022.

Defendants propose a discovery cut-off date on liability issues of May 30, 2022, and, as set forth below, a conference with the Court thereafter to discuss damages discovery, if necessary.

## J.   DISPOSITIVE MOTIONS

Defendants anticipate filing a motion for summary judgment in accordance with the dispositive motion deadline set by this Court.

The Parties have agreed to a motion hearing cut-off date of July 19, 2022.

The Parties propose a further case management conference, if necessary, to take place on July 19, 2022 and that will address the schedule for damages discovery, if the Court agrees to phased discovery, and trial.

## K.   SETTLEMENT

The Parties elect ADR Procedure No. 3 and will participate in a private mediation.  The Parties have agreed to mediate on or before July 15, 2022.

The Parties have discussed settlement and do not believe the prospects of settlement are likely at this time.

## L.   PRE-TRIAL CONFERENCE

The Parties propose a Pre-Trial Conference date to be set at the July 19, 2022 case management conference, following the completion of liability discovery and following the hearing on Defendants' motion for summary judgment.

## M.   TRIAL

Plaintiff demanded a jury trial in its First Amended Complaint filed on October 12, 2020 [Docket No. 10].

The attorneys who will try the case on behalf of Plaintiff are Jeremy Osher and Saba Zafar, and the attorneys who will try the case on behalf of Defendants are David Grossman and Nathalie Russell.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20772287231804-10002

JOINT RULE 26(F) REPORT

1    The Parties estimate the trial will last approximately 5-7 court days.

2  **N.     MAGISTRATE JUDGE AS PRESIDING JUDGE**

3    The Parties do not consent to the Magistrate Judge as the presiding judge in this

4  matter.

5

6                                                 Respectfully submitted,

7  Dated:  May 25, 2021                BOREN, OSHER & LUFTMAN LLP

8                                                 By:    */s/ Jeremy J. Osher*
9                                                         Jeremy J. Osher
                                                          Saba Zafar
10                                                        Attorneys for Plaintiff

11

12 Dated:  May 25, 2021                LOEB & LOEB LLP

13                                                By:    */s/ David Grossman*
14                                                        David Grossman
                                                          Nathalie Russell (admitted *pro hac vice*)
15                                                        Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(F) REPORT

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20772287231804-10002

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )

                                    )      ss

COUNTY OF LOS ANGELES   )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age and am not a party to this action. My business address is 222 North Pacific Coast Highway, Suite 2222, El Segundo, CA 90245.

      On May 25, 2021, I served the document(s) as described below on interested parties in this action as follows:

**JOINT CASE MANAGEMENT STATEMENT**

| ☒ | electronically by using the Court's ECF/CM System. | |
|---|---|---|
| | DAVID GROSSMAN<br>NATHALIE RUSSELL<br>LOEB & LOEB LLP<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, CA  90067<br>dgrossman@loeb.com | *Attorneys for Defendants AARON SIMS, MATT DUFFER, ROSS DUFFER, NETFLIX, INC., NETFLIX STREAMING SERVICES, INC., and 21 LAPS INC.* |

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on May 25, 2021, at El Segundo, California.

                                        /s/ Kristina Hicks

                                        Kristina Hicks