UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 20-6293-CBM (PLAx)**                                                            Date: **September 28, 2022**

Title:   **Irish Rover Entertainment, LLC v. Aaron Sims, et al.**

PRESENT: THE HONORABLE   **PAUL L. ABRAMS**
UNITED STATES MAGISTRATE JUDGE

| **Christianna Howard** | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:                              ATTORNEYS PRESENT FOR DEFENDANT(S):
NONE                                                                                            NONE

**PROCEEDINGS: (IN CHAMBERS)   Plaintiff's Supplemental Memorandum (ECF No. 76)**

On September 15, 2022, plaintiff filed under seal a Supplemental Memorandum ("Supp. Mem.") relating to its prior Motion to Compel the production of, among other things, defendant Netflix's licensing agreements involving *Stranger Things*. As explained in more detail below, plaintiff argues that Netflix failed to comply with its discovery obligations and seeks an order requiring Netflix to produce additional licensing-related discovery. (ECF Nos. 64, 65, 76). On September 20, 2022, defendant Netflix filed under seal a Response opposing plaintiff's arguments and requests for additional discovery. (ECF No. 77).

The underlying facts are stated in the Court's August 3, 2022, Order granting in part and denying in part the Motion to Compel. Of relevance here, the Court ordered Netflix to produce a sampling of the requested *Stranger Things* licensing agreements as follows: ten licensing agreements for the "Merchandise" category from Seasons 1 through 3; three licensing agreements for the "Interactive & Video Games" category from Seasons 2 and 3; one licensing agreement for the "Experiential" category from Season 3; and one licensing agreement for the "Publishing" category from Season 3. (ECF No. 71).

Plaintiff in the Supp. Mem. asserts that on August 25, 2022, Netflix produced the sampling of licensing agreements. Netflix also provided an updated summary of its licensing revenue for Seasons 1 through 3, and Netflix's Person Most Knowledgeable regarding product licensing agreements was deposed on September 1, 2022. Plaintiff asserts that the foregoing production and deposition "have raised significant issues and concerns regarding Netflix's accounting practices and calculation of licensing revenue with respect to the 'Experiential' category." (ECF No. 76 at 2). In particular, plaintiff contends that Netflix has not complied with the August 3, 2022, Order by failing to produce a licensing agreement from Season 3 for the "Experiential" category. Instead, Netflix only produced a "consultancy agreement" (titled "Experience & Creative Consultancy Agreement") regarding a drive-through experience. Plaintiff states, however, that the consultancy agreement references a prior merchandise licensing agreement wherein Netflix granted another company the right to develop and market an immersive experience based on Seasons 1 through 3. Plaintiff asks the Court to order Netflix to produce the referenced merchandise licensing agreement as it constitutes an "Experiential" licensing agreement for purposes of the August 3, 2022, Order. (Id. at 2, 4, 8-9; ECF No. 76-1 at 6-19).

Plaintiff next complains that Netflix appears to be "misattributing licensing revenue to Season 4 based solely on when a licensing agreement is signed and/or when the revenue is generated, as opposed to the licensed content." (ECF No. 76 at 9). As an example, plaintiff explains that Netflix's revenue from the "Stranger Things: The Experience" "Experiential" event that took place in 2022 has been attributed to Season 4 even though the event includes material from Seasons 1 through 3. Plaintiff accuses Netflix of "understating licensing revenue for Seasons 1 to 3 to prevent Plaintiff from discovering the total amount of direct and indirect profits that Netflix has generated from these Seasons." (Id. at 10). Plaintiff requests the Court to order Netflix to produce the licensing agreement for the "Stranger Things: The Experience" so that plaintiff can "verify" the agreement relates only to Season 4 as Netflix suggests, and additionally provide a declaration "that addresses the details of Netflix's accounting practices with respect to the attribution of licensing revenues as between [S]easons 1 to 3 and to Season 4." (Id.).

Plaintiff further asserts that Netflix appears to be understating licensing revenue for the "Experiential" category, pointing out that an immersive drive-through experience based on Seasons 1 through 3 generated significant revenue that exceeds the amount stated on Netflix's updated summary of its licensing revenue. (ECF No. 76 at 10-11). Plaintiff asks the Court to order Netflix to provide "a breakdown of the licensing revenue by experience, which comprises the $284,096 revenue figure that appears in its updated one-page summary of licensing revenue." (Id. at 11). Plaintiff also asks the Court to order Netflix to produce "documentation regarding the licensing revenues generated by the 'Stranger Things: Drive-Into Experience' in Los Angeles and any other cities in which this immersive experience was held so that [plaintiff] (and the Court) can verify that the $284,096 figure is credible." (Id.).

The Court notes that the deadline to complete non-expert discovery was August 25, 2022. (ECF No. 60). The Court will not consider any additional discovery issues that plaintiff raises in its Supp. Mem. To the extent, however, that Netflix may have failed to comply with any aspect of the August 3, 2022, Order, and despite the improper method that any such issue may have been brought to the Court's attention, the Court will consider plaintiff's Supp. Mem.

The Court first addresses the parties' dispute as to whether the "Experience & Creative Consultancy Agreement" produced by Netflix constitutes an "Experiential" licensing agreement. Plaintiff argues this agreement is a "consulting agreement" and not a licensing agreement, and therefore this document fails to satisfy the August 3, 2022, Order. Netflix counters that this agreement is in fact an "Experiential" licensing agreement and that Netflix has complied with its discovery obligations with respect to the ordered sampling production. To resolve this dispute about the characterization of the "Experience & Creative Consultancy Agreement," **no later than October 7, 2022,** Netflix is **ordered** to provide a declaration, signed under penalty of perjury by a corporate representative, that explains why the "Experience & Creative Consultancy Agreement" constitutes an "Experiential" licensing agreement.[1]

/
/
/

---

[1] In the event Netflix determines the "Experience & Creative Consultancy Agreement" does not constitute an "Experiential" licensing agreement, **no later than October 7, 2022,** Netflix is **ordered** to provide plaintiff a licensing agreement for the "Experiential" category for Season 3 as set forth in the August 3, 2022, Order.

The Court has considered plaintiff's remaining requests, and concludes that plaintiff seeks information/documents that are outside the scope of the August 3, 2022, Order. Again, Netflix was required to produce a sampling of fifteen *Stranger Things* licensing agreements relating to Seasons 1 through 3. To the extent plaintiff is now requesting that Netflix be ordered to produce a specific licensing agreement relating to an experiential event from 2022, as well as documentation regarding licensing revenue and a declaration about how licensing revenue is attributed to certain seasons of the show, the Court **denies** plaintiff's requests, as this additional discovery exceeds the August 3, 2022, Order.

IT IS SO ORDERED.


cc:     Counsel of Record

Initials of Deputy Clerk _____ch__