DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
SAFIA GRAY HUSSAIN (SBN 251123)
sghussain@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200
*Attorneys for Defendants*
AARON SIMS, MATT DUFFER, ROSS
DUFFER, NETFLIX, INC., NETFLIX
STREAMING SERVICES, INC., and
21 LAPS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRISH ROVER ENTERTAINMENT, LLC, a California limited liability company,<br><br>   Plaintiffs,<br><br>  v.<br><br>AARON SIMS, an individual; MATT DUFFER, an individual; ROSS DUFFER, an individual; NETFLIX, INC., a Delaware corporation; NETFLIX STREAMING SERVICES, INC., a Delaware corporation; 21 LAPS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No.: 2:20-cv-06293-CBM-PLA<br><br>Assigned to Hon. Consuelo B. Marshall<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY OF PROF. JEFFREY SEDLIK; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently: Declaration of Safia Gray Hussain; [Proposed] Order]*<br><br>Date: February 14, 2023<br>Time: 10:00 a.m.<br>Courtroom: 8D<br><br>First Amended Complaint Filed: October 12, 2020<br>Trial Date: May 2, 2023 |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on February 14, 2023, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 8D of the Honorable Consuelo B. Marshall, United States District Judge, Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, defendants Aaron Sims, Matt Duffer, Ross Duffer, Netflix, Inc., Netflix Streaming Services, Inc., and 21 Laps, Inc. (collectively, "Defendants"), will and hereby do move to exclude all testimony of Prof. Jeffrey Sedlik, Plaintiff Irish Rover Entertainment, LLC's ("Plaintiff") purported expert on "practices, standards, procedures, workflows, and policies in the visual and performing arts," as well as on similarities between Plaintiff's unpublished work, *Totem*, and the aired television series, *Stranger Things*.

This motion is made on the grounds that Sedlik's testimony fails to meet the requirements of Rule 702 of the Federal Rules of Evidence.  Namely, Sedlik lacks the knowledge, training, or expertise to qualify him to opine on the foregoing topics. Sedlik also failed to apply the governing methodology in the Ninth Circuit to evaluate the similarities, if any, between two works in a copyright infringement action. Moreover, Sedlik's conclusory opinion that *Stranger Things* "reflects" scattershot elements of *Totem* is not based on sufficient facts; Sedlik's comparison is predicated upon a version of *Totem* for which there is no evidence of access by any Defendant.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof; the Declaration of Safia Gray Hussain and exhibits thereto; all records in this action; and on such further argument, evidence, and authority as may be offered at or before the time of hearing.

/ / /

/ / /

/ / /

/ / /

/ / /

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

1

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

1        This motion is made following the conference of counsel pursuant to L.R. 7-3

2   which took place on December 20, 2022.

3   Dated:  January 3, 2023                    LOEB & LOEB LLP

4

5   By: _____
        David Grossman

6       Safia Gray Hussain
        *Attorneys for Defendants*

7       AARON SIMS, MATT DUFFER, ROSS
        DUFFER, NETFLIX, INC., NETFLIX

8       STREAMING SERVICES, INC., and
        21 LAPS INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

2

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................... 1

II.     ARGUMENT ............................................................................................ 3

   A.   Legal Standard. ............................................................................... 3

   B.   Sedlik Is Not Being Proffered as an Expert on Alleged
        Similarities in Concept Art. ............................................................ 5

   C.   Sedlik Is Not Qualified To Provide Expert Testimony on the
        Proffered Subjects. ......................................................................... 6

        1.   Sedlik Is Not a Concept Art Expert. ..................................... 7

        2.   Sedlik Is Not a Literary Expert. ............................................ 8

   D.   Sedlik's Opinion Is Conclusory and Unreliable Because It Is
        Not Based on Reliable Methodology. ............................................ 10

        1.   Sedlik Did Not Apply the Extrinsic Test. ............................. 11

        2.   Sedlik Did Not Apply Any Actual Methodology. ................. 14

   E.   Sedlik's Opinion Is Not Based on Sufficient Facts (an Issue on
        Which Sedlik Has Been Excluded Before). ................................... 17

        1.   Sedlik's Admission That His Opinions Are Based on an
             Assumption Which Has No Evidentiary Support Is Fatal
             to His Opinions. .................................................................... 17

        2.   Sedlik's Regurgitation of Plaintiff's Unsubstantiated
             Allegations Is Fatal to His Report. ....................................... 19

   F.   Sedlik's Testimony Should Be Excluded Under Rule 403 ............. 21

II.     CONCLUSION ...................................................................................... 22

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

i

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Am. Booksellers Ass'n v. Barnes & Noble, Inc.*,
  135 F. Supp. 2d 1031 (N.D. Cal. 2001)........................................................ 13, 20

*Avila v. Willits Env't Remediation Tr.*,
  633 F.3d 828 (9th Cir. 2011) ................................................................... 4, 6, 8

*Berkic v. Crichton*,
  761 F.2d 1289 (9th Cir. 1985) ....................................................................... 16

*Brittney Gobble Photography, LLC v. Sinclair Broad. Grp., Inc.*,
  No. SAG-18-03403, 2021 U.S. Dist. LEXIS 222009 (D. Md. Nov.
  17, 2021) ....................................................................................................... 18

*Brooke Grp. v. Brown & Williamson Tobacco Corp.*,
  509 U.S. 209 (1993) ............................................................................... 13, 20

*Cabell v. Zorro Prods.*,
  No. 5:15-cv-00771-EJD, 2017 U.S. Dist. LEXIS 82413 (N.D. Cal.
  May 30, 2017)................................................................................................ 13

*Cagle v. Cooper Cos. (In re Silicone Gel Breasts Implants Prods. Liab.
  Litig.)*,
  318 F. Supp. 2d 879 (C.D. Cal. 2004).............................................................. 4

*Cavalier v. Random House, Inc.*,
  297 F.3d 815 (9th Cir. 2002) ......................................................................... 11

*Claar v. Burlington N.R.R.*,
  29 F.3d 499 (9th Cir. 1994) ............................................................................. 4

*Cooper v. Brown*,
  510 F.3d 870 (9th Cir. 2007) ........................................................................... 4

*Crowley v. EpiCept Corp.*,
  883 F.3d 739 (9th Cir. 2018) ......................................................................... 20

*Damon v. Sun Co., Inc.*,
  87 F.3d 1467 (1st Cir. 1996) ........................................................................... 6

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) ...............................................................*passim*

*Diviero v. Uniroyal Goodrich Tire Co.*,
114 F.3d 851 (9th Cir. 1997) ................................................... 17

*Elosu v. Middlefork Ranch Inc.*,
26 F.4th 1017 (9th Cir. 2022) ................................................... 6

*Funky Films, Inc. v. Time Warner Ent. Co., L.P.*,
462 F.3d 1072 (9th Cir. 2006) ............................................ 11, 12

