DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
SAFIA GRAY HUSSAIN (SBN 251123)
sghussain@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

*Attorneys for Defendants*
AARON SIMS, MATT DUFFER, ROSS DUFFER, NETFLIX, INC., NETFLIX STREAMING SERVICES, INC., and 21 LAPS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRISH ROVER ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>AARON SIMS, an individual; MATT DUFFER, an individual; ROSS DUFFER, an individual; NETFLIX, INC., a Delaware corporation; NETFLIX STREAMING SERVICES, INC., a Delaware corporation; 21 LAPS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-06293-CBM-PLA<br><br>Assigned to Hon. Consuelo B. Marshall<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF PROF. JEFFREY SEDLIK**<br><br>[*Filed concurrently with: Objections to Declaration of Jeffrey Sedlik in Support of Plaintiff's Opposition to Motion to Exclude Expert Testimony of Prof. Jeffrey Sedlik*]<br><br>Date: February 14, 2023<br>Time: 10:00 a.m.<br>Courtroom: 8D<br><br>First Amended Complaint Filed: October 12, 2020<br>Trial Date: May 2, 2023 |

23472838
231804-10002

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

# **TABLE OF CONTENTS**

| | Page |
|---|---:|
| I. INTRODUCTION | 1 |
| II. DISCUSSION | 2 |
|     A. Sedlik Is Not a Qualified Expert For Purposes Of This Action. | 2 |
|         1. Sedlik Lacks Any Expertise Relating to Concept Art | 3 |
|         2. Plaintiff Admits Sedlik is Not a Literary Expert or Writer, Yet Seek to Offer His Testimony in that Area | 5 |
|     B. Sedlik's Opinions Are Not Reliable. | 6 |
|         1. Sedlik's Failure to Apply the Extrinsic Test is Dispositive | 6 |
|         2. Sedlik is Not A "Selection and Arrangement" Expert | 7 |
|         3. Sedlik Did Not Apply Any Actual Methodology, Including the So-Called Selection and Arrangement Approach, in Reaching his "Opinions" | 7 |
|     C. Sedlik's Entire Opinion is Based on Inadmissible Evidence | 9 |
| III. CONCLUSION | 10 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23472838
231804-10002

i

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carlini v. Paramount Pictures Corp.*,
   No. 2:19-cv-08306-SB-RAP, 2021 U.S. Dist. LEXIS 46481 (C.D. Cal. Feb. 2, 2021) ................................................................................................. 8

*Damon v. Sun Co.*,
   87 F.3d 1467 (1st Cir. 1996) ................................................................................. 3

*DuMond v. Reilly*,
   No. CV 19-8922-GW-AGRx, 2021 U.S. Dist. LEXIS 37241 (C.D. Cal. Jan. 14, 2021) .............................................................................................. 7, 9

*Elosu v. Middlefork Ranch Inc.*,
   26 F.4th 1017 (9th Cir. 2022) ............................................................................ 3, 9

*Hangarter v. Provident Life & Accident Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) ................................................................................ 4

*Johannsongs-Publ'g Ltd. v. Lovland*,
   2020 U.S. Dist. LEXIS 82464 (C.D. Cal. Apr. 3, 2020) ....................................... 6

*Litchfield v. Spielberg*,
   736 F.2d 1352 (9th Cir. 1984) .............................................................................. 9

*Maldonado v. Apple*,
   Inc., No. 3:16-cv-04067-WHO, 2021 U.S. Dist. LEXIS 92483 (N.D. Cal. May 14, 2021) .............................................................................................. 4

*Metcalf v. Bochco*,
   294 F.3d 1069 (9th Cir. 2002) .............................................................................. 7

*Satava v. Lowry*,
   323 F.3d 805 (9th Cir. 2003) ................................................................................ 8

*Sedlik v. Katherine Von Drachenberg*,
   No. CV 21-1102 DSF, 2022 U.S. Dist. LEXIS 129018 (C.D. Cal. May 31, 2022) ....................................................................................................... 7

   Page(s)*Skidmore v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) .............................................................................. 9

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23472838
231804-10002

ii

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

## I.   INTRODUCTION

Plaintiff's purported visual similarity expert, Jeffrey Sedlik, is not qualified to testify as an expert on any issue in this case. Further, Sedlik's opinions fail to adhere to any approved methodology, and his conclusions are based on inadmissible evidence. Plaintiff's Opposition provides no valid excuse for these failings and Sedlik's testimony and Report should be excluded.

