DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
SAFIA GRAY HUSSAIN (SBN 251123)
sghussain@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200
*Attorneys for Defendants*
AARON SIMS, MATT DUFFER, ROSS DUFFER, NETFLIX, INC., NETFLIX STREAMING SERVICES, INC., and 21 LAPS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRISH ROVER ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>AARON SIMS, an individual; MATT DUFFER, an individual; ROSS DUFFER, an individual; NETFLIX, INC., a Delaware corporation; NETFLIX STREAMING SERVICES, INC., a Delaware corporation; 21 LAPS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-06293-CBM-PLA<br><br>Assigned to Hon. Consuelo B. Marshall<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF PROFESSOR JEFFREY SEDLIK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF JEFFREY SEDLIK**<br><br>[*Filed concurrently with: Reply in Support of Motion to Exclude the Expert Testimony of Jeffrey Sedlik*]<br><br>Date: February 14, 2023<br>Time: 10:00 a.m.<br>Courtroom: 8D<br><br>First Amended Complaint Filed: October 12, 2020<br>Trial Date: May 2, 2023 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23515251
231804-10002

DEFENDANTS' EVIDENTIARY OBJECTIONS TO
DECLARATION OF PROF. JEFFREY SEDLIK

# EVIDENTIARY OBJECTIONS TO THE DECLARATION OF PROFESSOR JEFFREY A. SEDLIK

Defendants Aaron Sims, Matt Duffer, Ross Duffer, Netflix, Inc., Netflix Streaming Services, Inc., and 21 Laps, Inc. (collectively "Defendants") respectfully submit the following objections to the Declaration of Professor Jeffrey A. Sedlik dated January 17, 2023 ("Declaration") submitted by Plaintiff Irish Rover Entertainment, LLC ("Plaintiff") in support of Plaintiff's Opposition to Defendants' Motion to Exclude the Expert Testimony of Jeffrey Sedlik.

Sedlik's entire Declaration is irrelevant to the determination of the issues on Defendants' motion for summary judgment, because Plaintiff has admitted that expert testimony is not necessary to determine substantial similarity of the visual elements of the two works. Opp. at 25 ("[E]xpert testimony on the visual similarities would not assist the jury because it does not concern 'matters beyond the common knowledge of the average layperson[.]'" (citation omitted)).

The Federal Rules of Evidence make clear that only evidence that is relevant is admissible. Fed. R. Evid. 402; Fed. R. Evid. 403; *see U.S. v. Kosmisaruk*, 885 F.2d 490, 493-94 (9th Cir. 1989) (court excluded irrelevant evidence from jury presentation).

Further, Sedlik's entire Declaration constitutes an improper attempt to supplement his expert report. Parties are required to disclose expert reports "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Federal courts have broad discretion over discovery determinations, including whether to exclude improper expert reports. *See In re Conagra Foods, Inc.*, 302 F.R.D. 537, 554 (C.D. Cal. 2014) ("Given the wide variety of expert testimony that is offered in cases pending in federal court, a district court has broad discretion in determining the relevant factors to employ in assessing the reliability of expert testimony." (citing *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000)). The Court should exclude Sedlik's Declaration in its entirety.

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

23515251
231804-10002

1

DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF PROF. JEFFREY SEDLIK

Defendants further object to Sedlik's Declaration as follows:

| No. | Plaintiff's Evidence | Objections |
|---|---|---|
| 1. | "Relying on my knowledge, skill, experience, training, and education in photography and filmmaking – as described in detail in the Report– I carefully reviewed the numerous examples of *Totem* concept art and other *Totem* visual works (collectively, '*Totem* Works') identified in Exhibit B to the Report."<br><br>J. Sedlik Decl. ¶ 5. | Relevance (Fed. R. Evid. 402-403); Hearsay (Fed. R. Evid. 801-802); Lacks Personal Knowledge (Fed. R. Evid. 602); Improper Expert Opinion (Fed. R. Evid. 702); Lacks Foundation (Fed. R. Evid. 703); Best Evidence Rule (Fed. R. Evid. 1002).<br><br>Argumentative (Fed. R. Evid. 403). Sedlik's statements regarding his own expert report and prior sworn testimony are inadmissible hearsay, are legally irrelevant and constitute improper argument.<br><br>Further, Sedlik's testimony is false – he is not a filmmaker, he is a professional photographer. Moreover, he did not apply any recognized expert methodology to the conclusions in his report – including his primary conclusion that some "elements" from Plaintiff's work were, in some way "reflected" in *Stranger Things*. |
| 2. | "Having created, reviewed, analyzed and critiqued hundreds of thousands of visual works for professional, scientific, and academic purposes over a period of more than 35 years, I applied that skill and experience in my review of the *Totem* Works, relying on the *Totem* Works as initial vantage points from which to further observe, investigate, discover, and analyze the | Relevance (Fed. R. Evid. 402-403); Hearsay (Fed. R. Evid. 801-802); Lacks Personal Knowledge (Fed. R. Evid. 602); Improper Expert Opinion (Fed. R. Evid. 702); Lacks Foundation (Fed. R. Evid. 703); Best Evidence Rule (Fed. R. Evid. 1002). |

