DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
SAFIA GRAY HUSSAIN (SBN 251123)
sghussain@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
BLANCA FROMM YOUNG (State Bar No. 217533)
blanca.young@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRISH ROVER ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AARON SIMS, an individual; MATT DUFFER, an individual; ROSS DUFFER, an individual; NETFLIX, INC., a Delaware corporation; NETFLIX STREAMING SERVICES, INC., a Delaware corporation; 21 LAPS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-06293-CBM-PLA<br><br>Assigned to Hon. Consuelo B. Marshall<br><br>**MOTION *IN LIMINE* NO. 3**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND IMPROPER CHARACTER EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently: Declaration of Safia Gray Hussain; [Proposed] Order*]<br><br>Date: August 15, 2023<br>Time: 2:30 p.m.<br>Courtroom: 8D<br><br>First Amended Complaint Filed: October 12, 2020<br>Pre-Trial Conference: August 15, 2023<br>Trial Date: September 19, 2023 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

1

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 15, 2023, at 2:30 p.m., in Courtroom 8D of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, or as soon thereafter as this matter may be heard by the Honorable Consuelo B. Marshall, Defendants Aaron Sims, Matt Duffer, Ross Duffer, Netflix, Inc., Netflix Streaming Services, Inc., and 21 Laps, Inc. (collectively, "Defendants"), will, and hereby do, move this Court, *in limine*, for an order precluding Plaintiff Irish Rover Entertainment, LLC ("Plaintiff") from attempting to introduce improper and irrelevant character evidence that Defendants do not respect intellectual property and have committed prior acts of infringement, sharing, copying, or recycling of other people's work.

This Motion is made pursuant to Federal Rules of Evidence 402, 403, and 404.

This Motion *in Limine* No. 3 is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently-filed Declaration of Safia Gray Hussain, and exhibits thereto; all records and pleadings on file with the Court in this action; and on such further evidence and argument as may be presented at or before the time of the hearing.

This Motion is made pursuant to Judge Marshall's Standing Order (the "Standing Order") and this Court's order entered on May 2, 2023 [Dkt. 140] setting the pre-trial conference for August 15, 2023.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 10, 2023.  Declaration of Safia Gray Hussain ¶ 8.

Dated: July 18, 2023                          LOEB & LOEB LLP

By: _____
David Grossman
Attorneys for Defendants

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

2

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

# TABLE OF CONTENTS

**Page**

I. LEGAL STANDARD ................................................................................................ 1

II. ARGUMENT ............................................................................................................. 2

    A. Plaintiff Should Be Precluded From Offering Evidence or Argument of Other Alleged Acts of Copying by Aaron Sims .............. 3

        1. Sims' Sharing of Other Works with Kennedy ............................. 3

        2. Unsubstantiated Hearsay From Anonymous Former Employees of Aaron Sims Creative ............................................. 5

        3. Allegations That Sims "Recycles" Work. ................................... 6

    B. Plaintiff Should Be Precluded From Offering Evidence or Argument of Other Alleged Acts of Copying by the Duffer Brothers. ............................................................................................. 7

        1. Allegations the Duffer Brothers "Pulled" From Wikipedia and Preston Nichols' Montauk Books. ..................... 7

        2. Copying Allegations by Non-Parties. ......................................... 9

III. CONCLUSION ....................................................................................................... 10

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

i

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alarm Grid, Inc. v. Alarm Club*,
  No. 17-80305-CIV-MARRA, 2018 U.S. Dist. LEXIS 235605 (S.D. Fla. Apr. 27, 2018) ............................................................................................. 4

*Beastie Boys v. Monster Energy Co.*,
  983 F. Supp. 2d 354 (S.D.N.Y. 2014) ................................................................. 5

*Brighton Collectibles, LLC v. Publishers Clearing House*,
  No. CV 17-02327-TJH, 2017 U.S. Dist. LEXIS 218976 (C.D. Cal. Nov. 28, 2017) ...................................................................................................... 4

*Cohn v. Papke*,
  655 F.2d 191 (9th Cir. 1981) ................................................................................ 2

*Little Mole Music v. Bengimina*,
  720 F. Supp. 751 (W.D. Mo. 1989) ..................................................................... 4

*U.S. v. Curtin*,
  489 F.3d 935 (9th Cir. 2007) ........................................................................... 1, 2

