DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
SAFIA GRAY HUSSAIN (SBN 251123)
sghussain@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA FROMM YOUNG (SBN 217533)
blanca.young@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: 415.512.4000
Facsimile: 415.512.4077

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRISH ROVER ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AARON SIMS, an individual; MATT DUFFER, an individual; ROSS DUFFER, an individual; NETFLIX, INC., a Delaware corporation; NETFLIX STREAMING SERVICES, INC., a Delaware corporation; 21 LAPS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-06293-CBM-PLA<br><br>Assigned to Hon. Consuelo B. Marshall<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO [1] CERTIFY THE COURT'S ORDER DENYING SUMMARY JUDGMENT (Dkt. 150) FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND [2] STAY PENDING RESOLUTION OF INTERLOCUTORY APPEAL**<br><br>Hearing Date: August 15, 2023<br>Time: 2:30 p.m.<br>Courtroom: 8D<br><br>FAC Filed: October 12, 2020<br>Pre-Trial Conference: August 15, 2023<br>Jury Trial: September 19, 2023 |

## I.   INTRODUCTION

In denying summary judgment, the Court concluded that the existence of "battling experts" precludes it from engaging in the **mandatory** process of filtering out uncopyrightable elements for comparison under the extrinsic portion of the substantial similarity test.[1]  Order [Dkt. 150] at 14.  This decision is against the great weight of authority in this and other Circuits.  The unpublished opinion in *Alfred v. Walt Disney Co.*, 821 F. App'x 727 (9th Cir. 2020), did not and could not change the binding Circuit authority that requires district courts to rigorously apply the extrinsic test, including filtration of uncopyrightable elements.  *See, e.g.*, *Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006).

The requirements for certification are met here: interlocutory appeal is necessary (1) to resolve an important controlling question of law (2) on which this Court's view differs from numerous others and (3) which would advance both this litigation and avoid protracted litigation in myriad other cases.  *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011).

Desperate to avoid certification, Plaintiff's Opposition resorts to mischaracterizing the Section 1292(b) standard; misstating the controlling issue of law identified by Defendants; ignoring the multitude of cases that demonstrate that the law is now unsettled; and hiding behind fictional burdens from a stay.

The determination of this controlling issue of law is critically important: if a plaintiff only needs to hire an expert to avoid the extrinsic test and proceed to trial, the federal courts in this District and Circuit can look forward to a never-ending stream of lawsuits and trials in cases alleging copyright infringement.  Before opening

---

[1] This gatekeeping function of filtering out unprotectible elements (e.g., monsters, an alternate dimension, or quest for a loved one) is necessary to ensure that a plaintiff cannot base a claim of infringement on elements that ***as a matter of*** law are not subject to copyright protection.  *See* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea … [or] concept.").

these floodgates, the Ninth Circuit should be permitted to opine on this legal issue. Defendants respectfully request that this Court grant the motion.

## II.     ARGUMENT

### A.     Plaintiff's Arguments Against § 1292(b) Certification Are Unavailing.

#### 1.     Plaintiff Mischaracterizes Defendants' Question Presented—Whether "Dueling Experts" Automatically Preclude Independent Application of the Extrinsic Test Is a Controlling Question of Law.

Plaintiff attempts to sidestep the question of law at issue in this motion by mischaracterizing it. The question is: does the presence of dueling experts in a copyright infringement case preclude summary judgment, and prevent the Court from exercising its duty to apply the extrinsic test and to compare the objective elements of the works? Mot. at 5. The question for certification is not, as Plaintiff argues, merely second-guessing a "fact-intensive" or "factbound" summary judgment decision. Opp. at 4, 6 (citation omitted). Indeed, this Court did not engage with the facts regarding substantial similarity; it rested the analysis of disputes of facts entirely on the existence of a "battle of the experts." Order at 14-15.

As this Court recognized in deciding a motion for certification in *Alfred*—and as Plaintiff ignores—this question is a "controlling question of law." *Alfred v. Walt Disney Pictures*, No. CV 18-8074-CBM(ASx), 2022 U.S. Dist. LEXIS 159813 (C.D. Cal. Mar. 2, 2022), at * 6 [Dkt. 219 at 3:26-4:1] ("The Court finds the question presented by Defendant [whether dueling expert opinions immediately signify a genuine issue of fact] is a ... controlling question of law.").