*Gable v. NBC*,
727 F. Supp. 2d 815 (C.D. Cal. 2010) ............................ 4, 7, 8, 9

*GE v. Joiner*,
522 U.S. 136 (1997) ................................................................ 14

*Estate of Gonzales v. Hickman*,
Case No. ED CV 05-660 MMM, 2007 U.S. Dist. LEXIS 84050
(C.D. Cal. May 30, 2007) ........................................................ 19

*Grodzitsky v. Am. Honda Motor Co.*,
No. 2:12-cv-001142-SVW-PLA, 2017 U.S. Dist. LEXIS 222399
(C.D. Cal. Oct. 30, 2017) ........................................................ 13

*Guidroz-Brault v. Mo. Pac. R.R. Co.*,
254 F.3d 825 (9th Cir. 2001) ................................................... 17

*Hangarter v. Provident Life & Accident Ins. Co.*,
373 F.3d 998 (9th Cir. 2004) ..................................................... 8

*Intermedics, Inc. v. Ventritex, Inc.*,
139 F.R.D. 384 (N.D. Cal. 1991) ............................................. 19

*Johannsongs-Publ'g Ltd. v. Lovland*,
No. CV 18-10009-AB, 2020 U.S. Dist. LEXIS 82464 (C.D. Cal.
Apr. 3, 2020) ................................................................. 4, 11, 13

*Litchfield v. Spielberg*,
736 F.2d 1352 (9th Cir. 1984) ................................................. 15

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

iii

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

*Maldonado v. Apple, Inc.*,
  No. 3:16-cv-04067-WHO, 2021 U.S. Dist. LEXIS 92483 (N.D. Cal.
  May 14, 2021) ........................................................................................... 7

*Mata v. Or. Health Auth.*,
  739 F. App'x 370 (9th Cir. 2018) .......................................................... 19

*Navarro v. P&G*,
  No. 1:17-cv-406, 2021 U.S. Dist. LEXIS 43140 (S.D. Ohio Mar. 8,
  2021) ................................................................................................. 18, 21

*Olson v. NBC*,
  855 F.2d 1446 (9th Cir. 1988) ................................................................ 14

*Perfect 10 v. Giganews, Inc.*,
  No. CV 11-07098-AB, 2014 U.S. Dist. LEXIS 185 (C.D. Cal. Oct.
  31, 2014) ................................................................................................. 17

*Rambus Inc. v. Hynix Semiconductor, Inc.*,
  254 F.R.D. 597 (N.D. Cal. 2008) ........................................................... 14

*Rentmeester v. Nike, Inc.*,
  883 F.3d 1111 (9th Cir. 2018) ................................................................ 10

*Rhine v. Buttigieg*,
  No. 2:20-cv-01761-RAJ-BAT, 2022 U.S. Dist. LEXIS 189487
  (W.D. Wash. Sept. 15, 2002) ............................................................ 14, 19

*Russell v. Walmart Inc.*,
  No. CV 19-5495-MWF, 2020 U.S. Dist. LEXIS 252882 (C.D. Cal.
  Oct. 16, 2020) ........................................................................................... 7

*SEC v. Lipson*,
  46 F. Supp. 2d 758 (N.D. Ill. 1999) ....................................................... 21

*Shame on You Prods. v. Banks*,
  120 F. Supp. 3d 1123 (C.D. Cal. 2015) .................................................. 12

*Skidmore v. Led Zeppelin*,
  952 F.3d 1051 (9th Cir. 2020) ................................................................ 10

*Snyder v. Bank of Am., N.A.*,
  No. 15-cv-04228-KAW, 2020 U.S. Dist. LEXIS 206437 (N.D. Cal.
  Nov. 3, 2020) ........................................................................................... 13

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

*Stein v. Pac. Bell*,
    No. C 00-2915 SI, 2007 U.S. Dist. LEXIS 19193 (N.D. Cal. Mar.
    19. 2007) ................................................................................................... 19

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales*
    *Practices & Prods. Liab. Litig.*,
    No. 8:10ML 02151 JVS, 2013 U.S. Dist. LEXIS 154431 (C.D. Cal.
    Oct. 7, 2013) ............................................................................................... 5

*United States v. Brownlee*,
    744 F.3d 479 (7th Cir. 2014) ................................................................... 20

*United States v. Chang*,
    207 F.3d 1169 (9th Cir. 2000) . Case ........................................................ 8

*United States v. Nelson*,
    No. 17-cr-00533-EMC-1, 2021 U.S. Dist. LEXIS 5087 (N.D. Cal.
    Jan. 8, 2021) ............................................................................................. 20

*United States v. Ramirez-Robles*,
    386 F.3d 1234 (9th Cir. 2004) ................................................................. 22

*United States v. Redlightning*,
    624 F.3d 1090 (9th Cir. 2010) ............................................................. 4, 6

*Waymo LLC v. Uber Techs., Inc.*,
    No. C 17-00939 WHA, 2017 U.S. Dist. LEXIS 183688, 2017 WL
    5148390 (N.D. Cal. Nov. 2, 2017) ......................................................... 13

**Other Authorities**

Fed. R. Evid. 403 .......................................................................................21, 22

Fed. R. Evid. 702 ......................................................................................*passim*

Fed. R. Evid. 703 ............................................................................................ 17

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

v

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On September 22, 2022, Plaintiff Irish Rover Entertainment, LLC ("Plaintiff") submitted the Preliminary Expert Report of Prof. Jeffrey Sedlik (the "Report"), in which Sedlik purports to provide expert opinions on:

(1) "practices, standards, procedures, workflows, and policies in the visual and performing arts, both in general and with respect to business transactions, actions and other occurrences involving or related to the parties in the Matter", and

(2) similarities in the elements of "characters, plot, sequence, themes, settings, mood, and tone" between Plaintiff's *Totem* and Defendants' *Stranger Things*, "as reflected in the *Totem* concept art" and "in scenes from *Stranger Things*."   Declaration of Safia Gray Hussain ("Hussain Decl.") Ex. A (Expert Report, hereinafter referred to as "Report")) at 1, 18-20.

Sedlik is not qualified to render an opinion on either subject.

***With respect to the first category of "opinion"*** listed in the Report, Sedlik does not claim to ever have worked as – or even with – a concept artist, nor does he profess to have any relevant experience in television or film.   Further, the Report does not purport to provide any opinions regarding any "practices, standards, procedure, workflows, and policies" relating in any way to "business transactions" involved in this lawsuit.   During his deposition, Sedlik conceded that he was not offering any such opinions in this case.

***With regard to the second purported opinion*** – "similarities" in the literary extrinsic elements between the works – Sedlik should be excluded as he is not qualified as a literary expert.   Sedlik's opinion regarding purported commonalities between the works is also improper because it is not premised on any reliable expert methodology.