First, while Sedlik is proffered as a "visual expression expert" who purports to compare similarities of ideas "regardless of the medium of expression," his background is devoid of any expertise relating to either concept art or literary analysis. Experts must possess expertise and experience in the fields they seek to testify on, and Sedlik has **admitted under oath that he has no expertise in these areas**. While Defendants do not dispute that Sedlik may be an expert in photography, he has no experience with either concept art or literary works that would qualify him as an expert in this action.

Second, **Sedlik has admitted that he did not apply the Ninth Circuit's mandated substantial similarity analysis**. Plaintiff's Opposition fails to provide any response to this disqualifying fact. Sedlik, admittedly, is not providing any opinion regarding the "substantial similarity" of visual elements of the works. He testified that he was not providing any opinions regarding the supposed similarity of any concept art from *Totem* as compared to any visual elements in *Stranger Things*. Further, Sedlik includes literary references from the works in order to arrive at his opinion that the works supposedly "reference" each other, but he does not purport to apply the extrinsic test for literary works. Sedlik has, undeniably, failed to provide a substantial similarity analysis under the extrinsic test, and he must be excluded.

Third, Plaintiff's Opposition refers to the "selection and arrangement" test, but there is no such thing as a selection and arrangement "expert" and, even if such an area of expertise existed (it does not), Sedlik has failed to utilize any analysis or expertise that would be relevant to that legal theory. Selection and arrangement is a

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23472838
231804-10002

1

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

1  **legal argument** that is rarely, if ever, utilized in this Circuit, and which addresses
2  whether or not an "original" combination of unprotecable elements has been copied,
3  in sequence, by a defendant. Sedlik's opinion is irrelevant to this theory because his
4  Report does not address the supposed "originality" **of any element in Plaintiff's**
5  **work**. Further, Sedlik's opinion does not address what "original combination" of
6  elements exists in Plaintiff's work and was supposedly copied to create *Stranger*
7  *Things* (and any such claim would be preposterous). Sedlik's Report summarily
8  concludes that certain literary **and** visual elements from *Totem* are, in some
9  unspecified manner, "referenced" in *Stranger Things*. No expert has ever been
10 qualified in this Circuit to render such an opinion. Sedlik's purported testimony is of
11 no use to the trier of fact and it must be excluded.
12     Finally, Sedlik admits that his expert opinion is based on a document that was
13 not sent to any of the Defendants – the 2013 *Totem* script. Sedlik's opinion is based
14 on his comparison of the 2013 *Totem* script and *Stranger Things*. However, **Plaintiff**
15 **did not send this 2013 *Totem* script to any of the Defendants**. Expert opinions
16 cannot be based on speculation and conjecture, and there is no evidentiary basis for
17 the claim that any of the defendants had access to the 2013 *Totem* script that is the
18 subject of Sedlik's Report.
19     Sedlik should not be permitted to testify and his report should be stricken.
20 **II.   DISCUSSION**
21     **A.   Sedlik Is Not a Qualified Expert For Purposes Of This Action.**
22     The Opposition refers to Sedlik as a "visual expression expert", and a
23 "preeminent expert in the review, critique, and comparative analysis of similarities in
24 the expression of ideas in works in which that expression incorporates visual
25 storytelling, regardless of the medium of expression…" Opp. at 1-2. This claim, on
26 its face, is obviously incorrect. First, Sedlik admitted that he has **never** testified as a
27 similarity expert in a copyright infringement case and has therefore, **never** compared
28 any works regarding their supposed similarity. Second, no expert is qualified to