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

23515251
231804-10002

2

DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF PROF. JEFFREY SEDLIK

| No. | Plaintiff's Evidence | Objections |
|---|---|---|
|  | depicted *Totem* characters, settings and events within the framework of the *Totem* plot, scenes and sequences, all of which were more fully revealed and elucidated in my review of successive versions of the *Totem* scripts, which reflect the same mood, tone, pace and themes evident in (but not fully illuminated by) the *Totem* Works."<br><br>J. Sedlik Decl. ¶ 6. | Sedlik's Declaration is an improper attempt to supplement and alter his inadmissible report. *Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-cv-00751-GPC-AGS, 2019 U.S. Dist. LEXIS 50949, at *22 (S.D. Cal. Mar. 26, 2019). Even this, Paragraph 6, of his Declaration, fails to cogently identify any expert methodology for comparing works and determining substantial similarity.<br><br>Plaintiff has admitted that Sedlik is not offering any opinion regarding the substantial similarity of the Plaintiff's alleged art work and *Stranger Things*. Sedlik could not possibly offer such an opinion because there are no such similarities.<br><br>Sedlik's statement in his Declaration is further improper as he references literary elements of the extrinsic test – including theme, tone, pace, and mood – and he, admittedly is not a literary expert and is not offering any opinion on the similarities of literary elements between the works.<br><br>Argumentative (Fed. R. Evid. 403). Sedlik's Declaration (and his report) is entirely comprised of unsupported conclusions and argumentative statements. The Ninth Circuit has never permitted |

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

23515251
231804-10002

3

DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF PROF. JEFFREY SEDLIK

| No. | Plaintiff's Evidence | Objections |
|---|---|---|
|  |  | such an expert to present testimony without applying and analyzing the elements of the well-established extrinsic test. |
| 3. | "Having observed Plaintiff's selection and arrangement of combinations of expressive elements in *Totem*, I then reviewed screen captures from scenes in *Stranger Things* and further reviewed the streamed version of all episodes of seasons 1-4 of *Stranger Things*. In that review, I identified numerous similarities in the selection and arrangement of combinations of expressive elements previously observed in my review of the *Totem* works and scripts." <br><br> J. Sedlik Decl. ¶ 7. | Relevance (Fed. R. Evid. 402-403); Hearsay (Fed. R. Evid. 801-802); Lacks Personal Knowledge (Fed. R. Evid. 602); Improper Expert Opinion (Fed. R. Evid. 702); Lacks Foundation (Fed. R. Evid. 703); Best Evidence Rule (Fed. R. Evid. 1002). <br><br> Sedlik's Declaration is an improper attempt to supplement and alter his inadmissible report. *Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-cv-00751-GPC-AGS, 2019 U.S. Dist. LEXIS 50949, at *22 (S.D. Cal. Mar. 26, 2019). Even this, Paragraph 6, of his Declaration, fails to cogently identify any expert methodology for comparing works and determining substantial similarity. <br><br> Plaintiff has admitted that Sedlik is not offering any opinion regarding the substantial similarity of the Plaintiff's alleged art work and *Stranger Things*. Sedlik could not possibly offer such an opinion because there are no such similarities. <br><br> Sedlik's statement in his Declaration is further improper as he references literary elements of |

| No. | Plaintiff's Evidence | Objections |
|---|---|---|
| | | the extrinsic test – including theme, tone, pace, and mood – and he, admittedly is not a literary expert and is not offering any opinion on the similarities of literary elements between the works.<br><br>Argumentative (Fed. R. Evid. 403). Sedlik's Declaration (and his report) is entirely comprised of unsupported conclusions and argumentative statements. The Ninth Circuit has never permitted such an expert to present testimony without applying and analyzing the elements of the well-established extrinsic test. |

Dated:  January 31, 2023

LOEB & LOEB LLP

By: ___*/s/ David Grossman*___
David Grossman
*Attorneys for Defendants*
AARON SIMS, MATT DUFFER, ROSS DUFFER, NETFLIX, INC., NETFLIX STREAMING SERVICES, INC., and 21 LAPS INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23515251
231804-10002

5

DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF PROF. JEFFREY SEDLIK