*United States v. Merriweather*,
  78 F.3d 1070 (6th Cir. 1996) ................................................................................ 2

*Wilden Pump & Eng'g Co. v. Pressed & Welded Prods. Co.*,
  655 F.2d 984 (9th Cir. 1981) ................................................................................ 4

**Statutes**

17 U.S.C. § 501(a) ..................................................................................................... 4

17 U.S.C. § 504(a) ..................................................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 56 ...................................................................................................... 3

Fed. R. Evid. 402 ...................................................................................................... 1

Fed. R. Evid. 403 ............................................................................................. *passim*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

ii

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

Fed. R. Evid. 404 ...................................................................................................*passim*

Fed. R. Evid. 404(a)............................................................................................................ 1

Fed. R. Evid. 404(b) ................................................................................................... 1, 2, 4

Fed. R. Evid. 802 ......................................................................................................... 1, 5, 6

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

iii

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

**MEMORANDUM OF POINTS AND AUTHORITIES**

Throughout this litigation, Plaintiff has made it unmistakably clear that it intends to inflame the jury with false innuendo that Defendants are serial infringers of other people's copyrights. Plaintiff wants the jury to believe that if Defendants copied, or have been accused of copying, other people's works, then the jury should infer that Defendants copied Plaintiff's *Totem*. That is exactly what Federal Rule of Evidence 404 unequivocally bars in civil cases. Any such evidence and argument is also irrelevant and extraordinarily prejudicial, and should also be excluded under Rules 402 and 403.[1] Defendants vigorously reject the claim that they have ever infringed other people's works. To refute those charges before the jury would create a distracting and prejudicial sideshow. Further, to the extent that Plaintiff relies on hearsay to prove the alleged prior acts, Rule 802 also bars the evidence from being admitted.

**I.  LEGAL STANDARD**

Rule 404 is "a specific qualification of the general rule of the admissibility of all relevant evidence." *U.S. v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). It imposes an absolute bar in a civil case like this one on evidence offered to show that, because a person was allegedly involved in another similar act or has a bad moral character, it is more likely that he or she engaged in the wrongful act at issue. Fed. R. Evid. 404(a) ("[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait"); Fed. R. Evid. 404(b) ("[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character").

This rule exists because "[c]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of

---

[1] Unless otherwise specified, all references to "Rules" are to the Federal Rules of Evidence.

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

24303212.7
231804-10002

1

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

1  what actually happened on a particular occasion.  It subtly permits the trier of fact to
2  reward the good man and to punish the bad man because of their respective characters
3  despite what the evidence in the case shows actually happened." Advisory Committee
4  Notes to 1972 Proposed Rules; *accord Curtin*, 489 F.3d at 944.

Under Rule 404(b), character evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. " But even if relevant to another issue, it may still be excluded under Rule 403 if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Because evidence of other crimes, wrongs, or acts carries with it the inherent potential to see the defendant simply as a bad person and then to [find against him] because of who he is rather than what he did," it is of "critical importance" for the trial court to conduct a Rule 403 analysis if character evidence is being proffered for a purpose not prohibited by Rule 404(b).  *Curtin*, 489 F.3d at 957-58.  The inherently inflammatory nature of such evidence often dictates that, under the balancing required by Rule 403, it should be excluded even if it has some relevance to another issue in the case. *See Cohn v. Papke,* 655 F.2d 191, 193-194 (9th Cir. 1981).[2]

## II.   ARGUMENT

Despite the clear prohibitions of Rule 404, Plaintiff has made plain that it intends to argue that Defendants have previously shared and borrowed from other people's copyrighted works, and so the jury should conclude Defendants did the same with respect to *Totem*.  That is improper.