Plaintiff also inaccurately characterizes the law regarding summary judgment determinations in substantial similarity cases as "traditionally" "disfavored." Opp. at 6 (citation omitted). If that were true, *Funky Films* and *Benay* would not be the controlling cases in the Ninth Circuit on these issues—both involved "dueling experts" and both granted summary judgment to defendants after an independent application of the extrinsic test. *Funky Films*, 462 F.3d at 1077; *Benay v. Warner*

*Bros. Ent., Inc.*, 607 F.3d 620 (9th Cir. 2010). The case on which Plaintiff relies, *Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327 (9th Cir. 1983), expressly acknowledges that summary judgment may be raised in copyright infringement actions: "[w]e do not imply that summary judgment is never appropriate in copyright infringement actions." *Id.* at 1329-30. That court was remarking on the unremarkable proposition that summary judgment determinations in general "result from close factual analyses, and are inherently peculiar to each case." *Id*. at n.6. For decades (and today), summary judgment, and motions to dismiss, were regularly granted in copyright cases. *See* Mot. at 8-9 nn.3-5. The Court's ruling that a "battle of the experts" precludes that result departs from this longstanding practice.

### 2. Since *Alfred*, It Has Become Clear that Substantial Ground for Difference in Opinion Exists Regarding the Controlling Question of Law.

Plaintiff next contends that Defendants cannot meet the second factor for certification, relying on (1) an incorrect recitation of the Section 1292(b) standard; (2) a mischaracterization of the motion as involving the more generic question of experts at summary judgment—rather than the specific question raised in substantial similarity cases involving the extrinsic test; (3) citation to this Court's denial of a motion for Section 1292(b) certification in *Alfred*; and (4) claiming Defendants have not identified a circuit split. Opp. at 8-10. Plaintiff's arguments each fail.

First, the Ninth Circuit has expressly stated that "[o]ur interlocutory appellate jurisdiction does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief. A substantial ground for difference of opinion exists where ***reasonable jurists might disagree*** on an issue's resolution, not merely where they have already disagreed." *Reese*, 643 F.3d at 688 (emphasis added).[2] If

---

[2] In *Reese*, the Ninth Circuit actually expressed wariness towards the "rigid" and "formalistic requirement" of waiting for contradictory authority to coalesce around an issue before reviewing it on interlocutory appeal, because such waiting could generate "unnecessary, protracted litigation and a considerable waste of judicial resources." *Reese*, 643 F.3d at 688 n.5.

"fair-minded jurists might reach contradictory conclusions" on an emerging legal issue, certification may be appropriate "without first awaiting development of contradictory precedent." *Id.*; *accord ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (concluding "[t]he 'substantial grounds' prong is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions'" (citing *Reese*, 643 F.3d at 688)). "[U]ncertainty" around the law is an adequate basis for a substantial ground of difference in opinion. *Reese*, 643 F.3d at 688. Defendants have thoroughly demonstrated—both via intra-circuit and inter-circuit cases—that reasonable jurists disagree regarding the interplay between experts and the court's obligation to apply the extrinsic test at summary judgment in substantial similarity cases. Mot. at 8-9.

Second, the question at issue here is not the ***general*** proposition of whether dueling experts can create issues of material fact—which is all that Plaintiff's cases address[3]—but rather the ***specific*** question of whether such experts necessarily preclude the Court from undertaking its independent obligation to evaluate the works under the extrinsic test in copyright cases. *See Gray v. Hudson*, 28 F.4th 87, 97 (9th Cir. 2022) ("[T]he extrinsic test ***requires us as a court*** to ensure that whatever objective similarities the evidence establishes between two works are legally sufficient to serve as the basis of a copyright infringement claim." (emphasis added)). On that issue, the Court's Order is an outlier and the weight of authority cannot be distinguished. Mot. at 8-9 nn.3-5.

Third, the Court's denial of certification in *Alfred* is further reason to ***grant*** this motion, not deny it. The law has only become more uncertain and the need for the

---

[3] Opp. at 8-9 (citing *Echologics, LLC v. Orbis Intelligent Sys., Inc.*, No. 21-cv-01147-H-AHG, 2023 WL 2752861 (S.D. Cal. Mar. 27, 2023) (involving patent infringement claims); *Pelican Int'l, Inc. v. Hobie Cat Co.*, No. 3:20-cv-02390-RSH-MSB, 2023 WL 2127994 (S.D. Cal. Feb. 10, 2023) (involving patent infringement claims); *Orthopaedic Hosp. v. Encore Med. L.P.*, No. 19-CV-970 JLS (AHG), 2022 WL 254956 (S.D. Cal. Jan. 27, 2022) (involving patent infringement claims)).

Ninth Circuit's views more important. Plaintiff does not engage with this argument at all. It asserts that *some* of the cases Defendants cite were previously distinguished by this Court. Opp. at 8 n.3 (citing six cases). Defendants here have presented *more* authority, both in this Circuit and others. Plaintiff does not even respond to Defendants' argument that in the leading Ninth Circuit case, *Funky Films*, the district court reviewed conflicting expert evidence and then nevertheless applied the extrinsic test to grant summary judgment in the defendants' favor. Mot. at 7 (discussing *Funky Films* lower court decision). Plaintiff also does not address Defendants' citation to more than a half dozen other cases that all reach the same conclusion: at summary judgment in copyright cases, courts must look at the works, filter out unprotectible elements, and determine if there is a basis of substantial similarity on which to hold a trial. Mot. at 8 nn.3-4. None of these cases were or are distinguishable.[4] *Compare Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (defendants had "not provided a *single case* that conflict[ed]" with the ruling at issue (emphasis added)).