***First***, to the extent that Plaintiff was intending to use Sedlik, a professional photographer, to testify regarding the ***visual similarities*** between Plaintiff's concept

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

art and the visual elements of *Stranger Things*, Plaintiff is now barred from doing so. Sedlik testified that he was not offering an opinion regarding the visual similarity of Plaintiff's concept art and any particular visual in *Stranger Things*.  Hussain Decl. Ex. B, at 55:12-20, 56:8-11

***Second,*** Sedlik is not a screenwriter, author, or literary analyst; by his own admission, his credentials are as a professional photographer and in advertising.  Sedlik admits he is not qualified to provide any expert opinion regarding the literary use of "characters, plot, sequence, themes, settings, mood and tone."  As such, Sedlik is not qualified to provide an "expert opinion" on the issue of substantial similarity of the works' literary elements.  Sedlik's lack of relevant knowledge, training, or experience is laid bare by his failure to apply any generally-accepted and reliable methodology to arrive at his conclusory opinions regarding substantial similarity.  Instead of applying relevant expertise and knowledge, Sedlik operates as Plaintiff's mouthpiece, parroting Plaintiff's self-serving list of random, purported similarities that are scattered throughout the works at issue.  That is not expert opinion, and it does not satisfy the requirements of Federal Rule of Evidence 702.

***Third***, even if Sedlik were qualified to opine on the areas he discussed in his Report (and he is not), his testimony must be excluded because he does not provide a sufficiently reliable foundation for his opinions.  Sedlik simply offers a summary conclusion that, after reviewing the text of Plaintiff's unpublished *Totem* screenplay, and reviewing Plaintiff's concept art and comparing those works generally with several seasons of *Stranger Things*, he believes "that the combination of similarities between elements depicted or referenced in Plaintiff's *Totem* concept art and elements embodied in various scenes and episodes of *Stranger Things* is uncanny, and is indicative of Defendants' appropriation of Plaintiffs' selection and arrangement of elements from *Totem*."  Report at 20.

This is not a scientifically-reliable expert opinion.  Sedlik does not provide any analysis – using any established methodology – to arrive at his conclusion.  He simply

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

2

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

concludes that *Totem*'s "characters, plot sequence, themes, settings, mood and tone – as referenced in the *Totem* concept art – are also reflected, included or referenced in scenes from *Stranger Things*."  Report at 18.  Not only does Sedlik admit that he has never performed a substantial similarity analysis between visual works, but he admits that ***he is not purporting to do so in this case***.  Hussain Decl. Ex. B, at 55:12-20. Sedlik's conclusion, that certain elements of *Stranger Things* – including its dialogue – "reflect" certain literary elements from *Totem*, is not based on any established test for determining the substantial similarity of works in the Ninth Circuit.

**Finally**, Sedlik's "expert opinion" that "elements" of *Stranger Things* were "appropriated" from *Totem*, is not based on any evidence.  Sedlik improperly relies on an unpublished screenplay as the foundation for his opinion, but that screenplay was never transmitted to any of the Defendants, and therefore, the factual foundation for Sedlik's opinion is baseless, and his opinion must be excluded.  Further, Sedlik arrives at this improper legal opinion by parroting Plaintiff's claimed similarities from the First Amended Complaint ("FAC") and then echoing Plaintiff's legal conclusions. Sedlik's opinion that Defendants "appropriated" Plaintiff's work is manifestly improper and his opinion must be excluded.

Defendants request that Sedlik be excluded from testifying at trial in this matter.

## II.   ARGUMENT

### A.   Legal Standard.

Rule 702 of the Federal Rules of Evidence provides that an expert can testify only if four conditions are met: (a) the expert must have scientific, technical, or other specialized knowledge that is related to issues before the court; (b) the testimony is based on sufficient facts or data; (c) "the testimony is the product of reliable principles and methods"; and (d) "the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993) (noting that the admissibility of expert opinion

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

3

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

testimony is governed by the Federal Rules of Evidence); *Cagle v. Cooper Cos. (In re Silicone Gel Breasts Implants Prods. Liab. Litig.)*, 318 F. Supp. 2d 879, 889-93 (C.D. Cal. 2004) (using Rule 702 to test expert's qualifications, the reliability of the testimony, and the usefulness of the testimony).  The proponent of evidence (in this case, Plaintiff) bears the burden of proving that the proffered testimony satisfies each Rule 702 (and *Daubert*) requirements.  *See Cooper v. Brown*, 510 F.3d 870, 880 (9th Cir. 2007).

Under Rule 702 and *Daubert*, the court must first look to the proffered expert's qualifications.  If the proffered expert is not qualified to opine on the matters contained in his or her report, he or she is properly disqualified.  *See Gable v. NBC*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010) (expert in copyright law not qualified to opine on the substantial similarity between two literary works as he had no "experience, knowledge, training, or education in the literary field"); *e.g.*, *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 839 (9th Cir. 2011) (unqualified expert's opinions properly excluded); *United States v. Redlightning*, 624 F.3d 1090, 1115 (9th Cir. 2010) (neuropsychologist not qualified to testify regarding physical medical symptoms).

Likewise, if the proffered expert fails to show that his or her testimony is based on reliable principles or methods reliably applied to the facts of the case, his or her testimony should be excluded.  *See, e.g.*, *Johannsongs-Publ'g Ltd. v. Lovland*, No. CV 18-10009-AB (SSx), 2020 U.S. Dist. LEXIS 82464, at *13-17 (C.D. Cal. Apr. 3, 2020) (expert testimony in copyright infringement case excluded where expert's report compared only excerpts from two songs at issue and failed to put the selected excerpts in the context of the entire compositions; expert's further failure to consider prior art failed to "filter out unprotectable prior art elements, which is the foundation of the extrinsic test," rendering opinion about similarities "legally deficient and irrelevant"); *see also, e.g.*, *Claar v. Burlington N.R.R.*, 29 F.3d 499, 502 (9th Cir. 1994) (expert testimony excluded for lack of foundation where the expert failed to review a student's school records of long-term poor performance before concluding that the child's

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

4

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

below-average performance was due to chemical exposure); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*, No. 8:10ML 02151 JVS, 2013 U.S. Dist. LEXIS 154431, at *112-113 (C.D. Cal. Oct. 7, 2013) (proposed expert's general testimony regarding safety standards were excluded because they were not specific to the model or collision at issue).

Sedlik fails to satisfy each requirement of Rule 702, and his testimony at trial should be excluded in its entirety.

**B.     Sedlik Is Not Being Proffered as an Expert on Alleged Similarities in Concept Art.**

One of Plaintiff's causes of action is for copyright infringement of "Concept Art." FAC ¶¶ 182-193. Although Sedlik purports to testify as to similarities "as reflected in the *Totem* concept art" and "in scenes from *Stranger Things*," he is ***not*** actually opining on whether *Stranger Things* infringed the *Totem* Concept Art. Sedlik admitted in his deposition that he is not offering any expert opinion regarding the visual similarity of any *Totem* concept art and any particular scene from *Stranger Things*. Hussain Decl. Ex. B, at 172:11-22 (testifying that he had not "expressed any opinion any about particular image's similarity to anything in 'Stranger Things'"). Instead, Sedlik uses the Concept Art to offer an opinion on the similarities between *Stranger Things* and the *Totem* script.