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23472838
231804-10002

2

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

compare works "regardless of the medium of expression."  Sedlik himself is an example of this unavoidable fact.  He is not an expert at comparing a script to a television show, nor is he a literary expert in any form.  He is also not an expert in "visual art" other than photography.  Plaintiff's claim that Sedlik, in spite of his glaring lack of qualifications, can be qualified as an omnibus expert in any "medium of expression" is specious, and further illustrates that Sedlik is not qualified to testify **<u>regarding the specific creative works at issue in this case</u>**.  Based on this alleged expertise, Plaintiff claims that Sedlik "properly assessed and opined on similarities between the selection, arrangement, and combination of numerous elements in *Totem*, where they are also reflected…[in] *Stranger Things.  Id*.

Sedlik is a professional photographer, but he does not have expertise in concept art or literary works, rendering him incapable of expressing an "expert" opinion in this action.  In circumstances such as this one, it is essential for the Court to perform its gatekeeper function and assess whether an expert has a sufficient foundation on which to draw conclusions.  *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025-26 (9th Cir. 2022) (quoting *Damon v. Sun Co.,* 87 F.3d 1467, 1475 (1st Cir. 1996)).

### 1. Sedlik Lacks Any Expertise Relating to Concept Art

The Opposition fails to address this critical issue – at all – because there is no response to the Motion on this point.  **<u>Sedlik has no expertise relating to concept art</u>**, and his opinions relating to the supposed similarity of *Totem's* concept art are therefore improper.  Sedlik is a professional photographer, and he claims to have experience in the forensic analysis of photographs, and to have participated in trade associations that address licensing issues relating to photography.  *See* Opp. at 9.  None of that experience is relevant to this case.  Sedlik's sworn testimony makes clear that he is not qualified to render an opinion regarding the visual similarity of concept art to Defendants' Series:

> Q. You've never been paid to act as a concept artist for a motion picture, right?
> A. That's correct.

Loeb & Loeb
A Limited Liability Partnership Including Professional Corporations

23472838
231804-10002

3

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

> Q. And you've never been paid to act as a concept artist for a television series, right?
> A. Correct.
> Q. And you don't have any credits as a concept artist, right?
> A. Correct.

(Dkt. 90-3 ("Sedlik Depo.") at 43:22-44:5)).

In spite of his glaring lack of expertise, Plaintiff still seeks to offer Sedlik's opinion that certain concept art relating to one work is "referenced" in another work. Plaintiff argues that Sedlik's lack of any expertise in concept art should be ignored because he has **other** expertise relating to the storytelling process (he does not). Opp. at 12. Plaintiff's only citation for that indefensible position is *Maldonado v. Apple, Inc.*, No. 3:16-cv-04067-WHO, 2021 U.S. Dist. LEXIS 92483 (N.D. Cal. May 14, 2021). In that case, the court actually concluded the expert in question, while a (chemical) engineer was **not** an expert in electrical engineering, and thus could not testify. *Id*. at *57. In reaching that conclusion the court concluded that, while labels given to subfields of a specialty do not define who can testify about them, similarly "slapping [a] label" on an expert is insufficient to illustrate their qualifications. *Id*. at *54.

Plaintiff's own citation is instructive here. A chemical engineer cannot testify as an "expert" regarding matters that are more appropriate for a different kind of engineer. Here, Sedlik is not a concept artist, and he has no credits creating artwork, or supervising artwork, in connection with film or television. He is a professional photographer and he cannot proffer an "expert" opinion relating to all areas of "visual" art – just as *Maldonado* held that one type of engineer may not act as an expert in all areas of engineering. *See also Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (explaining that under *Daubert,* years of experience in the relevant industry is necessary to establish the "minimal foundation.").