---

[2] The potential for character evidence to mislead and confuse the jury is so great that some courts require that, if such evidence is admitted, the trial court must "clearly, simply, and correctly" instruct the jury "as to the *specific* purpose for which they may consider the evidence." *United States v. Merriweather*, 78 F.3d 1070, 1076-77 (6th Cir. 1996) (quoted with approval in *Curtin*, 489 F.3d at 958).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

2

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

### A. Plaintiff Should Be Precluded From Offering Evidence or Argument of Other Alleged Acts of Copying by Aaron Sims.

Aaron Sims has been a repeat target for Plaintiff's improper character attacks. Sims is one of the most prolific concept artists in the motion picture industry. His resume includes work on dozens of blockbuster films, including the *Spiderman* series, the *Planet of the Apes* films, and *Wonder Woman* films. More than ten years ago, Sims briefly worked with Jeffrey Kennedy, Plaintiff's principal, to develop certain artwork for *Totem*. Plaintiff alleges, with no supporting evidence, that years after Sims completed that work, he provided a *Totem* script (although it is unclear which version Plaintiff claims was supposedly shared) and concept art to Matt and Ross Duffer, the creators of *Stranger Things* (the "Duffer Brothers").[3]

#### 1. Sims' Sharing of Other Works with Kennedy.

Plaintiff has explicitly argued that because Sims showed Jeffrey Kennedy two screenplays that Sims had personally optioned the rights to, he must also have shared Kennedy's *Totem* script and artwork with the Duffer Brothers. When asked at his deposition why he thought Sims gave the *Totem* screenplay to the Duffer Brothers, Kennedy testified:

> Aaron shared screenplays with me often. In fact, in the document production, he shares "The Cold," "The Trees." He would meet with me, and he would discuss those screenplays, their commercial viability as potential films that would be part of our production company. I also, you know have looked at— you know, admittedly Sims have [sic] shared with me concept art designs for creatures from films—for films that were not yet released such as the "Transformers," the big bad guy for that, along with, you know, a number of other projects. ***So you know, it's very possible that he shared the script or the art in the same way that he shared the script and art for other screenwriters*** who I've never met with me and asked me to read it, and then had a conversation with me about, you know, my thoughts on the project.

---

[3] Sims only met with the Duffers Brothers one time in person before the Duffer Brothers wrote the pilot script for *Stranger Things*—in a group meeting with studio executives from Warner Bros. and crew members working on the film *Hidden*. Decl. of Aaron Sims in Support of Defs.' Mot. for Summ. J. as to Pl.'s First, Second, Third, Fourth and Fifth Causes of Action Pursuant to Fed. R. Civ. P. 56 [Dkt. 83-2] ¶ 21.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

3

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

Declaration of Safia Gray Hussain ("Hussain Decl.") Ex. A (Kennedy Dep. Tr.), at 85:9-86:17 (emphasis added).  Plaintiff's counsel further pursued this speculative theory at Sims' deposition, where Sims was asked if he provided Kennedy with scripts for *The Cold* and *The Trees*, and whether he "ha[d] permission to provide Kennedy with a copy"—which Sims did because those particular scripts were works that Sims had optioned and was seeking to obtain funding for.  Hussain Decl. Ex. C (Sims Dep. Tr.), at 67:2-68:23; *id.* at 76:22-77:9.

This is classic character evidence, offered in contravention of Rule 404 to show that because Sims shared scripts and artwork in one instance, he must have shared it in another.  And while Rule 404(b) allows character evidence to come in for other purposes, Plaintiff has no conceivable argument that any of this evidence is relevant other than for the prohibited purpose of showing that Defendants acted consistently with their alleged prior acts and character.[4]

Even if Plaintiff could articulate some purpose for which this evidence is relevant other than trying to show Sims' purported propensity to share and copy other people's works and ideas, it should *still* be excluded under Rule 403.  If this evidence comes in, it would require a distracting side show to explain that, in fact, Sims had optioned both *The Cold* and *The Trees* and had every right to show them to potential

---

[4] Sometimes evidence of past infringement is admitted in copyright cases when the plaintiff is seeking statutory damages, the upper bound of which is higher if the plaintiff proves the defendant's infringement was willful. *See, e.g.*, *Alarm Grid, Inc. v. Alarm Club*, No. 17-80305-CIV-MARRA, 2018 U.S. Dist. LEXIS 235605, at *4-5 (S.D. Fla. Apr. 27, 2018) (citing *Brighton Collectibles, LLC v. Publishers Clearing House*, No. CV 17-02327-TJH (JEMx), 2017 U.S. Dist. LEXIS 218976, at *2-3 (C.D. Cal. Nov. 28, 2017)).  Because prior acts of infringement may be probative of willfulness, that evidence can be offered to show intent or knowledge, consistent with Rule 404(b). *Id.*  This exception does not apply here.  First, there is no evidence of past infringement.  Second, Plaintiff is pursuing actual damages, not statutory damages.  17 U.S.C. § 504(a); Hussain Decl. ¶ 8.  A defendant's intent is therefore irrelevant in a copyright infringement case seeking actual damages.  17 U.S.C. § 501(a); *Wilden Pump & Eng'g Co. v. Pressed & Welded Prods. Co.*, 655 F.2d 984, 989 (9th Cir. 1981) ("In determining the question of infringement, the desire or intent to infringe a [copyright] is irrelevant."); *Little Mole Music v. Bengimina*, 720 F. Supp. 751, 755 (W.D. Mo. 1989) (in a copyright infringement case, intent is "only relevant to the court's fixing of statutory damages").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