---

[4] *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003) (affirming summary judgment where the district court "engaged in an extensive analysis of the alleged similarities in expressive elements" despite the presence of dueling experts); *Newton v. Diamond*, 388 F.3d 1189, 1196 (9th Cir. 2004) (rejecting plaintiff's contention that competing expert testimony created a genuine issue of material fact, and affirming summary judgment in favor of defendants); *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996) (affirming summary judgment in favor of defendants where the district court "carefully compared the scenes a faire assertions" by competing experts, "properly considered all the material in the record regarding scenes a faire motives," and "granted summary judgment only as to those motives that raised no genuine issue of material fact"); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992) (affirming grant of summary judgment in defendants' favor where court applied extrinsic test); *Narell v. Freeman*, 872 F.2d 907, 913 (9th Cir. 1989) (affirming summary judgment in favor of defendants where "[t]he comparative analytic dissection provided by the plaintiff's expert merely shows a common use of unprotected historical facts and ordinary phrases, not extrinsic similarity"); *Batts v. Adams*, No. CV 10-8123-JFW (RZx), 2011 U.S. Dist. LEXIS 161401, at *12 n.6 (C.D. Cal. Oct. 21, 2011) ("the mere existence of dueling expert reports does not necessarily create a triable issue of fact" (citation omitted)).

Fourth, the rule is even more stark when looking at the Second Circuit's rule and cases applying it. Mot. at 9 n.5. Again, Plaintiff's cases are not on-point authority addressing substantial similarity of literary works.[5] The rule for such cases in the Second Circuit is very different from that applied in the Court's Order. The Second Circuit considers expert testimony, but by no means do courts in that circuit defer to purported expert disputes. Quite the opposite, courts "consider[] but do not place particular weight on the expert reports submitted by the parties," and "[i]nstead" "rely on [a] detailed review of the two works to determine the existence of substantial similarity." *Leary v. Manstan*, 118 F. Supp. 3d 460, 465 n.5 (D. Conn. 2015) (citing *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 140 (2d Cir. 1992) ("expert testimony is generally 'irrelevant' to the inquiry")). The Ninth Circuit should state whether it intends for this Circuit to adopt a different rule.

### 3. Certification of the Interlocutory Appeal Would Materially Advance the Litigation's End.

Plaintiff claims that Section 1292(b)'s third factor is not met because an interlocutory appeal would "delay" the litigation's resolution until after the pending trial date (Opp. at 10-11), but whether an appeal would delay trial is not the operative standard. Material advancement of the litigation's termination would occur if trial were avoided altogether or trial issues were streamlined. *See Mann v. Cnty. of San*

---

[5] Plaintiff's cases are either not copyright cases at all, or involve the context of software, which involves a different extrinsic test. Opp. at 8-9 (citing *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, No 3:13-cv-831 (GLS/DEP), 2017 WL 745594 (N.D.N.Y. Feb. 24, 2017) (dealing with a copyright infringement dispute regarding software source codes); *Victory v. Hewlett-Packard Co.*, 34 F. Supp. 2d 809, 824 (E.D.N.Y. 1999) (involving a gender discrimination claim and statistical expert opinions regarding disparate impact); *United States v. Florida,* No. 12-60460-CIV-MIDDLEBROOKS/HUNT, 2023 WL 3293661 (S.D. Fla. Apr. 11, 2023) (dealing with claim brought by United States under Americans with Disabilities Act regarding Florida's treatment of children with complex medical needs); *Restore Robotics, LLC v. Intuitive Surgical, Inc.*, No. 5:19cv55-TKW-MJF, 2022 WL 1495005 (N.D. Fla. Apr. 11, 2022) (involving antitrust claims)).

*Diego*, No. 3:11-CV-0708-GPC-BGS, 2016 U.S. Dist. LEXIS 7718, at *10 (S.D. Cal. Jan. 21, 2016) (explaining that material advancement of litigation's ultimate termination would be met by "avoiding trial proceedings, curtailing or simplifying pretrial or trial, or affecting the character of the trial").