In fact, the only side-by-side comparison of visual elements related to the two works, in the entirety of Sedlik's Report, appears in Illustration C-01, but this is so misleading and unreliable as to be inadmissible. As an initial matter, the *Stranger Things* Demogorgon image used in Illustration C-01 is ***not*** one of the concept designs for this monster or even a scene from the Series. It is, instead, a photo of an action figure (with visible hinged joints at the elbows, knees, and hips) made by a third-party manufacturer. The image is thus misleading, as the action figure is not an accurate representation of the Demogorgon as designed and as it appears in *Stranger Things*. Report at 17; *see also* Hussain Decl. Ex. C, at 5-6. Because Plaintiff alleges that Sims

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

5

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

designed the Demogorgon using its design for Azrael, the most accurate comparison is between the Azrael concept art and the original concept art for the Demogorgon – which Sedlik does not address at all.  Hussain Decl. Ex. C, at 6.

In any case, to the extent that Plaintiff argues Sedlik's testimony should be salvaged because, although he is not a literary expert, he could testify regarding similarities between Plaintiff's *Totem* Concept Art and *Stranger Things*, Plaintiff is wrong.  Sedlik has not engaged in any (discernable) comparison of artwork, and he has confirmed, under oath, that he is not expressing any opinions regarding the similarity of any visual artwork relating to *Totem* to any visual images in *Stranger Things*.  Sedlik is not purporting to act as expert regarding visual similarities between the works at issue, and he may not testify regarding such issues in this case.

## C.    Sedlik Is Not Qualified To Provide Expert Testimony on the Proffered Subjects.

Sedlik's testimony should be excluded in its entirety at the outset because, by his own admission, he is not qualified to opine on the matters contained in his Report. *See* Fed. R. Evid. 702.  As a matter of a law, the first question a court must answer is whether a potential expert witness is qualified to testify.  An expert witness's training, experience, or specialized knowledge must be related to the issues before the court, and if an expert does not possess relevant knowledge and experience, he or she should be disqualified.  *See, e.g.*, *Avila*, 633 F.3d at 839 (unqualified expert's opinions properly excluded); *Redlightning*, 624 F.3d at 1115 (neuropsychologist not qualified to testify regarding physical medical symptoms).  The court must serve a gatekeeper function in these scenarios and determine whether an expert has "sufficient factual grounds on which to draw conclusions." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025-26 (9th Cir. 2022) (quoting *Damon v. Sun Co., Inc.*, 87 F.3d 1467, 1475 (1st Cir. 1996)).

Here, the Court must utilize its gatekeeper function, as Sedlik's only training, experience, or specialized knowledge are his experience as a professional

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

6

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

photographer (and to a lesser extent, in advertising).  Sedlik claims to provide guidance and advice on the licensing of visual artworks, contract terms, model release terms, and "other photography-related business matters."  Report at 2 & Ex. A.  ***Sedlik admits he does not have any experience in screenplay or literary analysis, as a concept artist, or in film and television***.  Plaintiff nonetheless presents him as a literary expert and an expert on "practices, standards, procedures, workflows, and policies" concerning concept art in film and television.  *Id.*

### 1.    Sedlik Is Not a Concept Art Expert.

Sedlik's Report purports to state opinions regarding practices related to, and the purpose and importance of, concept art in film.  Report at 12-13.  However, Sedlik has no experience, training, or education as a concept artist.  Indeed, he does not even claim to have worked with concept artists in any capacity.  Hussain Decl. Ex. B, at 43:22-44:5.  He does not claim to have supervised any concept artists, he does not claim to have worked with concepts artists on film projects, and he is certainly not a concept artist himself.  *Id.* at 43:22-44:5.  Sedlik's Report fails to identify any experience, training, or education that would qualify him to testify on the practices of concept artists or the use and utility of concept art in film and television.  *See Gable*, 727 F. Supp. 2d at 833-34; *see also Russell v. Walmart Inc.*, No. CV 19-5495-MWF (JCx), 2020 U.S. Dist. LEXIS 252882, at *11 (C.D. Cal. Oct. 16, 2020) (a "legal expert of copyright and intellectual property" was not "an expert in the [] fields at issue…like lamp design, sculptural art, marine biology, or jellyfish anatomy").

Sedlik is not qualified to testify regarding any aspect of a concept artist's practices, and his testimony regarding the "purpose and importance" of concept art in film and television (Report at 12-13) should be excluded and disregarded.  Hussain Decl. Ex. B, at 43:22-44:5 (admitting he has never been a concept artist for a film or television show and has no credits as a concept artist to his name).  *See Maldonado v. Apple, Inc.*, No. 3:16-cv-04067-WHO, 2021 U.S. Dist. LEXIS 92483, at *57 (N.D.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

7

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

Cal. May 14, 2021) (concluding that simply because someone is in a general field, does not mean they are an expert in a specific area of that field).

### 2. Sedlik Is Not a Literary Expert.

Sedlik's Report addresses purported similarities in the two works' "characters, plot, sequence, themes, settings, mood, and tone." Report at 1, 18. To qualify as an expert on this topic, Sedlik must identify "knowledge, skill, experience, training, or education" that would enable him to analyze and compare the literary elements of story, plot, theme, settings, characters, mood, pace and tone. Fed. R. Evid. 702; *Gable*, 727 F. Supp. 2d at 833-34 (excluding substantial similarity expert because there was no indication that he "has, in one capacity or another, watched, read, written, compared and/or analyzed literary works"); *see also United States v. Chang*, 207 F.3d 1169, 1172 (9th Cir. 2000) ("To qualify as an expert, a witness must have knowledge, skill, experience, training or education, relevant to such evidence or fact in issue."). Case law under *Daubert* is clear: years of experience in the relevant industry is necessary to establish the "minimal foundation." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (finding that twenty-five years of working as an independent consultant and an expert witness in the insurance industry satisfied the "minimal foundation"); *see also Avila*, 633 F.3d at 839 (explaining that an expert may not offer opinions on matters outside the areas of the expert's expertise).

In order to opine on purported substantial similarity in the objective elements of theme, plot, dialogue, characters, sequence of events, mood, pace, and setting between two works, Sedlik must be an expert in literary analysis. *See Gable*, 727 F. Supp. 2d at 833-34. But Sedlik is a photographer, not a screenwriter, author, or literary analyst. Hussain Decl. Ex. B, at 10:13-11:3; 12:19-21; 13:23-25. His experience touches on photography, copyright licensing, and advertising, but he has no experience or training as a screenwriter, or as a literary expert capable of comparing fictional works. *Id.* at 43:13-44:5. Sedlik has never written a television pilot, never

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

8

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

professionally drafted a film script, and never directed a fictional television series. *Id.* at 202:15-203:1.