Sedlik has no expertise creating concept art, supervising concept art, or working in any capacity (regarding visual art or otherwise) relating to scripted

television. Sedlik's opinion, based on no relevant experience, should be excluded.

### 2. Plaintiff Admits Sedlik is Not a Literary Expert or Writer, Yet Seek to Offer His Testimony in that Area

Sedlik is not a literary expert. Nevertheless, his Report improperly attempts to present expert conclusions regarding the literary elements contained in the parties' works. This is a straightforward issue and it is not subject to reasonable dispute. Sedlik is not qualified as a literary expert and his testimony must be excluded. Sedlik's overall expert "conclusion" is premised on reviewing and analyzing literary elements – something he is obviously not qualified to do. Specifically, Sedlik's Report concludes that, after reviewing the 2013 *Totem* script, and based on his review of that literary work, numerous elements in that script, "**such as characters, plot, sequence, themes, settings, mood, and tone…are also reflected, included or referenced in scenes from *Stranger Things*.**" Report at 18 (emphasis added).

These are literary elements (although Sedlik makes no attempt in his report to analyze those elements in accordance with this Circuit's extrinsic test), and Sedlik has no expertise in the literary realm that would permit him to offer an opinion regarding such elements. In fact, Sedlik testified under oath that he is not qualified in this area:

- He is not a screenwriting expert (Sedlik Depo. 43:13-15);
- He is not an "expert in the area of literary analysis" (*Id*. 43:16-21);
- He has no IMDB credits (*Id*. 12:19-21);
- He has never received a credit in any feature film (*Id*. 13:23-25);
- He is not an "expert in the area of television or film production" (*Id*. 43:16-21).

Plaintiff's Opposition does not cite any authority for the proposition that someone with no writing or literary experience can testify as an expert analyzing characters, plot, theme, tone, mood, pace and settings. This realm is the exclusive jurisdiction of literary experts, such as professors and writers. Mot. at 8:4-10:6.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23472838
231804-10002

5

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

Sedlik is not an expert in the area of concept art, and he is not a literary expert. His Report demonstrates that he will attempt to provide the trier of fact with opinions on both subjects and, as a matter of clear Ninth Circuit law, Sedlik should be prohibited from offering his unqualified opinions in this matter.

### B. Sedlik's Opinions Are Not Reliable.

#### 1. Sedlik's Failure to Apply the Extrinsic Test is Dispositive

Plaintiff's Opposition admits that Sedlik did not apply the substantial similarity test when he conducted his "comparison" between *Totem* and *Stranger Things*: "…given the scope of Sedlik's testimony, which is limited to the 'selection and arrangement' test..." Opp. at 13. Sedlik's admitted failure to apply the extrinsic test in a substantial similarity case is fatal, and his testimony must be excluded. *See Johannsongs-Publ'g Ltd. v. Lovland,* 2020 U.S. Dist. LEXIS 82464, at *18 (C.D. Cal. Apr. 3, 2020) (failing to apply the extrinsic test renders an expert report inadmissible).

Sedlik obviously did not, and could not, apply the requisite extrinsic test to the literary works at issue, as he has no relevant expertise. Furthermore, Sedlik also testified that he is specifically **not** providing any expert testimony regarding the substantial similarity of any of *Totem's* artwork and any visuals in *Stranger Things*. Sedlik testified that: "I haven't expressed any opinion about any particular image's **similarity** to anything in 'Stranger Things.'" Sedlik Depo. 172:20-22 (emphasis added). He also testified that he "did not compare -- do a direct comparison of one image to the other…" Sedlik Depo. 73:15-17.

Sedlik is not expressing any opinions regarding literary similarity of the works, and he has also disclaimed any opinions regarding substantial similarity of the works' visual elements. It is undisputed that Sedlik is not offering any expert testimony regarding the substantial similarity of the works' elements under the extrinsic test and his Report must be excluded.