4

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

financiers like Kennedy. Hussain Decl. Ex. C (Sims Dep. Tr.), at 67:2-68:23, 76:22-77:9. The "probative value of these other acts" of insinuated (but not proven) infringement "is, at best, very limited," and the potential for this evidence to mislead and confuse the jury, and needlessly consume time with a "trial within a trial," is self-evident. *See, e.g.*, *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 358-59 (S.D.N.Y. 2014) (excluding evidence of allegedly unlicensed use of plaintiff's music in videos sponsored by defendant, for which "there has been no prior adjudication of illegal conduct," to prove defendant willfully infringed plaintiff's copyright by producing and disseminating a different video, because "even if there were some faint probative value in this case to the fact of other violations of Beastie Boys' copyrights by Monster-affiliated persons or entities, the probative value of any such hypothetical violations would be dwarfed by the risk of unfair prejudice, confusion and delay").

### 2. Unsubstantiated Hearsay From Anonymous Former Employees of Aaron Sims Creative.

Plaintiff's improper character attacks on Sims do not stop with *The Cold* and *The Trees*. Kennedy volunteered at his deposition that his counsel supposedly "receive[d] a letter from a former employee" of Sims' company (not identified by Kennedy and not produced in this action), and that this person allegedly "suggested that Aaron systematically had his employees, you know, commit various infringements in artwork." Hussain Decl. Ex. B (Kennedy Dep. Tr.), at 394:6-395:8. This letter, to the extent it exists, was demanded, but was never turned over by Plaintiff's counsel. Plaintiff's reliance on this letter is a blatant attempt to use unsubstantiated, anonymous hearsay allegations regarding unspecified "infringements" to prove that Sims caused Plaintiff's copyright in *Totem* to be infringed. Under Rule 802, this evidence is inadmissible hearsay, and under Rule 404 it is inadmissible character evidence.

Such evidence also must be excluded under Rules 402 and 403. The jury must focus on the truth or falsity of the allegations of infringement in *this* case. A side-

**Loeb & Loeb**
A Limited Liability Partnership Including Professional Corporations

24303212.7
231804-10002

5

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

show on vaguely-alleged prior acts of infringement would confuse the jury and require prejudicial mini-trials to disprove each alleged (but never specified) prior act and distinguish the facts here.

Plaintiff continued these improper tactics at Sims's deposition. Plaintiff's counsel asked Sims if he had "ever heard of any postings on Glassdoor"—a "website where sometimes employees or people will voice their opinions about certain companies"—"accusing your company of stealing copyrighted material." Hussain Decl. Ex. C (Sims Dep. Tr.), at 117:25-118:14. There is no doubt that Plaintiff intends to introduce this evidence at trial; its exhibit list includes an unauthenticated, hearsay, Glassdoor complaint. Hussain Decl. ¶ 9.

Such evidence is hearsay and cannot be admitted under Rule 802. Nor can Plaintiff bring this evidence in through cross-examination or an attempt to impeach Sims. Any such use would attempt to tar Sims with unsubstantiated and anonymous allegations of past wrongful conduct in order to suggest that, *in this case*, he infringed Plaintiff's copyright works. That is plainly prohibited by Rule 404. Moreover, these allegations are so vague that they lack any probative value and should be excluded under Rules 402 and 403.