That standard is met. Mot. at 10. This case has been pending for as long as it has largely because Plaintiff has sought repeated extensions of time. Contrary to Plaintiff's assertion, holding a trial is not the "most efficient path toward ultimate termination of this litigation" (Opp. at 11)—not in a case where Plaintiff claims infringement of hundreds of pages of scripts by several, multi-episode seasons of *Stranger Things*.[6]

Plaintiff relies on inapposite cases. *Shurance v. Planning Control International, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988), involved a disqualification motion that was not a controlling question, meaning that, whatever the outcome of the interlocutory appeal, there would be a trial. In *Monster Energy Co. v. Integrated Supply Network, LLC*, No. ED CV 17-548-CBM-RAO, 2018 WL 6136144, at *4 n.1 (C.D. Cal. Sept. 21, 2018), the defendant filed a Section 1292(b) motion relating to the production of privileged documents that also did not involve a controlling question of law and was noticed for hearing ***three days*** before trial was scheduled to begin. Here, Defendants are moving for certification at the earliest opportunity, and the motion can be granted at the pretrial conference in lieu of deciding the parties' other motions.

---

[6] Footnote 2 of Plaintiff's Opposition reflects Plaintiff's fundamental misunderstanding of the legal question on appeal. Defendants are not, as Plaintiff says, "talking out of both sides of their mouth[.]" Opp. at 6 n.2. At summary judgment, courts compare the objective elements of the literary works at issue and apply the ***extrinsic test*** as a matter of law. *See Gray*, 28 F.4th at 97. It is also true that, at trial, the jury will ultimately determine the issue of substantial similarity by applying the ***intrinsic test***, which requires side-by-side review of the works. Those two propositions are well-known to the Court and are not contradictory.

* * *

Finally, contrary to Plaintiff's claim that this Court should exercise discretion to deny certification, the benefits from deciding this issue now are great, both for this case and others. *See Su v. Siemens Indus., Inc.*, No 12-cv-03743-JST, 2014 U.S. Dist. LEXIS 80349 at *9 (N.D. Cal. June 10, 2014) (explaining that, while certifying an interlocutory Section 1292(b) appeal, "the potential benefits to resolving the disputed legal questions now outweigh the potential benefits of proceeding to trial now and allowing appeal later"); *see also Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1093 (E.D. Cal. 2008) (holding that Section 1292(b) appeal would accelerate the termination of litigation because, among other reasons, such appeal would "eliminate trial time of trying [a certain cause of action] and accordingly conserve judicial resources").

### B.  Defendants Have Not Waived Their Right to a Stay and a Stay of the Proceedings Is Warranted.

Plaintiff erroneously claims Defendants waived their right to a stay, but Plaintiff is wrong on the law. Opp. at 12-13. This circuit has grouped the four factors into two inquiries: "(1) whether serious legal questions are raised on appeal, and (2) whether the balance of hardships tips in the moving party's favor." *United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, No. CV 17-1694 PSG (SSx), 2019 U.S. Dist. LEXIS 221330, at *17 (C.D. Cal. Oct. 8, 2019); *accord Golden Gate Rest. Ass'n v. City & Cnty. of S.F.*, 512 F.3d 1112, 1115-16 (9th Cir. 2008). Defendants satisfy both elements. *See* Mot. at 11-12.

Plaintiff states that it has "waited more than three years" for trial, bore through Defendants' "scorched-earth litigation," and will "have to wait more than four years to exercise its constitutional right to trial by jury on its copyright claims." Opp. at 13. But these are not hardships. Plaintiff chose to bring an infringement claim that lacks merit, and seeks a billion dollars in damages. Defendants' entitlement to a fair and complete adjudication of the copyright allegations does not constitute a harm against

Plaintiff. Rather, if a stay is denied, Defendants would face onerous preparations and heavy legal expenses that they need not undergo nor incur if the Ninth Circuit resolves the controlling legal question at issue.

Moreover, the public interest of a stay is manifest. *See United States ex rel. Integra Med Analytics LLC*, 2019 U.S. Dist. LEXIS 221330, at *20-21 (reasoning that "'the public generally has an interest in accuracy of judicial proceedings and in efficient use of government resources,'" and "staying the case would serve this interest [by] avoid[ing] costly and unnecessary litigation, thus saving juridical resources, while the Ninth Circuit decides the … issue" (citation omitted)). Staying the proceedings upon the interlocutory appeal would promote a resource-saving approach towards resolving the issues subject to appeal. *See Bikram Yoga Coll. of India & Fitness, L.P. v. Raiz*, No. CV 11-7377 CBM (VBKx), 2012 U.S. Dist. LEXIS 200004, at *13-14 (C.D. Cal. June 28, 2012) (concluding a stay of the proceedings pending interlocutory appeal would enable defendant to "avoid incurring additional expenses, costs, and time litigating in this district.").

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court certify its Order, and stay further proceedings in this matter pending resolution of the interlocutory appeal.

DATED: August 1, 2023         LOEB & LOEB LLP

By:     */s/ David Grossman*
        David Grossman
        *Attorneys for Defendants*