It is not even necessary to examine Sedlik's CV, as he admitted at deposition that he was not a literary expert:

Q: Mr. Sedlik, you are not a literary expert, correct?

Mr. Osher: It's been asked and answered also.

A: I'm not.

Hussain Decl. Ex. B, at 103:13-17. Unlike Defendants' expert,[1] Sedlik has no relevant experience and is completely unqualified to opine as a literary expert.

The decision in *Gable*, 727 F. Supp. 2d at 833-34, is instructive. There, the plaintiff offered an expert to opine on the issue of substantial similarity between the plaintiff's screenplay and the defendants' television show. The court excluded the expert's testimony on the grounds that, while he was an expert in copyright law, he was not qualified to render an expert opinion on the issue of substantial similarity between two literary works: "Notably absent from [the proffered expert's] report and declarations is any indication that [he] has experience, knowledge, training, or education in the literary field . . . [T]o offer an *expert literary analysis* there must be some indication that [the proffered expert] has, in one capacity or another, watched, read, written, compared and/or analyzed literary works." *Id.* (original emphasis).

As in *Gable*, Sedlik is not qualified to testify as to any literary elements of the works at issue. His sweeping conclusion that the "selection, arrangement and combination of numerous elements in *Totem*, such as characters, plot, sequence, themes, settings, mood, and tone … are also reflected, included or referenced in scenes from *Stranger Things*" (Report at 18) is, in fact, completely at odds with the content of the works themselves. Sedlik, by his own admission, has no expertise that would

---

[1] Defendants' literary expert, Dr. Lester A. Standiford, has multiple degrees in creative writing and literature, was a screenwriting fellow and graduate at the American Film Institute, and has spent decades as a literary professor, author and scholar.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

9

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

qualify him to advise the Court regarding any purported similarity between the works' literary elements, as the entirety of his expertise and prior testimony is based on photographs and artwork.  Hussain Decl. Ex. B, at 31:11-15.  Thus, the Court should exclude the entirety of his Report and testimony as it is, on its face, based on a purported review, analysis, and comparison of the literary elements of the works at issue.

### D.    Sedlik's Opinion Is Conclusory and Unreliable Because It Is Not Based on Reliable Methodology.

Sedlik should be disqualified from testifying in this case for the additional reason that he has not provided the Court with any expert methodology used to arrive at his conclusions.

Proof of copyright infringement requires the plaintiff demonstrate that: (1) it owns a valid copyright, and (2) the defendant copied protected aspects of the work. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020).  The second element has two distinct components: "copying" and "unlawful appropriation." *Id.*  "In the absence of direct evidence of copying, ... the plaintiff 'can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying.'" *Id.* (quoting *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018)).  The "hallmark" of "unlawful appropriation" is that the two works share substantial similarities involving protected elements of the plaintiff's work.  *Id.*  Determining substantial similarity involves a two-part analysis consisting of the extrinsic test and the intrinsic test; the plaintiff must satisfy both for the works to be deemed substantially similar.  *Id.*

The Ninth Circuit's governing extrinsic test is an objective analysis that:

> focuses on 'articulable similarities between the plot, themes, dialogue, mood,  setting, pace, characters, and sequence of events' in the two works.  In applying the extrinsic test, this court 'compares, not the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between the major characters.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

10

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

*Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1081 (9th Cir. 2006). "Familiar stock scenes and themes that are staples of literature are not protected." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002).  In addition, "[s]cenes-à-faire, or situations and incidents that flow necessarily or naturally from a basic plot premise, cannot sustain a finding of infringement." *Id.*  "Therefore, when applying the extrinsic test, a court must filter out and disregard the non-protectable elements in making its substantial similarity determination." *Id.* at 822-23.

### 1.    <u>Sedlik Did Not Apply the Extrinsic Test</u>.

Sedlik's opinion that *Totem* and *Stranger Things* are similar is not derived from application of the Ninth Circuit's governing extrinsic test, but is impermissibly predicated on claimed similarities in random elements throughout the two works. Sedlik aggregates disparate random elements, ignores the context in which those elements appear in the works, and combines both literary and visual elements, from multiples seasons of *Stranger Things*, in order to conclude that: "the combination of similarities between elements depicted or referenced in Plaintiff's *Totem* concept art and elements embodied in various scenes and episodes of *Stranger Things* is uncanny, and is indicative of Defendants' appropriation of Plaintiffs' selection and arrangement of elements from *Totem*."  Report at 20.  This precise approach, which is not a methodology at all, has been repeatedly rejected by this Circuit.  *Johannsongs-Publ'g Ltd.,* 2020 U.S. Dist. LEXIS 82464, at *18 (C.D. Cal. Apr. 3, 2020) (explaining that a failure to apply the extrinsic test renders an expert report inadmissible).

Not only did Sedlik not apply the extrinsic test, but his opinion is directly contrary to the extrinsic test.  Sedlik's opinion is wholly predicated on claimed similarities between random elements scattered throughout the works, with no indication as to why those random elements were selected.  Hussain Decl. Ex. B, at 56:8-11 (admitting he was not retained to give any evidence regarding substantial similarity).  When asked in deposition about what expert methodology he utilized in this case, Sedlik admitted he did not use any, but instead claimed that he brought his

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

"personal experience, and [] education … to bear in arriving at [his] opinion." *Id.* at 72:21-73:10.

Sedlik's haphazard list of comparisons jumps from, for example, a plot device in Season 1 of *Stranger Things* ("the abduction of Will from a shed") to a purported character trait in Season 2 of the Series ("the seizure-like contortions of Will"), without rhyme or reason. Report at 18-20. Compounding this fatal flaw, even as to these cherry-picked elements, Sedlik relies on generalities, mischaracterizations of the work, and generic ideas and plot devices commonly found in story-telling that are scattered throughout the works. This is impermissible under the extrinsic test. For example, Sedlik opines that both works have settings of small towns, houses with yards and a shed, and an industrial area on the outskirts of town – without any further dissection or analysis. Report at 19. These are generic settings commonly used in films (e.g., *Back to the Future* (1985, 1989, 1990) and *E.T.* (1982)), and are not protectable. *See Shame on You Prods. v. Banks*, 120 F. Supp. 3d 1123, 1156 (C.D. Cal. 2015) ("[T]he use of city streets is generic and flows from the unprotectable concept of setting in a work in a city.").