### 2. Sedlik is Not A "Selection and Arrangement" Expert

There is no precedent for the existence of a "selection and arrangement" expert in the Ninth Circuit. In fact, the Central District recently held that: "it does not take an expert to identify differences in the composition and selection and arrangement of the unprotectible features…" *Sedlik v. Katherine Von Drachenberg*, No. CV 21-1102 DSF (MRWx), 2022 U.S. Dist. LEXIS 129018, at *18 (C.D. Cal. May 31, 2022).[1]

Plaintiff has not cited to any authority in this Circuit authorizing the existence of a "selection and arrangement" expert. The reason for this dearth of authority is obvious – selection and arrangement is not an area of expertise. It is a rarely-invoked legal doctrine, which should not be applied to this case. Plaintiff's attempt to "qualify" Sedlik as an expert in an unprecedented area of expertise should be soundly rejected, and his Report should be excluded.

### 3. Sedlik Did Not Apply Any Actual Methodology, Including the So-Called Selection and Arrangement Approach, in Reaching his "Opinions"

The Opposition argues that Sedlik should be permitted to testify because he "applied an independent, objective 'selection and arrangement' analysis combined with his extensive knowledge, training and expertise in photography, film, and television."[2] Opp. at 15.

---

[1] Further, while the "selection and arrangement" test may not have yet been expressly overturned by the Ninth Circuit, its continuing viability is dubious, at best. Plaintiff relies on *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002) in asserting that his case may be analyzed not via the governing extrinsic test but, instead, through the rarely-invoked "selection and arrangement" theory. Opp. at 7:16-8:1. However, following *Bochco*, the Ninth Circuit, and numerous courts in this District have refused to apply the so-called "selection and arrangement" theory to literary works. In one of the most recent such cases, Judge Wu reviewed the entirety of the history of *Metcalf* and the alleged "selection and arrangement" test. *DuMond v. Reilly*, No. CV 19-8922-GW-AGRx, 2021 U.S. Dist. LEXIS 37241, at *29 (C.D. Cal. Jan. 14, 2021). In conducting this review, he ultimately concluded that "Plaintiff's hope to rely on *Metcalf*, therefore, is a reach, at best" and ruled that the extrinsic test must be used in "copyright infringement [cases] involving literary works." *Id.*

[2] Sedlik has no film or television credits, and only claims to have "directed" a commercial over fifteen years ago. Sedlik Depo. 11:24-12:18.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23472838
231804-10002

7

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

Even if the Court were to assume that the selection and arrangement approach is proper in a case involving literary works (and it is not), Sedlik's Report is still inadmissible and irrelevant. The Ninth Circuit has explained that "a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003); *see also Carlini v. Paramount Pictures Corp.,* No. 2:19-cv-08306-SB-RAP, 2021 U.S. Dist. LEXIS 46481, at *35 (C.D. Cal. Feb. 2, 2021) ("The selection and arrangement of the unprotectable elements in WTF do not form an original pattern that is substantially similar to those in WMW. The overlap in patterns is neither numerous nor original, and the sequencing of the allegedly similar scenes play out differently. As discussed, the scenes depicting the gain and loss of mind-reading powers—and the sequencing of those scenes (especially the acquisition of the magical powers)—are markedly dissimilar.").

Here, Sedlik's Report does not provide any opinions regarding whether or not any of the elements from *Totem* are "original." Further, Sedlik does not have the relevant expertise in film or screenwriting to even hazard such an opinion. Without evidence regarding whether or not the elements at issue are "original," there is no basis for the application of the selection and arrangement analysis.