### 3. Allegations That Sims "Recycles" Work.

In the same vein, Plaintiff played a video clip at Sims's deposition from a conference at a local art school, in which Sims mentioned that his company sometimes "recycles" certain types of material; Plaintiff has included this video on its exhibit list for trial. Hussain Decl. ¶ 9. Plaintiff's counsel followed up with questions like, "How often do you recycle work?" and "Is that a common practice in your industry? To take work that was created for one client and recycle it into projects for another client?" Hussain Decl. Ex. C (Sims Dep. Tr.), at 43:4, 43:13-15. The obvious implication of this line of questioning is that if Sims "recycled" work in some other context, he must have also "recycled" the *Totem* script and artwork when he was engaged to work on *Stranger Things*. That, again, is exactly what Rule 404 forbids.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

6

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

Sims' statements do not admit any past copyright infringement. And, regardless, Rule 404 makes crystal clear that "evidence of any other crime, wrong or act, is not admissible to prove a person's character or to show that on a particular occasion the person acted in accordance with the character."

Additionally, under Rule 403, this evidence is highly likely to confuse and mislead the jury, and will require yet another detour to demonstrate that Plaintiff is taking Sims' statements grossly out of context. As Sims explained in his deposition, "as an example, if there's a human character—a cat, a dog, a wolf or whatever that's—there's a stock shape that you use, and that is standard to repurpose. It would be ridiculous to start from scratch on something that is so generic as a base, and that's how we repurpose." Hussain Decl. Ex. C (Sims Dep. Tr.), at 43:13-25. In short, there is no basis for Plaintiff's requested inferential leap from "recycling" generic material to committing copyright infringement, and under Rule 403, the non-existent probative value of the evidence is clearly outweighed by the distracting side-show that would be necessary to demonstrate why that is.

### B. Plaintiff Should Be Precluded From Offering Evidence or Argument of Other Alleged Acts of Copying by the Duffer Brothers.

Plaintiff's counsel pursued a similar playbook in depositions of the Duffer Brothers, asking numerous questions insinuating that they copied works by other individuals to suggest that they must also have copied Plaintiff's works.

#### 1. Allegations the Duffer Brothers "Pulled" From Wikipedia and Preston Nichols' Montauk Books.

For example, Plaintiff has repeatedly insinuated that the Duffer Brothers copied their ideas for *Stranger Things* from Wikipedia entries about the Montauk Air Force Station in Montauk, New York, and from a book about Montauk written by Preston Nichols:

- Plaintiff's counsel pursued pages of questions about whether the Duffer

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

7

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

1  Brothers "pulled" ideas for *Stranger Things* from Wikipedia pages about
2  Montauk conspiracy theories. *E.g.*, Hussain Decl. Ex. D (R. Duffer Dep. Tr.),
3  at 125:24-126:2, 128:9-11, 128:24-129:1, 130:3-6, 138:14-15.

4 • Plaintiff's counsel repeatedly suggested the Duffer Brothers copied Preston
5  Nichols' book, "Montauk Project: Experiments in Time," when sketching out
6  their initial ideas for *Montauk/Stranger Things* in emails written in 2010. *E.g.*,
7  *id.* at 132:11-133:18 ("Did you look at Preston Nichols' work when you were
8  preparing this brainstorming document?"); *id.* at 137:7-10 ("Did anybody ever
9  tell you that your paragraph about the Montauk experiment was very similar to
10  the story that Preston Nichols told in his book, The Montauk Project:
11  Experiments in Time?").

12 • Plaintiff's counsel also asked if there were "rights issues that came up with
13  respect to Preston Nichols' work" after Netflix acquired the pilot for *Stranger
14  Things*, *id.* at 148:6-9, and attempted to suggest that the setting for the series
15  was moved from Montauk to the fictional town of Hawkins, Indiana because
16  of "Preston Nichols' work … and potential legal issues, clearance issues" and
17  a "concern about the fact that you were borrowing heavily from Preston
18  Nichols' works." *Id.* at 149:1-3, 149:16-18; *id.* at 153:9-156:20; *see also*
19  Hussain Decl. Ex. E (M. Duffer Dep. Tr.), at 97:18-19, 101:13-16, 102:23-25,
20  107:23-25, 109:1-15 (multiple questions about "use of the ideas of Preston
21  Nichols" and "pulling" from Wikipedia).

22 • Plaintiff's counsel pursued similar questioning at the Netflix deposition.
23  Hussain Decl. Ex. F (Thunell Dep. Tr.), at 46:6-48:25, 57:2-69:25, 76:2-25
24  (extensive questioning about "clearance issues" relating to *Stranger Things*,
25  including potential claims by Preston Nichols).