As another example, Sedlik opines that the works are similar because both feature an alternate dimension in which monsters reside and the monsters find their way into the real dimension. Report at 18, 19. Again, Sedlik fails to describe or analyze the works' respective alternate dimensions, the beings that reside there, or the manner in which those beings find their way into the real world, something the extrinsic test requires. These abstract, generalized descriptions are nothing more than unprotectable ideas. *See, e.g.*, *Funky Films, Inc.*, 462 F.3d at 1081 (holding that the works were not substantially similar despite the fact that both were based on the death of a patriarch who leaves the family's two sons to run the family funeral home and both involved the return of one son to his hometown to help the business, another son changing his religion to aid the business, and a competitor bidding on the business, because these were conceptual similarities and "general plot ideas are not protected by

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

12

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

copyright law, they remain forever the common property of artistic mankind"). Moreover, alternate dimensions and beings from those dimensions traveling into reality are common elements in stories of the supernatural (e.g., *Poltergeist* (1982)), which prior works Sedlik does not address.

Sedlik's "comparisons" are further misleading and unreliable because Sedlik's selected images deliberately obscure or omit features of the monsters that highlight their differences. *See Am. Booksellers Ass'n v. Barnes & Noble, Inc.*, 135 F. Supp. 2d 1031, 1041 (N.D. Cal. 2001) ("'[W]hen an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury verdict.'") (quoting *Brooke Grp. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993)).  Sedlik's Report appears to have ignored descriptions indicating Azrael has multiple sets of wings, consistent with its representation in *Totem* as a fallen angel or demon, which the Demogorgon does not possess, something he admits in deposition. Hussain Decl. Ex. B, at 119:12-122:6; FAC Ex. 7, at p. 111.

Sedlik's admitted failure to employ the proper methodology is sufficient grounds to exclude his testimony.  *See Johannsongs-Publ'g Ltd.*, 2020 U.S. Dist. LEXIS 82464, at *18 (failing to employ the extrinsic test in a copyright case is grounds for rendering an expert report inadmissible); *see also Cabell v. Zorro Prods.*, No. 5:15-cv-00771-EJD, 2017 U.S. Dist. LEXIS 82413, at *22 (N.D. Cal. May 30, 2017) (explaining failure to satisfy the extrinsic test in a copyright case is grounds for loss on summary judgment); *Snyder v. Bank of Am., N.A.*, No. 15-cv-04228-KAW, 2020 U.S. Dist. LEXIS 206437, at *20 (N.D. Cal. Nov. 3, 2020) (excluding expert report based on unreliable methodology); *Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2017 U.S. Dist. LEXIS 183688, 2017 WL 5148390, at *2 (N.D. Cal. Nov. 2, 2017) (excluding expert testimony because "[o]ther than grade-school arithmetic … [the expert] did not apply any coherent principle, methodology…"); *Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-cv-001142-SVW-PLA, 2017 U.S. Dist. LEXIS 222399,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

at *14 (C.D. Cal. Oct. 30, 2017) (failure by an expert to demonstrate that he arrived at his conclusion via sound methodology is fatal to his testimony); *Rambus Inc. v. Hynix Semiconductor, Inc.*, 254 F.R.D. 597, 606 (N.D. Cal. 2008) (excluding expert report that did not "apply a reliable methodology to reach a helpful conclusion").  Sedlik did not apply the extrinsic test in order to arrive at his (improper) conclusion that the "combination" of similar elements "depicted or referenced" in *Totem* and *Stranger Things* "is uncanny, and is indicative of Defendants' appropriation[.]"  Report at 20. Instead, Sedlik's opinion is based on random and out-of-context "elements" in the two work.  This purported opinion is manifestly improper and must be excluded.

## 2.   <u>Sedlik Did Not Apply Any Actual Methodology</u>.

Sedlik's opinion falls short of the requirements of Federal Rule of Evidence 702 for the additional reason that – not only did he not apply the governing extrinsic test – he did not identify ***any*** methodology that led him to conclude that protectable elements of the two works are similar.  Without any understanding of the methodology (if any) Sedlik employed based on his purported "knowledge and expertise," there is nothing to ensure that his opinion is a reliable interpretation of the facts, as opposed to his mere subjective speculation.  As the Supreme Court has held, "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."  *GE v. Joiner*, 522 U.S. 136, 137 (1997); *see also Rhine v. Buttigieg*, No. 2:20-cv-01761-RAJ-BAT, 2022 U.S. Dist. LEXIS 189487, at *10 (W.D. Wash. Sept. 15, 2002) ("A 'subjective, conclusory approach cannot reasonably be assessed for reliability and is plainly insufficient under *Daubert*.'" (citation omitted)).

Sedlik has provided no explanation for why he chose to make certain comparisons, what standards (if any) he utilized, or how he analyzed the information provided to him.   Courts routinely disregard cobbled-together lists of claimed similarities, as they are inherently subjective and subject to manipulation.  *See Olson v. NBC*, 855 F.2d 1446, 1450 (9th Cir. 1988); *Litchfield v. Spielberg*, 736 F.2d 1352,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

14

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

1356 (9th Cir. 1984) ("such lists of similarities … are inherently subjective and unreliable" and at times a plaintiff's list "emphasizes random similarities scattered throughout the works").  Random elements, cherry-picked from the works, and disassociated from the extrinsic analysis, are of no assistance in creating a valid methodology to carry out the requisite legal analysis.

Although Sedlik opines that "similarities between elements depicted or referenced in Plaintiff's *Totem* concept art and elements embodied in various scenes and episodes of *Stranger Things* is uncanny," Sedlik's list of purported similarities does not even identify the *Totem* concept art that he relies on to form his purported opinion.  In fact, Sedlik's Report is essentially a list of "random similarities scattered throughout the works."  Report at 18-20.  For example, although Sedlik claims that, among others, "forested hills surrounding the town in *Totem*," the "abduction of Autumn from a shed in *Totem*," the "industrial setting on the outskirts of town in *Totem*," "seizures experienced by Jackson in *Totem*," the "use of a heat treatment to heal Nerowe in *Totem*," the "monster's control over Jackson in *Totem*," and the "appearance of butterflies in *Totem* as evidence of supernatural powers" are "reflected in the *Totem* concept art," he fails to include any of the *Totem* concept art he claims depicts or reflects those elements.  Nor does Sedlik offer citations to the record where the specific concept art he purports to reference may be found.  *Id.*[2]

And despite claiming to have compared unidentified *Totem* concept art with scenes from *Stranger Things*, Sedlik's report does not contain a ***single image*** of an aired scene from the Series.  In fact, Sedlik admitted in his deposition that he is not offering any expert opinion regarding the visual similarity of any *Totem* concept art and any particular scene from *Stranger Things*.  Hussain Decl. Ex. B, at 172:11-22

---

[2] Even as to the four "excerpts" of *Totem* concept art included in Illustration B-01, *id.* at 15 – one of which is an iteration of *Totem*'s Azrael that bears little resemblance to the final design (*compare* Illustration B-01, *with* Illustration C-01 (*id.* at 17)) – Sedlik fails to tie them in any way to his conclusory list.  He also does not identify any scenes or episodes in *Stranger Things* that are purportedly similar to these images.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

(testifying that he had not "expressed any opinion any about particular image's similarity to anything in 'Stranger Things'").