Further, the case law, including *Satava*, makes clear that the selection and arrangement analysis can **only** be applied if the elements claimed to have been appropriated "are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." 323 F.3d at 811. Sedlik does not provide any opinion regarding what the "original combination" of elements are from *Totem* that, taken together, are sufficient to form an "original work of authorship." Instead, Sedlik does exactly what the Ninth Circuit has prohibited for three decades – he compares out-of-context elements (including the existence of butterflies, forests and alternate dimensions) from random portions of the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23472838
231804-10002

8

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

2013 *Totem* script and from multiple seasons of *Stranger Things*. *See Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984) ("such lists of similarities…are inherently subjective and unreliable" and at times a plaintiff's list "emphasizes random similarities scattered throughout the works"). *DuMond* recently confirmed this longstanding rule, holding that the plaintiff could not succeed under the "selection and arrangement" test, because – as here – she had identified only a random list of similarities of the type cautioned against in *Litchfield*. 2021 U.S. Dist. LEXIS 37241, at *29. Moreover, as the Ninth Circuit explained in *Skidmore*:

> A plaintiff…cannot establish substantial similarity by reconstituting the copyrighted work as a combination of unprotectable elements and then claiming that those same elements also appear in the defendant's work, in a different aesthetic context. Because many works of art can be recast as compilations of individually unprotected constituent parts, Skidmore's theory of combination copyright would deem substantially similar two vastly dissimilar musical compositions, novels, and paintings for sharing some of the same notes, words, or colors.

*Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1075-76 (9th Cir. 2020).

Sedlik's Report cannot be salvaged by reference to the "selection and arrangement" theory. Even assuming the viability and applicability of that approach (both of which are disputed), Sedlik has not identified an original combination/pattern of elements that, taken together, are sufficient to create an original work of authorship. Instead, Sedlik has engaged in the improper practice of taking random, out-of-context elements and stringing them together to attempt to mislead the trier of fact. This is not the "selection and arrangement" analysis and his report must be excluded.

### C. Sedlik's Entire Opinion is Based on Inadmissible Evidence.

In the Ninth Circuit: "consistent with the court's gatekeeping function, Rule 702 instructs a district court judge to determine whether an expert had sufficient factual grounds on which to draw conclusions." *Elosu,* 26 F.4th at 1025-26 (explaining it is permissible to omit an expert who has no basis in evidence for his opinion). As with Plaintiff's expert John Rainey, Sedlik relied on the 2013 *Totem*

Loeb & Loeb
A Limited Liability Partnership Including Professional Corporations

23472838
231804-10002

9

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK

script, which was never sent to any of the defendants, and his Report, therefore, lacks sufficient foundation.

Sedlik, in his Report, and in his sworn deposition testimony, admitted that he "based the majority of [his] opinions on the 2013 version [of the *Totem* screenplay]." Sedlik Depo. 54:24-55:1. Plaintiff argues that Sedlik's opinions are not "solely" based on the 2013 screenplay. Opp. at 17. However, nowhere in Sedlik's Report did he provide a foundation for the claimed similarities he identified stemming from any version of *Totem* **other than** the 2013 script. He confirmed his reliance on the 2013 *Totem* script in his sworn testimony:

> Q. Which version of "Totem" did you read?
> A. I based the majority of my opinions on the 2013 version.
> Q. Is that the version that he's attached to the First Amended Complaint in this case?
> A. That's correct, sir. I also received other versions.
> Q. Did you read those other versions?
> A. I did. But my report primarily relies on the version attached to the Complaint.

Sedlik Depo. 54:24-55:8.

Sedlik's Report relies on Plaintiff's unsupported conjecture that the 2013 *Totem* script was sent to Sims (it was not) and in turn was provided to the Duffers (it was not). As with Plaintiff's expert Rainey, because Sedlik's Report is not based on a sufficient evidentiary foundation, it must be excluded.

## III.  CONCLUSION

Sedlik is not a qualified expert in this matter. Moreover, his failure to utilize the Ninth Circuit's required methodology for a substantial similarity expert renders his opinions improper and inadmissible. Defendants request the Court bar Sedlik's Report and testimony in this action.

Dated: January 31, 2023                    LOEB & LOEB LLP

                                           By:  /s/ David Grossman
                                                David Grossman
                                                *Attorneys for Defendants*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23472838
231804-10002

10

REPLY ISO DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY
OF PROF. JEFFREY SEDLIK