26  These lines of questioning are an improper attempt to portray the Duffer
27 Brothers as repeat infringers, a purpose that is ***expressly prohibited*** by Rule 404.
28 They should also be precluded under Rules 402 and 403, because allowing such

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

8

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

1  questioning would create a time-consuming, irrelevant distraction from the issues the
2  jury is supposed decide.  The jury will not be instructed to compare emails from 2010
3  that were precursors to *Stranger Things* with Preston Nichols' book, nor decide
4  whether those emails included elements about the Montauk conspiracy that can also
5  be found on a Wikipedia page.  It is undisputed that the Duffer Brothers' initial
6  inspiration for their television series was premised on their affinity for the conspiracy
7  theories that they were drawn to, including the "Philadelphia Experiment" and the
8  related "Montauk Project" conspiracy.[5]  The Court itself noted that the original title
9  for *Stranger Things* was "Montauk."  Dkt. 150, at 3.

10  Defendants do not seek to exclude the development history of
11  *Montauk*/*Stranger Things*—and that history has been well-documented in this case.
12  However, Plaintiff is not permitted to argue that the Duffer Brothers somehow
13  illegally or improperly "copied" a work that is not the subject of this lawsuit.  Neither
14  Mr. Nichols nor Wikipedia are plaintiffs in this case, and there is no claim in this case
15  for copyright infringement of their works.  The jury should be focused on comparing
16  *Stranger Things* to copyrighted works at issue in this case, *Totem* and its concept art—
17  not *other* works by *other* authors.  Yet it is clear that Plaintiff intends to distract and
18  confuse the jury with irrelevant, time-consuming comparisons to Wikipedia entries
19  and books about the Montauk conspiracy; Plaintiff's exhibit list includes multiple
20  Wikipedia pages regarding Montauk, as well as ***five entire books*** from Mr. Nichols'
21  Montauk series.  Hussain Decl. ¶ 9.

22  While Plaintiff's allegation that the Duffer Brothers "pulled from" other
23  authors' works relating to the Montauk conspiracy is readily disproven, there is no
24  reason to waste the jury's time on that irrelevant theory.

25  **2.  Copying Allegations by Non-Parties.**

26  For similar reasons, Plaintiff should be precluded from offering evidence or

---

[5] *See* https://finance.yahoo.com/news/stranger-things-true-story-based-151600967.html

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

9

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE

argument about allegations made by other individuals that the Duffer Brothers copied their works—a tactic Plaintiff's counsel pursued repeatedly in discovery. For example, Plaintiff's counsel asked about a claim asserted—and promptly dropped—by a former roommate of the Duffer Brothers that a script the brothers wrote for a ***different*** work, *Hidden*, was similar to a treatment he had written. Hussain Decl. Ex. D (R. Duffer Dep. Tr.), at 36:23-37:18. This topic has nothing to do with either *Stranger Things* or Plaintiff's copyrighted works. It is totally irrelevant to any issue the jury will be asked to decide. The only apparent purpose of these questions was to suggest that because the Duffer Brothers were previously (improperly) accused of infringement, they must have done something wrong in this case—a purpose squarely prohibited by Rule 404.

Similarly, Plaintiff repeatedly asked the Duffer Brothers questions about a lawsuit brought by a different plaintiff, Charlie Kessler, claiming that *Stranger Things* copied his work, and whether they paid to settle his claims. Hussain Decl. Ex. D (R. Duffer Dep. Tr.), at 37:19-21. While the Duffer Brothers' prior statements made in that lawsuit may be relevant and admissible, Plaintiff should not be permitted to weaponize the fact of the lawsuit or its resolution to argue that it is more likely that Defendants infringed Plaintiff's works. Rule 404 precludes the evidence from being offered for that purpose.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion *in Limine* No. 3, and preclude Plaintiff from offering character evidence that Defendants do not respect intellectual property and have committed prior acts of infringement, sharing, copying, or recycling of other people's work.

Dated: July 18, 2023                    LOEB & LOEB LLP

                                        By: _____
                                            David Grossman
                                            Attorneys for Defendants

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

24303212.7
231804-10002

10

DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE IMPROPER CHARACTER EVIDENCE