This failure is compounded by Sedlik's generic descriptions of supposed scenes and episodes in *Stranger Things* that are, he concludes, "uncann[ily]" similar to elements in *Totem*'s concept art.  Report at 20.  In relying on generic descriptions instead of providing a valid methodology, Sedlik essentially disqualifies himself.  For example, Sedlik only obtusely refers to the "nature of the activity in the laboratory in *Stranger Things*."  *Id.* at 19.  He does not describe what the activity is or who or what is involved in that activity, and he does not identify in what scene or episode the activity takes place.  Similarly, Sedlik offers no elucidation as to the "use of electricity to indicate a presence in *Stranger Things*."  *Id.* at 18-20.  What use?  What electrical source?  What presence?  Sedlik's conclusions are so vague as to render it impossible to ascertain what scenes or episodes of *Stranger Things* are supposedly the subject of his opinion (and what methodology was used).

Sedlik fared no better in deposition when he admitted that, in connection with his claim regarding a purported similarity regarding a plotline in Season Two of *Stranger Things*, he only considered "the action depicted."  *Id.* Ex. B, at 100:9-101:8.  Sedlik goes on to say that "we have a character going to the aid of another character by touching their shoulder, or by human contact, close human contact, to attempt to bring them back into reality.  And that also occurred in 'Stranger Things.'"  *Id.*  Sedlik's trite comparison could apply to hundreds of other television shows.  *See Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985) (explaining that general similarities in plotline are not protectable and "remain forever the common property of artistic mankind.").  His characterization of similarities in certain scenes boils down to: "multiple figures, walking through a night environment, in a fog, that's backlit."  Hussain Decl. Ex. B, at 206:17-22.

Sedlik has not opined that any particular image was appropriated by Defendants (*id.* at 172:24-173:14; 180:19-23) and it is unclear what methodology, if any, caused

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

16

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

him to conclude that elements of *Totem* are "reflected" in *Stranger Things*.   Because Sedlik's opinions are not based on any articulated (or recognized) methodology whatsoever, his testimony must be excluded.

**E.      Sedlik's Opinion Is Not Based on Sufficient Facts (an Issue on Which Sedlik Has Been Excluded Before).**

Sedlik's "expert" opinions must be excluded as the premise for his opinions are based on factual inaccuracies.

**1.      <u>Sedlik's Admission That His Opinions Are Based on an Assumption Which Has No Evidentiary Support Is Fatal to His Opinions</u>.**

Sedlik admitted that he "based the majority of his opinions on the 2013 version" of the *Totem* screenplay.  Hussain Decl. Ex. B, at 54:24-55:1.  This 2013 version has no relevance to this case.  There is no evidence that any of the Defendants accessed the 2013 version of the *Totem* screenplay, and Sedlik's opinion is therefore subject to exclusion to the extent it relies on that work – which it does because it expressly relies on numerous elements of character, plot, and dialogue from that work.

While an expert may rely on facts in the record, Fed. R. Evid. 703, it may not be based on assumptions of fact without evidentiary support.  *See Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001).  Moreover, the expert must add something in the nature of expertise to those facts.  *See* Fed. R. Evid. 702; *Perfect 10 v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2014 U.S. Dist. LEXIS 185, at *7 (C.D. Cal. Oct. 31, 2014) ("'Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.'" (quoting *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997))).

At least one court, *Navarro v. P&G*, No. 1:17-cv-406, 2021 U.S. Dist. LEXIS 43140 (S.D. Ohio Mar. 8, 2021), recently excluded Sedlik's testimony as unreliable on these very grounds in an action for copyright infringement involving the alleged

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

17

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

continued use of the plaintiff's photographs after the expiration of the applicable licenses. First, the court excluded part of Sedlik's opinion concerning the plaintiff's actual damages, finding that his method of calculation did not "carr[y] any validity with other experts on actual copyright damages[.]" *Id.* at *24-35. Second, the court excluded Sedlik's opinion about the plaintiff's fraud damages as unreliable, because "Sedlik's opinion on fraud damages amount[ed] to little more than parroting back [plaintiff's] own estimates, coupled with his stamp of approval, with no clear basis for explaining why that stamp was warranted. That is not expert opinion." *Id.* at *27-28. Finally, the court excluded portions of Sedlik's opinions as "poorly disguised legal conclusions" and "ultimate legal issues," and as "simply repeat[ing] [plaintiff's rendition of the facts[] without adding any expert evaluation." *Id.* at *33-35. This was not the first time a court found that Sedlik had not reliably applied a methodology to the facts. *See Brittney Gobble Photography, LLC v. Sinclair Broad. Grp., Inc.*, No. SAG-18-03403, 2021 U.S. Dist. LEXIS 222009, at *17-18 (D. Md. Nov. 17, 2021). In fact, the court there concluded that Sedlik's "expert" conclusion "defies common sense." *Id.* at *17.

Plaintiff ***alleges*** that the 2013 draft of *Totem* was emailed to defendant Aaron Sims, and Plaintiff ***speculates*** that this unpublished draft was eventually shared with Matt and Ross Duffer – the creators of *Stranger Things*. There is no evidence of such a transmission. In fact, Plaintiff concedes that it has no evidence that it ever sent the 2013 *Totem* screenplay to Sims. Hussain Decl. Ex. D, at 92:11-20. Moreover, the uncontroverted evidence submitted in support of Defendants' concurrently-filed motion for summary judgment rebuts Plaintiff's speculative theory of access: Sims testified that he never provided any of the *Totem* works to the Duffers, did not use any materials from *Totem* to create the Demogorgon or any other artwork for *Stranger Things*, and did not discuss Plaintiff, Kennedy, or the *Totem* works with the Duffers (or any of the Defendants). The Duffers also testified that they did not discuss the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

18

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

*Totem* project with Sims, and had never seen or read the *Totem* screenplay before this lawsuit. *Id.* Exs. E, at 17:19-25, 146:14-17; F, at 19:2-8, 72:13-22.

The evidentiary support for the majority of Sedlik's opinions – the 2013 version of the *Totem* screenplay for which there admittedly is no evidence of access – is therefore lacking, and his reports and testimony must be excluded. *See Estate of Gonzales v. Hickman*, No. ED CV 05-660 MMM (RCx), 2007 U.S. Dist. LEXIS 84050, at *26 (C.D. Cal. May 30, 2007) (finding expert opinion inadmissible where expert cited no specific facts to support his opinion and the only available evidence contradicted it). There is no evidence to support the allegation that the 2013 draft of *Totem* was accessed by the Defendants, and Sedlik's opinion, which is based on supposedly common elements included in both the 2013 draft and *Stranger Things*, must be excluded.

## 2.   <u>Sedlik's Regurgitation of Plaintiff's Unsubstantiated Allegations Is Fatal to His Report.</u>

Sedlik's statements, mimicking Plaintiff's improper comparisons, are not "expert opinion." Sedlik simply re-packages Plaintiff's allegations in an "expert" report, and fails to apply any expertise, scientific methodology, or other dissection and analysis to the works at issue. An expert may ***not*** merely repeat one party's rendition of the facts. *See Mata v. Or. Health Auth.*, 739 F. App'x 370, 372 (9th Cir. 2018) (holding that the district court did not abuse its discretion by excluding an expert from testifying where his "report did little more than vouch for [the party's] version of events").[3]

---

[3] *See also Rhine*, 2022 U.S. Dist. LEXIS 189487, at *10 ("[A]n expert may not simply parrot or rely on a party's allegations and theories."); *Stein v. Pac. Bell*, No. C 00-2915 SI, 2007 U.S. Dist. LEXIS 19193, at *34 (N.D. Cal. Mar. 19. 2007) (excluding expert testimony where expert "reviewed various documents and then restated as his 'opinions' the findings or allegations in those materials"); *Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 395-96 (N.D. Cal. 1991) ("[I]t would be fundamentally misleading, and could do great damage to the integrity of the truth finding process, if testimony that was being presented as the independent thinking of an 'expert' in fact was the product, in whole or significant part, of the suggestions of counsel."). As Judge Posner aptly observed, "[a]n expert who parrots [another's] statement is not giving testimony; he is a ventriloquist's dummy." *United States v. Brownlee*, 744 F.3d 479, 482 (7th Cir. 2014).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

19

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

Here, not only does Sedlik adopt all Plaintiff's allegations, he even repeats Plaintiff's admitted *inaccurate* similarities in the FAC. *See Am. Booksellers Ass'n*, 135 F. Supp. 2d at 1041 ("'[W]hen an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury verdict.'") (quoting *Brooke Grp. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993)). For example, Sedlik repeats the FAC's allegation that the "abduction of Autumn from a shed in *Totem* is reflected in the abduction of Will from a shed in *Stranger Things*." *Compare* Report at 19; *with* FAC ¶¶ 78-79. However, this is a false comparison, as *Totem*'s character "Autumn" is not "abducted" at all. She is murdered, and *Totem*'s protagonist then embarks on a "vision quest" to destroy the fallen angel that killed her. Plaintiff's principal, Jeffrey Kennedy, conceded at deposition that in fact Autumn is not abducted but killed, or "sacrifice[d]," in *Totem*. Hussain Decl. Ex. D, at 72:18-73:8; *see also id.* Ex. G, at 1 (Autumn "chooses to make the ultimate sacrifice for love" and "sacrifices her life to Azrael"). Sedlik's conclusion is also contradicted by the *Totem* script itself, which states that "[t]he light leaves Autumn's eyes" after "her body [is] shredded by the blades of axes and daggers." FAC Ex. 7, at pp. 36, 37.

Sedlik even admitted that he did not come up with any alleged commonalities between the works aside from what Plaintiff had already alleged in his FAC. This is not permissible. *See United States v. Nelson*, No. 17-cr-00533-EMC-1, 2021 U.S. Dist. LEXIS 5087, at *54 n.14 (N.D. Cal. Jan. 8, 2021) (explaining that when an expert uses an out-of-court statement for the substantive truth "the expert thereby becomes little more than a backdoor conduit for an otherwise inadmissible statement"); *see also Crowley v. EpiCept Corp.*, 883 F.3d 739, 745 (9th Cir. 2018) (excluding expert testimony for "parroting" plaintiff); *SEC v. Lipson*, 46 F. Supp. 2d 758, 763-64 (N.D. Ill. 1999) (expert testimony that merely parrots the plaintiff's position without engaging in any independent analysis is inadmissible).

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

20

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

Sedlik merely regurgitates Plaintiff's self-serving allegations of scattered similarities from its pleading, without adding any expert evaluation. For example, Sedlik's conclusory statement that "[t]he dark blue tinted cave in *Totem*, leading to the alternate dimension[,] is reflected in the dark blue opening to the upside-down [sic] in *Stranger Things*[,]" parrots Plaintiff's allegation in the FAC that "[i]n *Totem*, there is a dark, blue-tinted cave that leads to…the alternate dimension…. Similarly, in *Stranger Things*, there exists a vast maze of dark, blue-tinted tunnels that are an opening to the Upside Down[.]" *Compare* Report at 18; *with* FAC ¶ 116. Similarly, Sedlik's conclusory statement that "[t]he car crash of a bully character in an industrial area in *Totem* reflects the car crash of a bully character in an industrial area in *Stranger Things*" mirrors Plaintiff's allegation in the FAC that "[i]n *Totem*,…a bully character[] crashes his car in an industrial area…. Similarly, in *Stranger Things*,…a bully character introduced in Season 2, crashes his car in an industrial area[.]" *Compare* Report at 19; *with* FAC ¶ 89.

In short, Sedlik's conclusion of "appropriation" is based on nothing more than Plaintiff's baseless allegations (including random and mischaracterized elements in both works), and he cannot use such a basis to form an expert "opinion." Sedlik's Report is simply another version of Plaintiff's outlandish claims, "coupled with his stamp of approval, with no clear basis for explaining why that stamp is warranted. That is not an expert opinion." *Navarro*, 2021 U.S. Dist. LEXIS 43140, at *27-28.

## F. Sedlik's Testimony Should Be Excluded Under Rule 403.

Sedlik's failure to apply the correct methodology in his report – indeed, his complete lack of analysis whatsoever – to arrive at his summary conclusions of similarity between random elements in the works, as well as his intrusion into the role of the fact finder, warrant the exclusion of his report and testimony under Federal Rule of Evidence 403 as well. *See United States v. Ramirez-Robles*, 386 F.3d 1234, 1246 (9th Cir. 2004) ("Rule 403 and *Daubert* address different aspects of evidence and therefore act independently."). Rule 403 empowers a court to exclude relevant

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

21

evidence when its probative value is substantially outweighed by, among other things, unfair prejudice, confusing the issues, and/or misleading the jury. *See* Fed. R. Evid. 403. Even if the defects in Sedlik's analysis and opinions discussed above could be deemed as going to weight rather than admissibility, any probative value is minimal and substantially outweighed by the risk of unfairly prejudicing Defendants and confusing and misleading the jury.

## II.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that Sedlik's testimony be excluded from trial.

Dated:    January 3, 2023                    LOEB & LOEB LLP

By: _____
David Grossman
*Attorneys for Defendants*
AARON SIMS, MATT DUFFER, ROSS
DUFFER, NETFLIX, INC., NETFLIX
STREAMING SERVICES, INC., and
21 LAPS INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23311701
231804-10002

22

DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK