1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRISH ROVER ENTERTAINMENT, LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>    vs.<br><br>AARON SIMS, an individual; MATT DUFFER, an individual; ROSS DUFFER, an individual; NETFLIX, INC., a Delaware corporation; NETFLIX STREAMING SERVICES, INC., a Delaware corporation; 21 LAPS, INC., a California Corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No.: 2:20-CV-06293-CBM-PLA<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br>[Local Rule 16-7]<br><br><br>Final Pretrial Conference<br>Date:        August 15, 2023<br>Time:        2:30 p.m.<br>Courtroom: 8B<br><br><br>Action Filed: July 15, 2020<br>Trial Date:   September 19, 2023 |

26
27
28

Following pretrial proceedings, pursuant to Federal Rule Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

**1.  The Parties:**

Plaintiff is Irish Rover Entertainment, LLC ("Plaintiff"). Defendants are: Aaron Sims ("Sims"); Matt Duffer; Ross Duffer[1]; Netflix, Inc.; Netflix Streaming Services, Inc.[2]; and 21 Laps, Inc. ("21 Laps") (collectively "Defendants").

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings that raise the issues are: Plaintiff's First Amended Complaint ("FAC") filed on October 12, 2020 (Dkt. 10); and Defendants' Answer to the FAC filed on February 4, 2021 (Dkt. 41).

**2.  Federal Jurisdiction And Venue Are Invoked Upon The Grounds:**

This is a civil action alleging that Defendants are liable for infringement of the following items that Plaintiff contends are its copyrighted works: (1) the *Totem* screenplay (as used herein, "*Totem* screenplay" means the versions referenced in paragraph 5 below); (2) Totem Concept Art, Copyright Registration No. PA 1-762-543; and (3) earlier iterations of those works that Plaintiff alleges and Defendant disputes are properly at issue.  Jurisdiction is asserted under 17 U.S.C. § 101 and 28 U.S.C. §§ 1331, 1338(a), and 1367. The facts requisite to federal jurisdiction are admitted.

**3.  The Trial Is Estimated To Take:**

**PLAINTIFF:**

Plaintiff estimates 7 trial days. Plaintiff opposes Defendants' request for additional time to present the works for the reasons set forth in Dkt. 197.

**DEFENDANTS:**

Defendants estimate 7 trial days, ***not including*** presentation of the works to the

---

[1] Matt Duffer and Ross Duffer are collectively referred to herein as the "Duffers".

[2] The Netflix entities are collectively referred to herein as "Netflix".

1

FINAL PRETRIAL CONFERENCE ORDER

jury.

Defendants have moved for an order to set aside time either before Plaintiff starts its case in chief or after Plaintiff rests to publish to the jury the copyrighted works at issue and the works alleged to infringe those copyright, without the time for publication of the works counting against either side. (Dkt. 173). As discussed in that motion, publishing the works is necessary for the jury to make the comparisons required by the Ninth Circuit's substantial similarity test—particularly the "intrinsic test," which requires the "total concept and feel" of the works to be compared. *Berkic v. Crichton,* 761 F.2d 1289, 1292 (9th Cir. 1985); *Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006), *overruled on other grounds by Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1079 (9th Cir. 2020). Because Plaintiff has chosen not to narrow either the works it claims are infringed, or its allegations that every episode of every one of the four seasons of *Stranger Things* infringes its copyright, the time required to publish the works to the jury is substantial— nearly 35 hours to show all four seasons of *Stranger Things* plus approximately 3 hours to read the 2013 *Totem* screenplay, and 3 more hours for any other registered screenplay that Plaintiff claims has unique elements that were infringed. Defendants have proposed that if the Court is not inclined to publish all of the works at issue, at a minimum it should publish the 2013 *Totem* screenplay (which would take approximately 3 hours to read), and entire first season of *Stranger Things* (which would take approximately 8 hours), as well as any episode from a subsequent season that Plaintiff claims contains an additional element of substantial similarity beyond being a continuation of Season 1. Under that alternative proposal, publishing the works would take 1.5-2 trial days.

Defendants further wish to note that they are ready for trial on September 19, 2023 and that any delay in the trial date would be extremely disruptive to their operations and, more importantly, to the livelihoods of the writers, actors, and hundreds of other industry professionals involved in *Stranger Things'* production. A delayed trial could conflict with the restart of production on Season 5 of Stranger Things. Because

the two showrunners (who also write, direct, and produce *Stranger Things*) could not attend to their duties to the show, it would be necessary to shut down production—directly harming the hundreds of individuals who work on the show, many of whom are currently on strike and not working.  Plaintiff has advised that it is ready for trial on September 19, 2023.

**AGREEMENT:**

Except as noted above with respect to their disagreement about the publication of the works to the jury, the parties agree that trial will otherwise take approximately 7 trial days. The parties agree to split that time evenly between the Plaintiff and Defendants, as follows:

Each side will have 45 minutes for opening

Each side will have 1 hour for closing

Each side will have 15 hours to present their case

Defendants' agreement is contingent on the Court setting aside time to present the works to the jury and not counting that time against either side's 15 hours to present their case.

**4. Except for Threshold Matters Regarding Ownership and Registration, The Trial Is To Be A Jury Trial**

**DEFENDANTS:**

Plaintiff's recent pretrial filings highlight two important legal issues that the Court should decide before the jury is empaneled.

First, a threshold legal issue is whether the concept artwork that Aaron Sims created for *Totem* was a work made for hire.  Although Plaintiff now attempts to argue that this is a fact issue for the jury to decide, Plaintiff acknowledged in its Memorandum of Contentions of Fact and Law that whether the concept art is a work made for hire is "an issue of law." *See*  Dkt. 189 at 26 (Under the heading, "Identification of Issues of Law [L.R. 16-4.1(i)]," identifying as an "issue of law germane to this case" the question of "whether the work-for-hire agreement entered into between Plaintiff and Evergreen

supports a finding that the concept art created by Sims for Plaintiff is owned by Plaintiff.").  If the artwork is not a work made for hire under the legal requirements of the Copyright Act, then Plaintiff does not own the copyright in that artwork and has no standing to try a claim for the alleged infringement of that artwork.   There are substantial reasons to doubt Plaintiff's ownership of the concept art because no writing evidencing that Sims created it as a work made for hire under the Copyright Act has ever been located or produced in this litigation.

Second, even if Plaintiff owns a copyright in *some* concept art, Plaintiff recently indicated its intention to add to this case claims for purported infringement of artwork that is not covered by any copyright registration certificate, and that was never before registered or deposited with the U.S. Copyright Office.

To ensure that trial is focused on copyrighted works Plaintiff actually owns and has validly placed in issue, the Court should address both of these issues before the jury is selected.

*     *     *

***First,*** there is substantial reason to believe that Plaintiff does not have the right to claim copyright ownership of any items of concept art created by Defendant Aaron Sims.  Plaintiff claims that all such items of *Totem*-related concept art were works made for hire by Mr. Sims.  To be a work made for hire, a work must be prepared by an employee within the scope of his or her employment, or must be a work within one of several enumerated categories of works for which the parties have agreed in a writing signed by both of them that the work shall be considered a work made for hire.  17 U.S.C. § 101 (definition of "work made for hire"); *see also* 1 Nimmer on Copyright § 5.03[B][2][b] ("a written instrument is a necessary" condition for a work created on commission (rather than in the course of employment) to be a work made for hire).  Mr. Sims was never an employee of Plaintiff or of Evergreen Films, Inc., the party with whom Plaintiff had an agreement to develop *Totem*.   Moreover, Plaintiff has not produced, and discovery in the litigation has not revealed, that there was ever a written

agreement signed by Mr. Sims providing that any artwork he produced was to be considered a work made for hire for either Plaintiff or Evergreen.  In the absence of the prerequisites for a work made for hire, Plaintiff cannot satisfy its burden to prove that it owns a valid copyright in the concept art.

Because it is undisputed that Aaron Sims was not an employee of Irish Rover or Evergreen, and there is no signed writing evidencing that the artwork he prepared relating to Totem was a work made for hire, the ownership question presents the purely legal issue of whether the absence of the signed writing required by the Copyright Act means Plaintiff has no basis to claim ownership over any concept art.  The same legal issue would remain even if Plaintiff contends that Registration No. PA1-762-543 confers a presumption of ownership over concept art deposited with the Copyright Office.  It is undisputed that the application and deposit that preceded the issuance of that Registration did not include all of the concept art Plaintiff has attempted to place in issue in this litigation.

**Second,** even if Plaintiff could assert an infringement claim for some artwork, Plaintiff is attempting to broaden the scope of artwork beyond that which was part of the registered copyright on which Plaintiff filed suit.  Plaintiff has long represented that Registration No. PA1-762-543, which was attached at Exhibit 5 to the First Amended Complaint, included all of the concept art alleged to be infringed.  Plaintiff told the Copyright Office, the Court, and Defendants that its claim for "*Totem* concept art" encompassed only the material covered by Registration PA1-762-543, ECF Nos. 5, 10, and again confirmed this at the parties' Rule 16-2 conference.

In opposing Defendants' motion *in limine* No. 7, however, Plaintiff revealed that a number of items it has called concept art in this litigation were not in fact included in its application to register copyright; Plaintiff indicated it has recently tried to register this previously unregistered material with the Copyright Office.  *See* ECF No. 196, at n.1 ("With respect to concept art ***that was not included*** in Registration PA1-762-543 and for which Plaintiff is the copyright holder, ***Plaintiff already has submitted this art***

1    ***for registration with the Copyright Office*.**" (emphases added)).

2        Plaintiff cannot bring suit for the infringement of any work for which it does not

3 have a copyright registration.  17 U.S.C. § 411(a); *Fourth Estate Public Benefit Corp.*

4 *v. Wall-Street.com, LLC*, 139 S.Ct. 881, 892 (2019).  Prior to Plaintiff's recent filing,

5 the materials deposited with the registration that resulted in Registration PA1-762-543

6 consist of the items produced in discovery with Bates numbers listed in the footnote.[3]

7 At a minimum, Plaintiff should be barred from adding additional, unregistered works

8 to its copyright infringement claim on the eve of trial.  *Amini Innovation Corp. v.*

9 *Anthony Cal. Inc.*, No. CV 03–8749, 2006 WL 6855371, at *9 (C.D. Cal. Sept. 21,

10 2006) (precluding plaintiff's attempt, after close of discovery, to add claims of

11 infringement not covered by prior copyright registrations).

12        After learning of Plaintiff's submission of a new application to copyright

13 Mr. Sims' artwork, Defendants promptly demanded that Plaintiff produce any and all

14 communications, deposit copies, and other registration documents that Plaintiff has

15 submitted to the Copyright Office related to this case and that Plaintiff has not already

16 produced.  Plaintiff has not responded to Defendants' request.  Because Plaintiff did not

17 disclose its belated attempt to register additional concept art until it filed its opposition

18 to Defendants' Motion in Limine No. 7, and still has not produced the relevant

19 documents, the Parties have not had an opportunity to brief this issue to the Court.

20        For these reasons, Defendants respectfully submit that the Court should resolve

21 whether Plaintiff may pursue any claim for infringement of concept art, or at a minimum

22 whether Plaintiff may pursue such a claim with respect to previously unregistered

23 artwork, prior to the start of the jury trial.  These issues will affect what evidence is

24 relevant and who will testify to it.  For example, if Plaintiff may not claim infringement

25 of concept art, there will be no need for the two experts on purported visual similarities

26

27   [3] IRISH 02476, IRISH 02477, IRISH 02478, IRISH 02480, IRISH 02481, IRISH 02489, IRISH 02507, IRISH 02509, IRISH 02512, IRISH 02513, IRISH 02539, IRISH 02543, IRISH 02569,

28 IRISH 02588, IRISH 02599, IRISH 02603, IRISH 02607, IRISH 02616, IRISH 02628, IRISH 02632, IRISH 02634 and IRISH 02644.

1   to testify; indeed, it would be confusing for the jury to hear that testimony.

2       Defendants respectfully request that the parties file simultaneous opening and

3   reply briefs on these issues within seven and 14 days of the pretrial conference,

4   respectively; and that the Court hear and decide these issues before the jury is

5   empaneled.

6   **PLAINTIFF:**

7       Plaintiff does not agree that any challenge to ownership is a legal question for

8   the Court to decide before trial. "Copyright ownership and authorship of a copyrighted

9   work are questions of fact." *See, e.g., Aurora World, Inc. v. Ty Inc.*, No. CV 09-

10  08463, 2011 WL 13176413, at *10 (C.D. Cal. Mar. 14, 2011) (denying summary

11  judgment on a copyright infringement claim on some products because there were

12  "triable issues of fact" on joint copyright ownership); *Sperske v. Rosenberg*, No. 2:12-

13  CV-07034, 2013 WL 3817067, at *4 (C.D. Cal. July 23, 2013) (denying summary

14  judgment on copyright infringement claims "because there are genuine issues of

15  material fact concerning authorship and ownership"). And Plaintiff's registration of

16  the art itself is prima facie evidence of ownership. *See, e.g., United Fabrics Int'l, Inc.*

17  *v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) ("A copyright registration is

18  prima facie evidence of the validity of the copyright and the facts stated in the

19  certificate."); *Rosen v. R & R Auction Co., LLC*, No. CV1507950, 2016 WL 7626443,

20  at *4 (C.D. Cal. Aug. 31, 2016) (finding no genuine issue of material fact as to

21  Plaintiff's copyright ownership based on Plaintiff's unrebutted and authenticated

22  Copyright Registration).

23      That Defendants wants to challenge ownership over a work-for-hire theory does

24  not change the outcome. Juries, not courts, decide such disputes. *See, e.g., Self-*

25  *Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322

26  (9th Cir. 2000) (reversing and remanding for trial: "We also hold that there is a triable

27  issue regarding whether some of the photographs involved in this appeal were works

28  for hire."); *Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc.*, 524 F. Supp. 2d 1184, 1192

(C.D. Cal. 2007) (denying summary judgment because there was "a genuine issue of material fact" regarding ownership of a copyright based on disputes facts relating to the defendant's work-for-hire status and authorship).

Any disputes over ownership remain fact issues for the jury. If anything, this new issue is just a belated effort at another summary judgment motion. Nothing in the Federal Rules of Civil Procedure permit Defendants to re-raise these arguments on motion practice now. Plaintiff thus objects to the Defendants' effort to raise this issue a question of law for the Court to decide before the jury trial.

Finally, Defendants' second position about the scope of registered artwork is already before the Court as part of Defendants' motion in limine 7 (Dkt. 181) and thus does not require additional briefing.

**AGREEMENT:**

At least seven (7) days prior to the trial date the parties shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

5. **The Following Facts Are Admitted And Require No Proof**:

- Irish Rover Entertainment LLC ("Irish Rover") is a California limited liability company formed on November 18, 2008, with its members including Jeffrey Kennedy and Charles Brink.

- Irish Rover is the owner of the following copyrighted works:
    - *Lightning Shower in Jackson Hole*, Copyright Registration No. Pau3-133-215;
    - *Chain of Being*, Copyright Registration No. Pau3-454-906;
    - *Totem: The Story of a Wounded Warrior*, Copyright Registration No. Pau3-771-261
    - *Totem*, Copyright Registration No. TXu2-193-423

- Defendant Aaron Sims is a resident of New Hampshire.

- Defendant Matt Duffer is a resident of California.
- Defendant Ross Duffer is a resident of California.
- Defendant Netflix, Inc. is a corporation organized under the laws of the State of Delaware and is authorized to and does transact business in the State of California.
- Defendant Netflix Streaming Services, Inc. is a corporation organized under the laws of the State of Delaware and is authorized to and does transact business in the State of California.
- Defendant 21 Laps, Inc. is a corporation organized under the laws of the State of California and is authorized to and does transact business in the State of California.
- Season 1 of *Stranger Things* was released on July 15, 2016
- Season 2 of *Stranger Things* was released on October 27, 2017
- Season 3 of *Stranger Things* was released on July 4, 2019
- Season 4 of *Stranger Things*  was released on May 27, 2022

6. **The Following Facts, Though Stipulated, Shall Be Without Prejudice To Any Evidentiary Objections:**

None.

7. **Claims And Defenses To Be Presented At Trial:**

**PLAINTIFF:**

(a)     Plaintiff plans to pursue the following claims against the following defendants:

Claim 1:     Defendants infringed Plaintiff's copyrights in the *Totem* screenplay in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq., and 501.

Claim 2:     Defendants infringed Plaintiff's copyrights in the *Totem* concept art in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq., and 501.

Claim 3:     Defendants Netflix and Sims contributorily infringed Plaintiff's copyrights in the *Totem* screenplay and concept art in violation of the Copyright Act,

1  17 U.S.C. §§ 101 et seq., and 501.

2      Claim 4:     Defendants Netflix and 21 Laps vicariously infringed Plaintiff's

3  copyrights in the *Totem* screenplay and concept art in violation of the Copyright Act,

4  17 U.S.C. §§ 101 et seq., and 501.

5      Claim 5:     Defendants, and each of them, contributorily, and/or vicariously

6  infringed Plaintiff's copyrights in the *Totem* screenplay and concept art in violation of

7  the Copyright Act, 17 U.S.C. §§ 101 et seq., and 501, and an actual controversy has

8  arisen and now exists relating to the rights and duties of Plaintiff and Defendants under

9  the U.S. copyright laws.

10      (b)    The elements required to establish Plaintiff's claims are:

11      Claim 1:     Copyright Infringement (Screenplay). Plaintiff has the burden of

12  proving by a preponderance of the evidence that (1) Plaintiff is the owner of a valid

13  copyright in the *Totem* screenplay; and (2) the Defendants copied Plaintiff's original,

14  protectible expression from the copyrighted work. *See* Ninth Circuit Manual of Model

15  Civil Jury Instructions § 17.5 (2020); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477,

16  481 (9th Cir. 2000) (overruled on unrelated grounds in *Skidmore v. Led Zeppelin*, 952

17  F.3d 1051 (9th Cir. 2020).

18      Claim 2:     Copyright Infringement (Concept Art). Plaintiff has the burden of

19  proving by a preponderance of the evidence that (1) Plaintiff is the owner of a valid

20  copyright in the *Totem* concept art; and (2) the Defendants copied Plaintiff's original,

21  protectible expression from the copyrighted work. *See* Ninth Circuit Manual of Model

22  Civil Jury Instructions § 17.5 (2020); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477,

23  481 (9th Cir. 2000).

24      Claim 3:     Contributory Copyright Infringement (Screenplay and Concept

25  Art). Plaintiff has the burden of proving by a preponderance of the evidence that (1) the

26  copyrighted works were directly infringed; (2) Sims and Netflix knew or had reason to

27  know of the infringing activity; and (3) Sims and Netflix intentionally induced and/or

28  materially contributed to the infringing activity. *See* Ninth Circuit Manual of Model

Civil Jury Instructions § 17.21 (2019); *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 794-795 (9th Cir. 2007).

Claim 4:     Vicarious Copyright Infringement (Screenplay and Concept Art). Plaintiff has the burden of proving by a preponderance of the evidence that (1) the copyrighted works were directly infringed; (2) Netflix and 21 Laps received a direct financial benefit from the infringing activity; (3) Netflix and 21 Laps had the legal right and practical ability to supervise and/or control the infringing activity; and (4) the Defendants failed to exercise that right and ability. *See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.20 (2019); *Ellison v. Robertson*, 357 F.2d 1072, 1076 (9th Cir. 2004).

Claim 5:     Declaratory Relief (Direct Infringement – Screenplay and Concept Art). To prove direct copyright infringement of Plaintiff's copyrighted works, the *Totem* screenplay and concept art, by the Defendants, Plaintiff has the burden of proving by a preponderance of the evidence that (1) Plaintiff is the owner of a valid copyright in both the *Totem* screenplay and *Totem*; and (2) the Defendants copied original expression from the copyrighted works. *See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.5 (2020).

(c) In brief, Plaintiff sets forth the following description of what it contends is the key evidence it intends to rely on for each of the claims:

Claim 1:     Copyright Infringement (Screenplay). Plaintiff will introduce the following categories of evidence establishing that the Defendants directly infringed upon Plaintiff's exclusive rights in its copyrighted work, the *Totem* screenplay, by preparing unauthorized derivative works of *Totem* in the form of *Stranger Things*, reproducing original/protectible elements, including the selection and arrangement of elements, of *Totem* in *Stranger Things*, and publicly performing *Stranger Things*:

a.     *Ownership*: Evidence showing Plaintiff's ownership of the copyrighted *Totem* screenplay will include testimony from Plaintiff's Managing Member, Kennedy and Certificates of Registration issued by the United States Copyright Office.

b.    *Access*: Evidence showing the Defendants' access to Plaintiff's copyrighted *Totem* screenplay through Sims will include testimony from Kennedy, the Duffers, and Sims and related documents, showing Plaintiff's various submissions of different versions of the *Totem* screenplay to Sims while Sims was providing concept art for *Totem*, and Sims' subsequent work with the Duffers beginning in 2013 before their creation of *Stranger Things*.

c.    *Substantial Similarity*: Evidence showing the substantial similarity between protectible elements in the *Totem* screenplay and *Stranger Things* (Seasons 1 through 4) will include, but is not limited to, testimony from Plaintiff's designated expert, John Rainey. Mr. Rainey will opine on story-telling components that are common to both *Totem* and *Stranger Things*, including the areas of character, plot, sequence of events, theme, setting, mood, tone, pace, and dialogue, and the qualitative importance of these similar elements. Evidence submitted to the jury for the purpose of its objective assessment will include, but is not limited to, copies of Totem scripts, *Totem* concept art, and Seasons 1 through 4 of *Stranger Things*.

d.    *Damages*: Evidence showing Plaintiff's actual damages suffered as a result of the Defendants' infringement will consist of testimony from Plaintiff's damages expert, Dr. Mickey A. Ferri, Ph.D. that will address, but is not limited to, the disgorgement of profits derived therefrom. In lieu of actual damages, Plaintiff reserves its right to elect statutory damages before final judgment is rendered in accordance with 17 U.S.C. § 504(c)(1).

Claim 2:    Copyright Infringement (Concept Art). Plaintiff will introduce the following categories of evidence establishing that the Defendants directly infringed upon Plaintiff's exclusive rights in its copyrighted work, the *Totem* concept art, by preparing unauthorized derivative works of *Totem* in the form of *Stranger Things*, reproducing original/protectible elements, including the selection and arrangement of elements, of the *Totem* concept art in *Stranger Things*, and publicly performing and displaying *Stranger Things*, which contains original/protectible elements of the *Totem*

concept art:

a.    *Ownership*: Evidence showing Plaintiff's ownership of the copyrighted *Totem* concept art will include testimony from Plaintiff's Managing Member, Kennedy, Plaintiff's work-for-hire agreement with Evergreen Films, and Certificates of Registration issued by the United States Copyright Office.

b.    *Access*: Evidence showing the Defendants' access to Plaintiff's copyrighted *Totem* concept art will include testimony from Kennedy, the Duffers, and Sims and related documents, showing Sims' access to the *Totem* concept art—which he created for Plaintiff—and Sims' subsequent work with the Duffers beginning in 2013 just prior to their creation of *Stranger Things*.

c.    *Substantial Similarity*: Evidence showing the substantial similarity between the *Totem* concept art and *Stranger Things* will include, but is not limited to, testimony from Plaintiff's designated expert, Jeffrey Sedlik. Mr. Sedlik will opine on the similarities in the selection and arrangement of combinations of expressive elements he observed in reviewing the *Totem* concept art, and screen captures from and streamed episodes of *Stranger Things*, including the qualitative importance of those elements. Evidence submitted to the jury for purposes of its objective assessment will include, but is not limited to, testimony from Kennedy, visual display of stills depicting the *Totem* concept art, and visual display of video clips from episodes of *Stranger Things* and/or stills depicting the same.

d.    *Damages*: Evidence showing Plaintiff's actual damages suffered as a result of the Duffers and Sims' infringement will consist of testimony from Plaintiff's damages expert, Dr. Mickey A. Ferri, Ph.D. that will address, but is not limited to, the disgorgement of profits derived therefrom. In lieu of actual damages, Plaintiff reserves its right to elect statutory damages before final judgment is rendered in accordance with 17 U.S.C. § 504(c)(1).

<u>Claim 3</u>:    Contributory Copyright Infringement (Screenplay and Concept Art). Plaintiff will introduce the following categories of evidence establishing that Sims

and Netflix contributorily infringed upon Plaintiff's exclusive rights in its copyrighted works, the *Totem* screenplay and concept art, in that they knew or had reason to know that the Defendants were preparing unauthorized derivative works of *Totem* in the form of *Stranger Things*, reproducing copyrighted elements, including the selection and arrangement of elements, of *Totem* in *Stranger Things*, and publicly performing *Stranger Things*, and Sims and Netflix intentionally induced and/or materially contributed to this infringing activity:

a.   *Ownership*: Evidence showing Plaintiff's ownership of the copyrighted *Totem* screenplay and concept art will include testimony from Plaintiff's Managing Member, Kennedy and Certificates of Registration issued by the United States Copyright Office.

b.   *Access*: Evidence showing the Defendants' access to Plaintiff's copyrighted *Totem* screenplay through Sims will include testimony from Kennedy, the Duffers, and Sims and related documents, showing Plaintiff's various submissions of different versions of the *Totem* screenplay to Sims while Sims was providing concept art for *Totem*, and Sims' subsequent work with the Duffers beginning in 2013 just prior to their creation of *Stranger Things*. As for the *Totem* screenplay, the evidence will include testimony from Kennedy, the Duffers, and Sims and related documents, showing Sims' access to the *Totem* concept art—which he created for Plaintiff—and Sims' subsequent work with the Duffers beginning in 2013 just prior to their original creation of *Stranger Things*.

c.   *Substantial Similarity*: Evidence showing the substantial similarity between the *Totem* screenplay and *Stranger Things* will include, but is not limited to, testimony from Plaintiff's designated experts, John Rainey and Jeffrey Sedlik. Mr. Rainey will opine on story-telling components that are common to both *Totem* and *Stranger Things*, including the areas of character, plot, sequence of events, theme, setting, mood, tone, pace, and dialogue, and the qualitative importance of those elements. Mr. Sedlik will opine on the numerous similarities in the selection and

FINAL PRETRIAL CONFERENCE ORDER

arrangement of combinations of expressive elements he observed in reviewing the *Totem* concept art, and screen captures from and streamed episodes of *Stranger Things*. Evidence submitted to the jury for purposes of its objective assessment will include, but not limited to, testimony from Kennedy, shooting scripts for episodes of *Stranger Things*, the *Totem* screenplay, and visual display of video clips from episodes of *Stranger Things* and/or stills depicting the same. As for the *Totem* concept art, evidence submitted to the jury will include, but is not limited to, testimony from Kennedy, visual display of still depicting the *Totem* concept art, and visual display of video clips from episodes of *Stranger Things* and/or stills depicting the same.

       d.    *Knowledge of Infringing Activity*: Evidence showing Sims' knowledge of the infringing activity will include, but is not limited to, testimony from Kennedy, Sims, and the Duffers, and related documents pertaining to the Duffers' access to the *Totem* screenplay and concept art through their intermediary Sims. In addition, the testimony and related documents will show Defendants' awareness of the fact that protected elements from both the *Totem* screenplay and concept art were then incorporated into *Stranger Things* as Sims worked on the first season of *Stranger Things*. As for Netflix, evidence of its knowledge of Defendants' infringing activity will include, but is not limited to, testimony from Kennedy, and related documentary evidence, showing that Kennedy engaged in numerous written exchanges with Netflix in which Kennedy provided detailed accounts of the substantial similarities between *Totem* and *Stranger Things* and demanding that Netflix take action to halt the unauthorized displaying and public performance of *Stranger Things*. The evidence will also show that, despite being on notice of the same—through Kennedy's communications—Netflix chose to ignore Kennedy's demands and warnings, rather than confronting the Duffers and halting their own displaying/public performance of *Stranger Things*.

       e.    *Material Contribution/Inducement*: Evidence showing that Sims materially contributed to and/or induced the infringing activity will include, but is not limited to, similar testimony and documentary evidence described above showing Sims'

access to *Totem*, and his provision of the same to the Duffers knowing that they intended to unlawfully copy protected elements into *Stranger Things*. Evidence showing that Netflix materially contributed to and/or induced the infringing activity will include, but is not limited to, testimony from  Netflix's corporate representative(s)  and related documentation, showing that *Stranger Things*—of which Netflix had knowledge regarding its infringement of *Totem*—was available to Netflix's millions of subscribers, that Netflix could have taken simple measures to prevent further damage to Plaintiff's copyrighted works by halting any further display and/or reproduction of *Stranger Things*, and that Netflix failed to employ any such measures.

f.      *Damages*: Evidence showing Plaintiff's actual damages suffered as a result of Sims and Netflix's infringement will consist of testimony from Plaintiff's damages expert, Dr. Mickey A. Ferri, Ph.D. that will address, but is not limited to, the disgorgement of profits derived therefrom.  In lieu of actual damages, Plaintiff reserves its right to elect statutory damages before final judgment is rendered in accordance with 17 U.S.C. § 504(c)(1).

Claim 4:      Vicarious Copyright Infringement (Screenplay and Concept Art). Plaintiff will introduce the following categories of evidence establishing that 21 Laps and Netflix vicariously infringed upon Plaintiff's exclusive rights in its copyrighted works, including the selection and arrangement of elements, the *Totem* screenplay and concept art, in that they directly benefitted from the infringing activity, had the right and ability to supervise and/or control the same, and failed to exercise that right and ability.

a.      *Ownership*: Evidence showing Plaintiff's ownership of the copyrighted *Totem* screenplay and concept art will include testimony from Plaintiff's Managing Member, Kennedy and Certificates of Registration issued by the United States Copyright Office.

b.      *Access*: Evidence showing the Defendants' access to Plaintiff's copyrighted *Totem* screenplay will include, but is not limited to, testimony from

Kennedy, the Duffers, and Sims and related documents, showing Plaintiff's various submissions of different versions of the *Totem* screenplay to Sims while Sims was providing concept art for *Totem*, and Sims' subsequent work with the Duffers beginning in 2013 just prior to their creation of *Stranger Things*. As for the *Totem* screenplay, the evidence will include testimony from Kennedy, the Duffers, and Sims and related documents, showing Sims' access to the *Totem* concept art—which he created for Plaintiff—and Sims' subsequent work with the Duffers beginning in 2013 just prior to their original creation of *Stranger Things*.

c.     *Substantial Similarity*: Evidence showing the substantial similarity between the *Totem* screenplay and *Stranger Things* will include, but is not limited to, testimony from Plaintiff's designated experts, John Rainey and Jeffrey Sedlik. Mr. Rainey will opine on story-telling components that are common to both *Totem* and *Stranger Things*, including the areas of character, plot, sequence of events, theme, setting, mood, tone, pace, and dialogue, and the qualitative importance of those elements. Mr. Sedlik will opine on the numerous similarities in the selection and arrangement of combinations of expressive elements he observed in reviewing the *Totem* concept art, and screen captures from and streamed episodes of *Stranger Things*. Evidence submitted to the jury for purposes of its objective assessment will include, but is not limited to, testimony from Kennedy, shooting scripts for episodes of *Stranger Things* (particularly from Season 1), the *Totem* screenplay, and visual display of video clips from episodes of *Stranger Things* and/or stills depicting the same. As for the *Totem* concept art, evidence submitted to the jury will include, but is not limited to, testimony from Kennedy, visual display of still depicting the *Totem* concept art, and visual display of video clips from episodes of *Stranger Things* and/or stills depicting the same.

d.     *Direct Financial Benefit*: Evidence showing that Netflix has enjoyed, and continue to enjoy, a direct financial benefit from the infringement of the *Totem* screenplay and concept art will consist of testimony from Plaintiff's retained  business economics expert, Mickey A. Ferri, Ph.D., regarding Netflix's revenue and profits from

*Stranger Things* that are directly attributable to the infringing conduct, as well as documentary evidence, including, but not limited to, that produced by Netflix in this matter, showing the same. Evidence showing that 21 Laps has enjoyed a direct financial benefit from the infringement of the *Totem* screenplay and concept art will likewise include, but is not limited to, the testimony from Dr. Ferri, as well as documentary evidence pertaining to the same, showing 21 Laps' compensation from Netflix for executive producing and directing services provided on *Stranger Things*.

e.      *Right and Ability to Supervise/Control*: Evidence showing that Netflix had, and continues to have, the right and ability to supervise and/or control the infringing activity, will consist of testimony from Netflix's corporate representatives, and related documentation, showing that Netflix, as the streaming service that purchased the rights to air episodes of *Stranger Things*, and paid significant sums of monies to the Duffers (and, vis-à-vis the Duffers, Sims) for doing so, had overall control over the content in *Stranger Things* that ultimately reached its viewers. And, because Netflix did air episodes of *Stranger Things* that improperly contain protected elements of *Totem*, and continues to do so, the same evidence will show that Netflix failed to properly exercise its right and ability to supervise and control the infringing activity, despite having been on notice of the same. As for 21 Laps, the evidence showing its ability and right to supervise and control the infringing activity—vis-à-vis its principal, Shawn Levy—will consist of testimony from Mr. Levy and Netflix's corporate representatives, and related documentation, showing that 21 Laps had significant input on scripts for most, if not all, episodes of *Stranger Things* before the same were finalized for shooting. Similar to Netflix, this evidence with respect to 21 Laps will also show that 21 Laps failed to properly exercise its right and ability to control and/or supervise the infringing activity insomuch as the episodes of *Stranger Things* ultimately aired containing protected elements of *Totem*, despite 21 Laps and Mr. Levy being on notice of the same.

f.      *Damages*: Evidence showing Plaintiff's actual damages suffered as a result of Netflix and 21 Laps' infringement will consist of testimony from Plaintiff's damages

expert, Dr. Mickey A. Ferri, Ph.D. that will address, but is not limited to, the disgorgement of profits derived therefrom.  In lieu of actual damages, Plaintiff reserves its right to elect statutory damages before final judgment is rendered in accordance with 17 U.S.C. § 504(c)(1).

Claim 5: Declaratory Relief (Direct Infringement – Screenplay and Concept Art). Plaintiffs will introduce the following categories of evidence establishing that *Stranger Things* infringes upon Plaintiff's rights in and to those copyrighted works, including the selection and arrangement of elements, for purposes of its Declaratory Relief claim.

a. *Ownership*: Evidence showing Plaintiff's ownership of the copyrighted *Totem* screenplay will include testimony from Plaintiff's Managing Member, Kennedy and Certificates of Registration issued by the United States Copyright Office. Evidence showing Plaintiff's ownership of the copyrighted *Totem* concept art will include testimony from Plaintiff's Managing Member, Kennedy, Plaintiff's work-for-hire agreement with Evergreen Films, and Certificates of Registration issued by the United States Copyright Office.

b. *Access*: Evidence showing the Defendants' access to Plaintiff's copyrighted *Totem* screenplay will include testimony from Kennedy, the Duffers, and Sims and related documents, showing Plaintiff's various submissions of different versions of the *Totem* screenplay to Sims while Sims was providing concept art for *Totem*, and Sims' subsequent work with the Duffers beginning in 2013 just prior to their creation of *Stranger Things*. Evidence showing the Defendants' access to Plaintiff's copyrighted *Totem* concept art will include testimony from Kennedy, the Duffers, and Sims and related documents, showing Sims' obvious access to the *Totem* concept art— which he created for Plaintiff—and Sims' subsequent work with the Duffers beginning in 2013 just prior to their creation of *Stranger Things*.

c. *Substantial Similarity*: Evidence showing the substantial similarity between the *Totem* screenplay and *Stranger Things* will include, but not limited to,

testimony from Plaintiff's designated expert, John Rainey. Mr. Rainey will opine on story-telling components that are common to both *Totem* and *Stranger Things*, including the areas of character, plot, sequence of events, theme, setting, mood, tone, pace, and dialogue. Evidence submitted to the jury for purposes of its objective assessment will include, but not limited to, testimony from Kennedy, shooting scripts for episodes of *Stranger Things* (particularly from Season 1), the *Totem* screenplay, and visual display of video clips from episodes of *Stranger Things* and/or stills depicting the same. Evidence showing the substantial similarity between the *Totem* concept art and *Stranger Things* will include, but not limited to, testimony from Plaintiff's designated expert, Jeffrey Sedlik. Mr. Sedlik will opine on the numerous similarities in the selection and arrangement of combinations of expressive elements he observed in reviewing the *Totem* concept art, and screen captures from and streamed episodes of *Stranger Things*. Evidence submitted to the jury for purposes of its objective assessment will include, but not limited to, testimony from Kennedy, visual display of stills depicting the *Totem* concept art, and visual display of video clips from episodes of *Stranger Things* and/or stills depicting the same.

## **DEFENDANTS:**

(a)    Defendants intend to pursue the following affirmative defenses at trial:

Second Affirmative Defense: Statute of Limitations. Plaintiff's claims are barred by the applicable statute of limitations, 17 U.S.C. § 507.

Third Affirmative Defense: Merger and Scenes-a-Faire. Plaintiff's claims are barred, in whole or in part, because allegedly infringed elements are not original to Plaintiff and/or do not constitute protectable copyrightable expression.

Sixth Affirmative Defense: Independent Creation. Plaintiff's claims are barred because *Stranger Things* was created independently of the allegedly infringed works.

Eleventh Affirmative Defense: Waiver. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

(b)   The elements required to establish Defendants' affirmative defenses are:

<u>Second Affirmative Defense</u>: Statue of Limitations.

- A copyright claim accrues "when the copyright holder has knowledge of a violation or is chargeable with such knowledge." *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). "Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work" *Petrella*, 572 U.S. at 671 (2014). Plaintiff's claims accrued more than three years prior to commencement of this action.

<u>Third Affirmative Defense</u>: Merger and Scenes-a-Faire.

- The similar elements, if any, between the allegedly infringing work and the allegedly infringed work, are not protectable. "Copyright law protects an author's expression; facts and ideas within a work are not protected." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990), *overruled on other grounds in Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020). Copyright law "does not protect every aspect of a work; ideas, concepts, and common elements are excluded." *Skidmore*, 952 F.3d at 1069.

<u>Sixth Affirmative Defense</u>: Independent Creation.

- "Proof of copying by the defendant is necessary because independent creation is a complete defense to copyright infringement. No matter how similar the plaintiff's and the defendant's works are, if the defendant created his independently, without knowledge of or exposure to the plaintiff's work, the defendant is not liable for infringement." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018) *overruled on other grounds in Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020); *see also* Ninth Circuit Manual of Model Jury Instructions § 17.1 ("There

is no copyright infringement when [the defendant independently created the challenged work].").

Eleventh Affirmative Defense: Waiver.

- Defendants must prove by a preponderance of evidence that: (1) Plaintiff intentionally relinquished a known right with knowledge of its existence; and (2) the intent to relinquish it. *See United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988); *A&M Records v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001), *aff'd after remand*, 284 F.3d 1091 (9th Cir. 2002).

(c)    In brief, Defendants set forth the following description of what they contend is the key evidence they intend to rely on for each affirmative defense:

Second Affirmative Defense: Statue of Limitations.

- Documentary and testimonial evidence demonstrating that Plaintiff's causes of action accrued more than three years prior to the commencement of this action, including but not limited to: documentary and testimonial evidence that Plaintiff knew or should have known of the alleged infringement prior to July 15, 2017, and that its principal, Jeffrey Kennedy, viewed the entirety of Season 1 of *Stranger Things* in July 2016.

Third Affirmative Defense: Merger and Scenes-a-Faire.

- Audiovisual evidence demonstrating that any elements in Plaintiff's work used by Defendants lack sufficient originality to warrant copyright protection.
- Documentary and testimonial evidence, including testimony of expert witnesses, that the elements allegedly used by Defendants are abstract and general ideas, not Plaintiff's particular creative expression.
- Documentary and testimonial evidence that the Duffers independently

FINAL PRETRIAL CONFERENCE ORDER

created numerous elements of *Stranger Things* prior to any alleged access to *Totem*.

<u>Sixth Affirmative Defense</u>: Independent Creation.

- Documentary and testimonial evidence demonstrating that Defendants did not have access to Plaintiff's works, including, but not limited to: an absence of documentary evidence that Kennedy sent or that Sims received a copy of the 2013 version of the *Totem* Screenplay attached to the FAC; testimony from Aaron Sims that he does not recall receiving a copy of the 2013 version of the *Totem* Screenplay; testimony from Sims, Steffen Reichstadt and the Duffers that Sims did not share any documents or information concerning *Totem*, Plaintiff, or Plaintiff's principal Jeffrey Kennedy at any time; testimony from Sims and the Duffers that Sims did not speak to the Duffers about *Stranger Things* or do any work in connection with *Stranger Things* until after the Duffers had already written the screenplay for the pilot episode *Stranger Things* (previously entitled *Montauk*).

- Documentary and testimonial evidence demonstrating that Defendants independently created *Stranger Things*, including, but not limited to: testimony from the Duffers about the inspirations for and creation and development of *Stranger Things*; Shawn Levy regarding the development, creation, and production of *Stranger Things*; and emails and other documents in which the Duffers documented the ideas, concepts, and elements that became the basis of and were incorporated into *Stranger Things*.

<u>Eleventh Affirmative Defense</u>: Waiver.

- Documentary and testimonial evidence that Jeffrey Kennedy pitched *Totem* to Netflix as a follow-on to *Stranger Things* after he had watched the entire first season of *Stranger Things*, and as he had told reporter Cara

Kelly, felt "we were robbed."

**8. In View Of The Admitted Facts And Elements Required To Establish The Claims And Affirmative Defenses, The Following Issues Remain To Be Tried:**

(a)     Plaintiff's ownership of the copyright in the *Totem* concept art.

(b)     Copyright Infringement under 17 U.S.C. §§ 101 et seq, and 501.

(c)     Contributory Copyright Infringement under 17 U.S.C. §§ 101 et seq, and 501.

(d)     Vicarious Copyright Infringement under 17 U.S.C. §§ 101 et seq, and 501.

(e)     Actual Damages.

(f)     Statutory Damages per work found to be infringed.[4]

(g)     The prevailing party's entitlement to Attorneys' Fees.

(h)     Defendants' following affirmative defenses:

   o   <u>Second Affirmative Defense</u>: Statute of Limitations.

   o   <u>Third Affirmative Defense</u>: Merger and Scenes-a-Faire.

   o   <u>Sixth Affirmative Defense</u>: Independent Creation.

   o   <u>Eleventh Affirmative Defense</u>: Waiver.

**9. All Discovery Is Complete.**

**10. All Disclosures Under Fed. R. Civ. P. 26(a)(3) Have Been Made.**

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-5. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed in Exhibits A and B. With regard to identification of objections to trial exhibits, the parties jointly agree to utilize the following Key:

---

[4] Actual and statutory damages are currently sought in the alternative. Plaintiff reserves its right to elect statutory damages before final judgment is rendered. 17 U.S.C. § 504(c)(1).

| Objection Code | Meaning |
| --- | --- |
| CUTOFF | Fed. R. Civ. P. 37, Documents produced after discovery completion date |
| 106 | FRE 106, rule of completeness |
| 402 | FRE 402, relevance |
| 403 | FRE 403, probative value substantially outweighed by unfair prejudice, etc. |
| 404 | FRE 404, character or bad acts evidence |
| 408 | FRE 408, settlement offers or communications |
| A | Authenticity |
| BE | FRE 1002 *et seq.* best evidence |
| DUPE | Duplicate exhibit |
| F | Lacks foundation |
| H | Hearsay/FRE 801 *et seq.* |
| ILL | Illegible copy of exhibit |
| MIL X | Motion *in Limine,* X is the number of the motion |
| PRIV | Privileged |
| 32 | Use of deposition contrary to FRCP 32 |

Utilizing the Objection Codes in the Key noted above, Plaintiff objects to the following of Defendants' Proposed Trial Exhibits as set forth in Exhibit A hereto.

Utilizing the Objection Codes in the Key noted above, Defendants object to the following of Plaintiff's Proposed Trial Exhibits as set forth in Exhibit B hereto.

**11. <u>Witness Lists Of the Parties Have Been Filed With The Court.</u>**

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

During the Local Rule 16-2 conference, counsel for both sides indicated they do not anticipate any witness being unavailable for trial. In the event a witness under Defendants' control becomes unavailable for trial, Plaintiff expressly reserves the right to designate deposition testimony for any such witness in accordance with Local Rule 16-2.7. Likewise, Defendants expressly reserve the right to designate deposition testimony from any witness who may be unavailable to testify at trial in accordance

with Local Rule 16-2.7.

**12. The Following Law And Motion Matters And Motions In Limine, And No Others, Are Pending Or Contemplated:**

**PLAINTIFF**

Plaintiff filed three motions in limine, which are pending:

(1) Motion In Limine No. 1 to exclude any argument, testimony or evidence regarding settlement communications with Defendants (Dkt. 166).

(2) Motion In Limine No. 2 to exclude portions of expert opinions offered by Lester Standiford in his expert report (Dkt. 167).

(3) Motion In Limine No. 3 to exclude improper character evidence (Dkt. 168).

**DEFENDANTS**

Defendants have filed seven motions in limine and two additional motions, which are pending:

(1) Motion In Limine No. 1 to exclude the expert testimony of Mickey D. Ferri (Dkt. 175).

(2) Motion In Limine No. 2 to exclude testimony from Plaintiff regarding the content of a 2013 email to Aaron Sims (Dkt. 176).

(3) Motion In Limine No. 3 to exclude irrelevant and improper character evidence (Dkt. 177).

(4) Motion In Limine No. 4 to exclude evidence or argument about ideas never incorporated into the copyrighted works (Dkt. 178).

(5) Motion In Limine No. 5 to exclude testimony from Charles Brink (Dkt. 179).

(6) Motion In Limine No. 6 to exclude all evidence related to purported similarities of elements created in 2010 (Dkt. 180).

(7) Motion In Limine No. 7 to exclude (i) works not subject to Plaintiff's claim of infringement; and (2) evidence regarding similarities not timely or properly disclosed (Dkt. 181).

(8) Motion to certify the Court's order denying summary judgment for

interlocutory appeal and a stay pending the resolution of the interlocutory appeal (Dkt. 182), and

(9) Motion to set aside time for publication of works (Dkt. 173).

**13.** **Bifurcation Of The Following Issues For Trial Is Ordered:**

None.

14. The Foregoing Admissions Having Been Made By The Parties, And The Parties Having Specified The Foregoing Issues Remaining To Be Litigated, This Final Pretrial Conference Order Shall Supersede The Pleadings And Govern The Course Of The Trial Of This Cause, Unless Modified To Prevent Manifest Injustice.

15. **Other Agreements of the Parties**

The Parties are meeting and conferring to discuss a schedule for disclosing trial witnesses, demonstratives, and exhibits; a stipulation to the authenticity of documents; and presentation of witnesses who are listed on both Parties' witness lists.  The Parties expect to present a proposal on these matters to the Court before the Final Pretrial Conference.

Dated: _____

_____
Hon Consuelo B. Marshall
United States District Judge

# EXHIBIT A

| Ex. No. | Description | Objections |
|---|---|---|
| 18 | 2019-05-01 email from Jeffrey Kennedy to cholland@netflix.com re Totem/Duffer Brothers [DEFS_0051442-DEFS_0051443] [Exhibit 18 Marked at the Deposition of Jeffrey Kennedy] | 402, 403 |
| 22 | 2019-12-03 email from Thuy Tien Nguyen to David Hyman and Kate Chilton re Stranger Things Cease and Desist Demand Letter [IRISH 02317-IRISH 002353] [Exhibit 22 Marked at the Deposition of Jeffrey Kennedy] | 408, 402, 403, F, H<br><br>MIL 1 |
| 28 | 2017-10-31 email from Irish Rover Entertainment to ghayum@hwhmf.com re Guillermo del Toro Offer [IRISH 04518] [Exhibit 28 Marked at the Deposition of Jeffrey Kennedy] | 402, 403 |
| 29 | 2017-11-28 email from Paul Nelson to Irish Rover Entertainment re Barry Sonnenfeld Project [IRISH 04519] [Exhibit 29 Marked at the Deposition of Jeffrey Kennedy] | 402, 403, F, H |
| 30 | 2017-11-23 email from Irish Rover Entertainment to c.oh@planb-la.com re Totem [IRISH 04523] [Exhibit 30 Marked at the Deposition of Jeffrey Kennedy] | 402, 403 |
| 31 | 2018-01-04 email from Courtenay Valenti to Irish Rover Entertainment re The Golden Goose [IRISH 04520-IRISH 04521] [Exhibit 31 Marked at the Deposition of Jeffrey Kennedy] | 402, 403, F, H |
| 32 | 2018-04-06 email from Irish Rover Entertainment to nancyu@fox.com [IRISH 04522] [Exhibit 32 Marked at the Deposition of Jeffrey Kennedy] | 402, 403 |
| 36 | 2020-02-27 email from jeffrey Kennedy to Charles Brink re Business Insider Article: Netflix Stock Rises [IRISH 04209] [Exhibit 36 Marked at the Deposition of Jeffrey Kennedy] | BE, 402, 403 |
| 37 | 2020-07-22 email from Jeffrey Kennedy to Charles Brink re Comps on Hollywood Infringement [IRISH 04210] [Exhibit 37 Marked at the Deposition of Jeffrey Kennedy] | 402, 403 |
| 38 | 2019-08-27 email from jeffrey Kennedy to Charles | 402, 403 |

| Ex. No. | Description | Objections |
|---|---|---|
| | Brink re WME [IRISH 04223] [Exhibit 38 Marked at the Deposition of Jeffrey Kennedy] | |
| 41 | 2020-10-23 email from Jeffrey Kennedy to Molly Freeman transmitting FAC [JK000170] [Exhibit 41 Marked at the Deposition of Jeffrey Kennedy] | BE, 402, 403 |
| 42 | 2020-10-23 email from Jeffrey Kennedy to tgeigner@impactnetworking.com transmitting FAC [JK000167] [Exhibit 42 Marked at the Deposition of Jeffrey Kennedy] | BE, 402, 403 |
| 43 | 2020-10-23 email from Jeffrey Kennedy to pcavanaugh@comicbook.com re transmitting FAC [JK000166] [Exhibit 43 Marked at the Deposition of Jeffrey Kennedy] | BE, 402, 403 |
| 143 | 2017-09-26 emails from Jeffrey Kennedy to Cindy Holland Re: Golden Goose [DEFS_0051292-DEFS_0051294, DEFS_0051436-DEFS_0051437] [Exhibit 143 Marked at the Deposition of John Winston Rainey] | 402, 403 |
| 154 | 2008-12-10 Contribution Agreement between IRE and Jeffrey Kennedy, Bates No. IRISH 00030 [Exhibit 154 Marked at the Deposition of Mickey Ferri] | DUPE |
| 156 | 2021-10-06 Writers Guild of America West - Screen Compensation Guide for Streaming Services [Exhibit 156 Marked at the Deposition of Mickey Ferri] | A, F |
| 157 | 2020-11-24 Writers Store: The Ins and Outs of TV Series Writer Deals [Exhibit 157 Marked at the Deposition of Mickey Ferri] | A, F, H |
| 164 | Expert Report of Lester A. Standiford | H |
| 165 | November 4, 2022 Rebuttal Expert Report of Lester A. Standiford | H |
| 169 | Rebuttal Expert Report of Michael Knapp | H |
| 174 | November 4, 2022 Expert Report of Keith Samples | H |
| 1019 | 2009-09-15 Email from J. Kennedy to A. Sims et al. re Logo, Bates No. DEFS_0002946 | 402, 403 |
| 1024 | 2010-09-03 Email from J. Kennedy to S. Reichstadt | 402, 403, BE |

| Ex. No. | Description | Objections |
|---|---|---|
| | re Steffen, Bates No. DEFS_0002956 | |
| 1036 | 2009-08-04 Email from P. Lespinois to J. Norris et al. re Totem Locations, Bates No. DEFS_0003330 | 402, 403, BE, A, F |
| 1037 | 2009-08-04 Email from P. Lespinois to J. Norris et al. re Totem pole links, Bates No. DEFS_0003332 | 402, 403, BE, A, F |
| 1061 | 2013-09-21 Email from Leigh Janiak to Matt Duffer Fwd: ArcLight Cinemas (Prisoners movie ticket) | CUTOFF, A, F, H |
| 1065 | 2015-08-29 Email from Dan Hindmarch to Brian Wright et al. re Stranger Things #101 Production Draft (White) (2015-08-29) (PDF) and attachment, Bates Nos. DEFS_0001828, 1830, 1831 | A, F, H |
| 1066 | 2015-09-18 Email from Dan Hindmarch to Brian Wright et al. re Stranger Things #101 "Chapter One' The Vanishing of Will Byers" Full Blue Script (2015-09-18), in the PDF format and attachment, Bates No. DEFS_0001387, 1389, 1390 | A, F, H |
| 1069 | 2015-10-04 Email from Dan Hindmarch to Brian Wright et al. re Stranger Things #101 Full Pink Script (2015-10-04) (PDF) and attachment, Bates Nos. DEFS_0001459, 1461, 1462 | A, F, H |
| 1070 | 2015-10-07 Email from Dan Hindmarch to Brian Wright et al. re Stranger Things #101 Yellow Revision Sets (2015-10-07) (2 PDFS) and attachment, Bates Nos. DEFS_0001894, 1895 | A, F, H |
| 1071 | 2015-10-19 Email from Dan Hindmarch to Brian Wright et al. re Stranger Things #101 Green Revision Sets (2015-10-19) (2 PDFS) and attachment, Bates Nos. DEFS_0001538, 1539 | A, F, H |
| 1072 | 2015-11-19 Email from Dan Hindmarch to Brian Wright et al. re Stranger Things #101 2nd White Revision Sets (2015-11-19) (2 PDFS) and attachment, Bates Nos. DEFS_0025561, 25566 | A, F, H |
| 1073 | 2015-11-30 Email from Dan Hindmarch to Brian Wright et al. re Stranger Things #101 2nd Blue Revision Sets (2015-11-30) (2 PDFS) and attachment, Bates Nos. DEFS_0024083, 28084 | A, F, H |

| Ex. No. | Description | Objections |
|---|---|---|
| 1074 | 2016-02-18 Email from Dan Hindmarch to Brian Wright et al. re Stranger Things #101 2nd Pink Revision Sets (2016-02-17) (2 PDFs) and attachment, Bates Nos. DEFS_0021020, 21021, 21022 | A, F, H |
| 1077 | ACS Work: Aaron Sims Creative 2022 Show Reel [https://www.aaronsimscreative.com] | CUTOFF, 402, 403 |
| 1078 | ACS Work: Aaron Sims Creative Jan 2023 UE5 Reel [https://www.aaronsimscreative.com] | CUTOFF, 402, 403 |
| 1079 | ACS Original: Tank [https://www.aaronsimscreative.com] | CUTOFF, 402, 403 |
| 1080 | ACS Original: Parlyzed [https://www.aaronsimscreative.com] | CUTOFF, 402, 403 |
| 1081 | ACS Original: Archetype [https://www.aaronsimscreative.com] | CUTOFF, 402, 403 |
| 1082 | ACS Original: Dive [https://www.aaronsimscreative.com] | CUTOFF, 402, 403 |
| 1083 | ACS Original: The Eye: Clanathek [https://www.aaronsimscreative.com] | CUTOFF, 402, 403 |
| 1084 | ACS Original: Nexus [https://www.aaronsimscreative.com] | CUTOFF, 402, 403 |
| 1085 | ACS 2002 Show Reel [https://www.aaronsimscreative.com] | CUTOFF, 402, 403 |
| 1093 | Native American and Christian Artifacts Reference Materials for use in the Creation of Totem Concept Art, Bates No. DEFS_0009497, 9500, 9510, 9516, 9519-9521, 9535, 9556-9573 [Exhibit D to Declaration of Aaron Sims - MSJ] | A, F, 402, 403 |
| 1097 | 2019-12-04 Email from Thuy Tien Nguyen to Jeffrey Kennedy re Stranger Things Cease and Desist Demand Letter, Bates No. IRISH 02317-353 [Exhibit N to Declaration of SGH - Motion for Sanctions] | 408, 402, 403, F, H<br><br>MIL 1 |
| 1107 | 2014-10-02 Email from Dan Cohen to Shawn Levy and Billy Rosenberg re: MONTAUK email, Bates No. DEFS_0000695 | A, F, H, 402, 403 |
| 1104 | Stranger Things Season 1 (Inclusive of Internal, | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---|---|---|
| | Parts, Resids) Bates No. DEFS_0069285 [Wunderlich Reliance Materials] | |
| 1105 | Stranger Things Season 2 (Inclusive of Internal, Parts, Resids), Bates No. DEFS_0069286 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1108 | Background: The Philadelphia Experiment, Bates No. DEFS0000762-772 | A, F, 402, 403 |
| 1109 | 2015-06-15 Email from Iain Paterson to Shawn Levy, Karl Gajdusek, Dan Cohen, and Ross Duffer re Wilmington Bates No. DEFS_0001774-775 | A, F, H, 402 |
| 1123 | 2015-05-06 Email from Dan Cohen to Shawn Levy re: MONTAUK=everything, Bates No. DEFS_0002578 | A, F, H, 402, 403 |
| 1131 | 2014-10-03 Email thread between Duffer Bros and Shawn Levy re From Shawn Levy, Bates No. DEFS_0012010 | 402, 403 |
| 1132 | 2015-07-14 Email thread between Brian Wright and Karl Gajdusek re title?, Bates No. DEFS_0012270 | A, F, H, 402, 403 |
| 1133 | 2015-08-18 Email thread between Brian Wright and Duffer Bros re New title idea, Bates No. DEFS_0013294-295 | 402, 403 |
| 1135 | 2015-08-13 Email from Duffer Bros to Matthew Golad re UDB Title Brainstorm, Bates No. DEFS_0013430 | 402, 403 |
| 1136 | 2015-08-13 Netflix Internal Brainstorm document, Bates No. DEFS_0013431-434 | 402, 403 |
| 1137 | 2015-08-10 Untitled Duffer Bros - Netflix Dyckman Document, Bates No. DEFS_0013435-13441 | 402, 403 |
| 1138 | 2015-08-06 Email thread between Duffer Bros and Brian Wright, Bates No. DEFS_0013543-545 | 402, 403 |
| 1143 | 2014-08-27 Email thread between Ross Duffer and Leigh Janiak re The "Montauk Project" Conspiracy, Bates No. DEFS_0050895-896 | A, F, H |
| 1146 | Email from Matt Thunell to Brian Wright and Ted Biaselli re Offers in from Sony, UPC, Legendary, | BE, A, F, H |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
|  | Alcon and IM Global, Bates No. DEFS_0052045 |  |
| 1147 | Email from Brian Wright to Cindy Holland re Title FYI, Bates No. DEFS_0052443 | A, F, 402, 403 |
| 1148 | 2015-08-14 Email thread between Duffer Brothers and Shawn Levy re Title Idea, Bates No. DEFS_0053012 | 402, 403, H |
| 1149 | Email from Matt Thunell to Cindy Holland re Unt Duffer Brothers Project - Title Search, Bates No. DEFS_0053078 | 402, 403 |
| 1150 | Email from Catherine Roscart to Ted Biaselli re Title ideas, Bates No. DEFS_0053079-3086 | A, F, 402, 403 |
| 1155 | Stranger Things S2_ CI Summary, Bates No. DEFS_0063946-957 [Samples Reliance Materials] | H, 402, 403 |
| 1156 | Stranger Things S4 Budget v45 20200309 Locked Pattern, Bates No. DEFS_0063958-4069 [Samples Reliance Materials] | H, 402, 403 |
| 1157 | STRANGER THINGS_Go Series Memo, Bates No. DEFS_0064075-076 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1158 | ST S3 Pattern Budget 042318 Final, Bates No. DEFS_0063749-816 [Samples Reliance Materials] | H, 402, 403 |
| 1159 | 2016-11-07 ST2 PATTERN BUDGETv5.3 110716 LOCKED, Bates No. DEFS_0063817-876 [Samples Reliance Materials] | H, 402, 403 |
| 1160 | 2015-10-07 Stranger Things 8 Epi Locked 10-07-15 Pattern V4, Bates No. DEFS_0063877-938 [Samples Reliance Materials] | H, 402, 403 |
| 1161 | Stranger Things MarComms Spend - Summary, Bates No. DEFS_0063939 [Samples Reliance Materials] | A, F, H, 402, 403, BE |
| 1162 | CALLSHEETS, Bates No. DEFS_0064077-83, 64085, 64087-115, 64117, 64119-335, 64337-354, 64711-760 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1163 | 10 Eps Key Dates, Bates No. DEFS_0064355 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1164 | Calendars, Bates No. DEFS_0064356, 64369-615, 64647-654, 64688-695, 64702-710 [Samples | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---|---|---|
| | Reliance Materials] | |
| 1165 | ST4 Russia 2_10, Bates No. DEFS_0064638-646 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1166 | ST4 weeks, Bates No. DEFS_0064655 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1167 | Tareco Cal (AS Vers 3), Bates No. DEFS_0064656-666 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1168 | 2016-03-08 Stranger_S1_Crew-List-Green_030816, Bates No. DEFS_0064761-782 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1169 | 2019-11-11 ST4 Continuous Filming 11_11_19(1), Bates No. DEFS_0064616-626 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1170 | 2019-11-11 ST4 Continuous Filming 11_11_19, Bates No. DEFS_0064627-637 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1171 | 2020-03-05 Tareco, IAP 3_1 Hawkins Lab ABQ 03052020, Bates No. DEFS_0064667-677 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1172 | ST4 Start Blk 2, For discussion (4_7), Bates No. DEFS_0064678-687 [Samples Reliance Materials] | A, F, H, 402, 403 |
| 1177 | 2001-07-06 19 TV Limited Agreement with Pearson Television Operations BV, Bates No. DEFS_0064783 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1178 | 1999-09-30 American Champion Media Licensing Agreement Brigther Child Interactive, Bates No. DEFS_0064792 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1179 | 1999-08-13 American Greetings Corporation S-1, Bates No. DEFS_0064801 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1180 | 2008-12-31 Avenue Pictures 10-K, Bates No. DEFS_0065215 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1181 | 1997-06-26 Avenue Pictures Amendment No. 1 to 10-SB, Bates No. DEFS_0065255 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1182 | 2008-12-31 Bejing Dadu Sunshine Film & Culture 10-K, Bates No. DEFS_0065329 [Wunderlich | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
|  | Reliance Materials] |  |
| 1183 | 2002-01-01 Beyond the Kingdom Limited Duration License Agreement with Raven Moon Home Video, Bates No. DEFS_0065374 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1184 | 2006-12-31 California Institute of Technology 10-KSB, Bates No. DEFS_0065376 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1185 | 2006-03-15 California Institute of Technology Software License Agreement with ViaSpace, Bates No. DEFS_0065475 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1186 | 2016-05-12 Chicken Soup for the Soul Entertainment License Agreement with Chicken Soup for the Soul, LLC, Bates No. DEFS_0065485 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1187 | 2016-09-01 Chicken Soup for the Soul Offering Circular, Bates No. DEFS_0065501 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1188 | 2007-09-30 Colorado Satellite Broadcasting 10-Q, Bates No. DEFS_0065594 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1189 | 2007-09-24 Colorado Satellite Broadcasting Amended and Restated Affiliation Agreement, Bates No. DEFS_0065646 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1190 | 2008-05-16 CopyTele Amended and Restated Technology License Agreement with Videocon, Bates No. DEFS_0065673 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1191 | 2006-12-31 Digital Music Group 10-K, Bates No. DEFS_0065696 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1192 | 2007-04-02 Digital Music Group Digital Music Download Sales Agreement with iTunes, Bates No. DEFS_0065773 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1193 | 2008-08-21 Dolphin Entertainment Amendment No. 2 to S-1, Bates No. DEFS_0065795 | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---|---|---|
| | [Wunderlich Reliance Materials] | |
| 1194 | Dolphin Entertainment Social network Platform License Agreement with Logica Holdings, Bates No. DEFS_0065887 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1195 | 2008-06-23 Dolphin Entertainment Intellectual Property License Agreement with Dolphin Digital Media, Bates No. DEFS_0065899 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1196 | 2006-11-15 Espre Solutions Software and Royalty License Agreement with Vizeo Solutions, Bates No. DEFS_0065916 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1197 | 2007-04-30 Espre Solutions Intellectual Property License Agreement with SureCast Media, Bates No. DEFS_0065941 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1198 | 2007-05-01 Espre Solutions Distribution of Proceeds & Revenue Share Agreement with SureCast, Bates No. DEFS_0065963 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1199 | 2006-04-14 Espre Solutions Intellectual Property License Agreement with Media Distribution Solutions, Bates No. DEFS_0065968 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1200 | 2007-11-08 Espre Solutions Form 10, Bates No. DEFS_0065989 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1201 | 2007-02-01 EuroMedia Holdings Corp 10-SB, Bates No. DEFS_0066079 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1202 | 2007-02-01 EuroMedia Holdings Corp Ex 10-SB, Bates No. DEFS_0066114 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1203 | 2006-07-11 EuroMedia Holdings Corp Video-on-Demand Content License Agreement with Rogers Cable Communications, Bates No. DEFS_0066149 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---|---|---|
| 1204 | 2006-09-01 EuroMedia Holdings Corp Agreement with Tangerine Global, Bates No. DEFS_0066161 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1205 | 2010-07-30 Experience Hendrix v. Times Newspapers Limited Judgment, Bates No. DEFS_0066163 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1206 | 2005-12-31 Global Entertainment Holdings 20-F, Bates No. DEFS_0066213 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1207 | 2010-03-31 Global Entertainment Holdings 10-Q, Bates No. DEFS_0066448 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1208 | 2010-01-04 Global Entertainment Holdings Exclusive License Agreement with Global Universal Pictures, Bates No. DEFS_0066478 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1209 | 2010-03-19 Global Entertainment Holdings Exclusive License Agreement with Global Universal Pictures, Bates No. DEFS_0066485 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1210 | 2005-05-31 Grupo Televisa Program License Agreement with Univision Communications, Bates No. DEFS_0066493 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1211 | 2004-03-30 HBI Sales Private Ltd. Agency Exploitation Agreement re Playbox Technology, Bates No. DEFS_0066514 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1212 | 2006-03-31 HBI Sales Private Ltd. Termination and Release Agreement re Playbox , Bates No. DEFS_0066530 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1213 | Playbox (US) Inc. Form SB-2, Bates No. DEFS_0066533 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1214 | 2007-09-30 Watchit Technologies, Inc. 10-KSB, Bates No. DEFS_0066662 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1215 | 2007-06-01 HUMWARE Media Corp. | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | Development, Maintenance & Royalty Agreement, Bates No. DEFS_0066719 [Wunderlich Reliance Materials] | |
| 1216 | 1998-01-22 Galacticomm Technologies Amendment No. 1 to SB-2, Bates No. DEFS_0066726 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1217 | 2001-03-30 J Group Holdings License Agreement with Infotopia, Bates No. DEFS_0066950 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1218 | 2001-03-31 Infotopia 10-QSB, Bates No. DEFS_0066962 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1219 | 2000-07-05 Mainframe Entertainment Merchandise License Agreement with ES Originals, Bates No. DEFS_0066985 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1220 | 2000-09-21 Mainframe Entertainment Merchandise License Agreement with Cutting Edge Industries, Bates No. DEFS_0066998 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1221 | 2000-09-30 American Champion Entertainment, Inc. 10-QSB, Bates No. DEFS_0067011 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1222 | 2007-11-30 Media Distribution Solutions Software and Technology Sub-License Agreement with Espre Solutions and All Link Live, Bates No. DEFS_0067025 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1223 | 2011-09-17 Meister Management Agreement with Insynergy Products, Bates No. DEFS_0067041 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1224 | 2023-01-12 Insynergy, Inc. S-1, Bates No. DEFS_0067059 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1225 | 1997-12-17 MGM Consumer Products Film Clip Usage Agreement with Hathaway Group, Bates No. DEFS_0067100 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1226 | 2004-11-03 Omni Media Distribution 8-K, Bates No. DEFS_0067107 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1227 | Paws Inc. "Garfield" Advertising Agreement with | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---|---|---|
|  | PetsMarketing Insurance.com Agency, Bates No. DEFS_0067115 [Wunderlich Reliance Materials] |  |
| 1228 | 2006-12-31 Claxson Interactive Group Inc. 20-F, Bates No. DEFS_0067125 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1229 | 1999-08-31 Playboy Enterprises International, Inc. License Agreement with Playboy TV International, LLC, Bates No. DEFS_0067271 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1230 | 2001-08-15 Claxson Interactive Group Amendment No. 5 to F-4, Bates No. DEFS_0067294 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1231 | 2006-12-01 Claxson Interactive Group 6-K, Bates No. DEFS_0067723 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1232 | 2006-11-10 Playboy TV-Latin America, LLC Third Amended & Restated Operating Agreement, Bates No. DEFS_0067728 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1233 | 2006-11-10 Playboy Tv-Latin America Amended & Restated Program Supply and Trademark License Agreement, Bates No. DEFS_0067790 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1234 | 2010-09-30 Taser International, Inc. 10-Q, Bates No. DEFS_0067828 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1235 | 2010-11-02 Taser International, Inc. Agreement with Kennedy, WDK Enterprises and RouteCloud, Bates No. DEFS_0067879 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1236 | 2006-07-26 SkyLynx Communications 8-K, Bates No. DEFS_0067888 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1237 | 2006-07-26 SkyLynx Communications License Agreement with Innovativec Concepts & Mgf. Co., Bates No. DEFS_0067891 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| 1238 | 2007-10-31 Espre Solutions Software and Royalty License Agreement with Blideo, Inc., Bates No. DEFS_0067904 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1239 | TAG Entertainment Distribution Agreement - Worldwide - Motion Picture & Television, Bates No. DEFS_0067936 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1240 | 2004-12-31 TAG Entertainment 10-KSB, Bates No. DEFS_0067955 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1241 | TAG Entertainment Distribution Agreement - Worldwide - Home Entertainment, Bates No. DEFS_0068006 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1242 | 2000-06-26 Torso Tiger License Agreement with Infotopia, Inc., Bates No. DEFS_0068017 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1243 | 2005-12-31 TV Limited - CKX 10-K, Bates No. DEFS_0068032 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1244 | 2015-03-13 Ubiquity Broadcasting - 8-K, Bates No. DEFS_0068107 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1245 | 2015-03-13 Ubiquity Broadcasting Non-Exclusive Commercial Technology License Agreemnt with Sprocket KH Limited, Bates No. DEFS_0068110 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1246 | 2015-03-24 Ubiquity Broadcasting Licenses to Sprocket Hong Kong, Bates No. DEFS_0068129 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1247 | 2014-12-31 Technoprises Ltd. 20-F, Bates No. DEFS_0068132 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1248 | 2004-02-18 Unicorp & Cat4view Exclusive License Agreement with Technoprises Apros & Chay Ltd., Bates No. DEFS_0068248 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1249 | 2006-06-10 VCL Communications Licence Agreement Term Sheet with New Medium Enterprises, Inc., Bates No. DEFS_0068253 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---|---|---|
| 1250 | 2001-12-31 Univision Communications 10-K, Bates No. DEFS_0068258 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1251 | 2001-12-19 Venevision International Corporation Second Amended and Restated Program License Agreement with Univision Communications Inc., Bates No. DEFS_0068353 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1252 | The Chose VidAngel - $13M Offering, Bates No. DEFS_0068372 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1253 | 2018-02-09 VidAngel Exclusive Video-on-Demand and Subscription Video-on-Demand License Agreeemnt with The Chosen, Bates No. DEFS_0068426 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1254 | 1996-11-30 Innovo Group Inc. 10-K, Bates No. DEFS_0068440 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1255 | 1997-03-31 Décor Group, Inc. 10-KSB, Bates No. DEFS_0068566 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1256 | 1996-07-03 Gargoyles, Inc. S-1, Bates No. DEFS_0068647 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1257 | 2006-05-31 WGL Entertainment Television Distribution Agreement with Television Syndication Company, Inc., Bates No. DEFS_0069275 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1258 | 2016-03-29 Xiamen Guangyu License Agreement with Feiyu Technology International Company Ltd., Bates No. DEFS_0069278 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1262 | 2015-10-07 Stranger Things Budget Summary, Bates No. DEFS_0069292 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1263 | 2011-11-07 Stranger Things Season 2 Budget Summary, Bates No. DEFS_0069295 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1264 | Stranger Things Season 3 Budget Summary, Bates No. DEFS_0069298 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---|---|---|
| 1265 | 2017-12-31 Netflix 10-K/A, Bates No. DEFS_0069308 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1266 | 2022-03-31 Netflix 10Q, Bates No. DEFS_0069384 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1267 | 2022-06-30 Netflix 10Q, Bates No. DEFS_0069418 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1268 | 2022-09-30 Netflix 10Q, Bates No. DEFS_0069456 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1269 | 2020-12-24 "Screenwriter Salary - How Much Do Screenwriters Really Make in 2022," studiobinder.com article, Bates No. DEFS_0069520 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1270 | 2022-03-01 WGAW Screenwriters Handbook, Bates No. DEFS_0069525 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1271 | 2016-05-02 Schedule of Minimus WGA 2014 Theatrical and Television Basic Agreement, Bates No. DEFS_0069545 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1272 | 0/0/2017 Schedule of Minimus WGA 2017 Theatrical and Television Basic Agreement, Bates No. DEFS_0069590 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1273 | 2021-11-01 Schedule of Minimus WGA 2020 Theatrical and Television Basic Agreement, Bates No. DEFS_0069639 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1274 | 2020-05-02 Schedule of Minimus WGA 2020 Theatrical and Television Basic Agreement Effective May 2, 2020 through May 1, 2023, Bates No. DEFS_0069692 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1275 | 2021-10-06 "The Writers' Deal Hub: WGA Screen Compensation Guide for Streaming Services," wga.org article, Bates No. DEFS_0070433 [Wunderlich Reliance Materials] | A, F, H, 402, 403 |
| 1279 | Stranger Things Cost Summary, Bates No. | A, F, H, 402, 403 |

| Ex. No. | Description | Objections |
|---|---|---|
| | DEFS_0053848 [Wunderlich Reliance Materials] | |
| 1281 | 2023-07-10    Aaronsimscreative.com    website    /   Portfolio | CUTOFF,    402, 403 |
| 1284 | 2015-02-28 Email from A. Wang to M. Thunell re "Montauk," Bates No. DEFS_0052636 | A, F, 402, 403 |
| 1285 | 2016-02-28 Email from M. Thunell to B. Wright re "montauk," Bates No. DEFS_0053537 | 402, 403 |
| 1290 | Poltergeist (1982) | F, 402, 403 |
| 1291 | E.T. (1982) | F, 402, 403 |
| 1292 | Black Orpheus (1959) | F, 402, 403 |
| 1293 | Constantine (2005) | F, 402, 403 |
| 1294 | Hellraiser (1987) | F, 402, 403 |
| 1295 | A Nightmare on Elm Street (1984) | F, 402, 403 |
| 1296 | Close Encounters of the Third Kind (1977) | F, 402, 403 |
| 1297 | Coraline (2009) | F, 402, 403 |
| 1298 | Back to the Future (1985) | F, 402, 403 |
| 1299 | Back to the Future II (1989) | F, 402, 403 |
| 1300 | Back to the Future III (1990) | F, 402, 403 |
| 1301 | American Graffitti (1973) | F, 402, 403 |
| 1302 | Hero with a Thousand Faces (1949) | F, 402, 403 |
| 1303 | Man and His Symbols (1964) | F, 402, 403 |
| 1304 | The Writer's Journey (1992) | F, 402, 403 |
| 1305 | Coogan's Bluff (1968) | F, 402, 403 |
| 1306 | Crocodile Dundee (1986) | F, 402, 403 |
| 1307 | The Evil Dead (1981) | F, 402, 403 |
| 1308 | Angel, S2E19-22 (2001) | F, 402, 403 |
| 1309 | The Exorcist (1973) | F, 402, 403 |
| 1310 | Invasion of the Body Snatchers (1956) | F, 402, 403 |
| 1311 | Rosemary's Baby (1968) | F, 402, 403 |
| 1312 | Hellboy (2004) | F, 402, 403 |
| 1313 | The Mist (2007) | F, 402, 403 |
| 1314 | Taken (2008) | F, 402, 403 |
| 1315 | The Sixth Sense (1999) | F, 402, 403 |
| 1316 | Carrie (1976) | F, 402, 403 |
| 1317 | Friday the 13th (1980) | F, 402, 403 |
| 1318 | Child's Play (1988) | F, 402, 403 |
| 1319 | The Frighteners (1996) | F, 402, 403 |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| 1320 | Frailty (2001) | F, 402, 403 |
| 1321 | Frankenstein (1931) | F, 402, 403 |
| 1322 | Dracula (1931) | F, 402, 403 |
| 1323 | It (1990) | F, 402, 403 |
| 1324 | Hidden (2012) | F, 402, 403 |
| 1325 | Dungeons & Dragons | F, 402, 403 |
| 1326 | Jaws (1975) | F, 402, 403 |
| 1327 | The Thing (1982) | F, 402, 403 |
| 1328 | Firestarter (1984) | F, 402, 403 |
| 1329 | Silent Hill (1999) | F, 402, 403 |
| 1330 | Super 8 (2011) | F, 402, 403 |
| 1331 | The Lion, the Witch, and the Wardrobe (1950) | F, 402, 403 |
| 1332 | Little Girl Lost, Twilight Zone episode (1962) | F, 402, 403 |
| 1333 | Breaking Away (1979) | F, 402, 403 |
| 1334 | The Mist (1980) | F, 402, 403 |
| 1335 | The Talisman (1984) | F, 402, 403 |
| 1336 | The Goonies (1985) | F, 402, 403 |
| 1337 | Labyrinth (1986) | F, 402, 403 |
| 1338 | The Langoliers (1995) | F, 402, 403 |
| 1339 | Elfen Lied (2004) | F, 402, 403 |
| 1340 | Magic the Gathering (1995) | F, 402, 403 |
| 1341 | Prisoners (2013) | F, 402, 403 |
| 1342 | Needful Things (1991) | F, 402, 403 |
| 1343 | Pan's Labrynth (2006) | F, 402, 403 |
| 1345 | 2010-07-31 Email from J. Kennedy to J. Norris et al. re Totem, Bates No. DEFS_0004719 | 402, 403<br><br>MIL 3 |
| 1346 | 2010-07-31 Email from J. Kennedy to J. Norris et al. re Totem, Bates No. DEFS_0004722 | 402, 403<br><br>MIL 3 |
| 1348 | 2010-07-07 Email from J. Kennedy to A. Sims re Friday, Bates No. DEFS_0004728 | 402, 403<br><br>MIL 3 |
| 1351 | 2010-08-12 Email from J. Kennedy to A. Sims et al. re Spoke with Pierre, Bates No. DEFS_0004745 | 402, 403<br><br>MIL 3 |
| 1352 | 2010-08-12 Email from J. Kennedy to A. Sims et | 402, 403 |

| Ex. No. | Description | Objections |
|---|---|---|
| | al. re Spoke with Pierre, Bates No. DEFS_0004747 | MIL 3 |
| 1353 | 2010-08-12 Email from J. Kennedy to J. Norris et al. re Spoke with Pierre, Bates No. DEFS_0004749 | 402, 403<br><br>MIL 3 |
| 1363 | 2012-03-04 Email from J. Kennedy to F. LoCascio et al. re Totem, Bates No. DEFS_0070440 | 402, 403<br><br>MIL 3 |
| 1365 | 2019-07-12 Email from J. Kennedy to J. Kennedy re Totem / M Night Shyamalan, Bates No. IRISH 02070 | 402, 403 |
| 1366 | 2019-10-26 Email from J. Elkins to J. Kennedy re Totem - One Sheet / Art / Script, Bates No. IRISH 02179 | 402, 403, H |
| 1375 | 2016-08-05 "What 'Stranger Things' Didn't Get Quite-So-Right About the Energy Department", Energy.gov (Aug. 5, 2016) available at https://www.energy.gov/articles/what-stranger-things-didnt-get-quite-so-right-about-energy-department [] | CUTOFF, A, F, H, 402, 403 |
| 1466 | 2023-07-12 Email from J. Osher to R. Ehler et al. re IRE v. Sims et al., No. 2:20-cv-06293-CBM-PLA - Rule 16-2 Correspondence | 402, 403, H |
| 1467 | Stranger Things - VFX Breakdown - 'Open Wide'.mp4 | CUTOFF, A, F, 402, 403 |
| 1468 | ASC_WonderWoman_AresCloudFace_v04_02-19-16.jpg | CUTOFF, 402, 403 |
| 1469 | ASC_WonderWoman_AresCloudFigures_v03_02-09-16.jpg | CUTOFF, 402, 403 |
| 1470 | ASC-Spiderman2-ElectroScene2-v1-(12-6-12).jpg | CUTOFF, 402, 403 |
| 1471 | perseus fight1.jpg | CUTOFF, 402, 403 |
| 1472 | Freddy_End-faceV02.jpg | CUTOFF, 402, 403 |
| 1473 | 1-20-09 Hades v (1).jpg | CUTOFF, 402, 403 |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| 1474 | 2-18-09_Kraken_v01-.jpg | CUTOFF, 402, 403 |
| 1475 | 30days of night Vampire1.jpg | CUTOFF, 402, 403 |
| 1476 | Abom_Body_concept_v02.jpg | CUTOFF, 402, 403 |
| 1477 | Alien Hand-6.jpg | CUTOFF, 402, 403 |
| 1478 | Alien Hands-5.jpg | CUTOFF, 402, 403 |
| 1479 | BlackSwanDancer-V13.jpg | CUTOFF, 402, 403 |
| 1480 | Fury V1.jpg | CUTOFF, 402, 403 |
| 1481 | HellHound_v02.jpg | CUTOFF, 402, 403 |
| 1482 | Medusa_Full body_stage1_v03-.jpg | CUTOFF, 402, 403 |
| 1483 | Minotaur_v03.jpg | CUTOFF, 402, 403 |
| 1484 | Mouth_v01.jpg | CUTOFF, 402, 403 |
| 1485 | screenshot_6581.png | CUTOFF, 402, 403 |
| 1486 | screenshot_6582.png | CUTOFF, 402, 403 |
| 1487 | The Lizard_FullBody_No_Clothes-V01.jpg | CUTOFF, 402, 403 |
| 1488 | tongue_front_2.jpg | CUTOFF, 402, 403 |
| 1489 | tongue3.jpg | CUTOFF, 402, 403 |
| 1490 | Tunnel_v01.jpg | CUTOFF, 402, 403 |
| 1491 | ww2_bunker_2.jpg | CUTOFF, 402, 403 |
| 1492 | 2016-08-10 Letter | CUTOFF, A, F, |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | H, 402, 403 |
| 1496 | 2017-10-14 The Guardian article "The Duffer Brothers: 'Could We Do What Spielberg Did in the 80s and Elevate It Like He Did?'" | A, F, H, 402, 403 |
| 1497 | 2019-05-05 THR article: "'Stranger Things' Lawsuit Dropped on Eve of Trial" | A, F, H, 402, 403 |
| 1498 | AST_ST_Mantauk_Turntable.v03.mov | CUTOFF, 402, 403 |
| 1499 | Alien (1979) | F, 402, 403 |
| 1500 | Walkie-talkies used by Mike Wheeler, Dustin Henderson, Lucas Sinclair, and Will Byers | 402, 403 |
| 1501 | Dungeons and Dragons game played by Mike Wheeler, Dustin Henderson, Lucas Sinclair, and Will Byers including game board, miniatures, dice and notebooks | 402, 403 |
| 1502 | Eggo waffle box | 402, 403 |
| 1503 | Joyce Byers' Christmas lights | 402, 403 |
| 1504 | Dustin Henderson's hats from Season 1 and Season 2 | 402, 403 |
| 1505 | Castle Byers fort sign | 402, 403 |
| 1506 | Bicycles ridden by Mike Wheeler, Dustin Henderson, Lucas Sinclair, and Will Byers | 402, 403 |
| 1507 | Eleven's pink dress | 402, 403 |
| 1508 | Eleven's blonde wig | 402, 403 |
| 1509 | Barbara Holland's glasses | 402, 403 |
| 1510 | Will Byers' vest | 402, 403 |
| 1511 | Max Mayfield's Walkman | 402, 403 |
| 1512 | Scoops Ahoy uniform | 402, 403 |
| 1513 | Hellfire Club shirt | 402, 403 |
| 1514 | Telephone from Byers' residence | 402, 403 |
| 1515 | Cujo (1983) | 402, 403 |
| 1516 | Ghostbusters (1984) | 402, 403 |

EXHIBIT B

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 46 | August 18, 2014 emails between Warner Bros., ASC, and Duffer Brothers  [DEFS_0053780-DEFS_0053781] | 402, 403 |
| 47 | Foreword to Stranger Things: Worlds Turned Upside Down | 106 |
| 48 | Video - Undated video interview of Matt and Ross Duffer [IRISH 004963] | 106 |
| 51 | Video - White House Student Film Festival featuring Duffer Brothers, Shawn Levy, Millie Bobby Brown [IRISH 004966] | 106 |
| 53 | Wikipedia Page Cited in Email to Brian Wright | A, F, H, 402, 403, 404, MIL 3 |
| 56 | June 2015 email between Brian Wright and Duffer Brothers [DEFS 0052410] | 402, 403, 404, MIL 3 |
| 57 | June 9, 2015 email from Duffer Brothers to Brian Wright re: Montauk of images [DEFS_0052405-DEFS_0052406] | 402, 403, 404, MIL 3 |
| 61 | Matthew Thunell's emailed notes to self, Untitled Duffer Brothers Clearances  [DEFS_0052885-DEFS_0052886] | 402, 403, 404, MIL 3 |
| 64 | Loan Out Agreement [DEFS_0053791-DEFS_0053814] | 403 |
| 70 | Aaron Sims Creative – Making a Monster for Stranger Things article | A, F, H |
| 73 | January 28, 2018 tweet of young Demogorgon, designed by Sims | A, F, H |

| Ex. No. | Description | Defendants' Objections |
|---|---|---|
| 74 | September 8, 2016 video – Gnomon Panel Interview ft. Aaron Sims and Steffen Reichstadt "Bringing Stranger Things to Life: An Evening With Aaron  Sims Creative" [IRISH 4970] | H, MIL 3, 404, 403 |
| 75 | July 2019 emails between Pierre de Lespinois and Steffen Reichstadt [DEFS_0002896-DEFS_0002897] | 106, H, 402, 403, MIL 4, MIL 7 |
| 76 | E-mail with Totem draft #6 [DEFS_0002998-DEFS_0003111] | MIL 7, 402, 403 |
| 77 | January 26, 2010 email from Jeffrey Kennedy to Aaron Sims with latest draft of Totem [DEFS_0003218-DEFS_0003329] | MIL 7, 402, 403 |
| 78 | January 27, 2010 email from Jeffrey Kennedy to Aaron Sims re: The Cold [DEFS_0003586] | MIL 3, 402, 403, 404, H |
| 79 | February 2010 emails between Aaron Sims and Jeffrey Kennedy [DEFS_0003748] | MIL 3, 402, 403, 404 |
| 80 | February 12, 2010 John Copeland emails Totem Prop Report and Set Dressing Report  [DEFS_0003632-DEFS_0003713] | MIL 7, 402, 403 |
| 81 | March 19, 2010 email from Pierre de Lespinois to Aaron Sims attaching Totem script [DEFS_0003760-DEFS_0003871] | MIL 7, 402, 403 |
| 82 | May 7, 2010 email from Jeffrey Kennedy to Aaron Sims attaching Totem script  [DEFS_0003946-DEFS_0004056] | MIL 7, 402, 403 |
| 83 | June 10, 2010 email from Jeffrey Kennedy to Evergreen and Aaron Sims attaching Totem script [DEFS_0004297-DEFS_0004406] | MIL 7, 402, 403 |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 84 | June 15, 2010 email from Jeffrey Kennedy to Aaron Sims [DEFS_0004628] | MIL 3, 402, 403, 404 |
| 85 | July 2010 emails between John Norris, Jeffrey Kennedy, and Aaron Sims re: ownership of concept art [DEFS_0004721] | 402, 403, H |
| 86 | August 3, 2010 email from Jeffrey Kennedy to Aaron Sims attaching Totem concept art and script [DEFS_0005174-DEFS_0005583] | 106, 402, 403, MIL 7 |
| 87 | August 2010 emails containing coverage notes paid for by ASC on Totem [DEFS_0006007] | H |
| 88 | August 2010 emails between John Norris and Jeffrey Kennedy [DEFS_0002957-DEFS_0002958] | H |
| 89 | October 8, 2010 email regarding Totem coverage notes [DEFS_0003613-DEFS_0003620] | H |
| 95 | November 10, 2017 email from Reichstadt to Aaron Sims forwarding Jeffrey Kennedy's email [DEFS_0006010] | H |
| 96 | July 11, 2019 email from Jeffrey Kennedy to Aaron Sims attaching Totem and Stranger Things comparison [DEFS_0008071-DEFS_0008075] | 402, 403, H, BE, MIL 6, MIL 7 |
| 97 | Steffen Reichstadt IMDB Page | A, H, F |
| 98 | Glassdoor complaint against ASC | MIL 3, 402, 403, 404, A, H, F; Plaintiff represented to the Court that it would withdraw this exhibit. |
| 111 | Defendant's Third Amended and Supplemental Responses and | H, F, MIL 1 |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| | Objections to Plaintiff Special Interrogatories, Set Two 14 pages | |
| 112 | US Impact Value Calculations for Stranger Things [DEFS_0063341] | 402, 403, H, F, MIL 1 |
| 113 | October 16, 2021 article by Lucas Shaw [IRISH 05187-IRISH 05191] | 402, 403, H, F, A, BE, MIL 1 |
| 114 | July 2016 to July 2022 Stranger Things Season 1 streaming hours [DEFS_0053850] | 402, 403, F, MIL 1 |
| 115 | July 2016 to July 2020 total streaming hours [DEFS_0053851] | 402, 403, F, MIL 1 |
| 116 | Stranger Things streaming hours US Seasons 2 and 3 [DEFS_0063339-DEFS_0063340] | 402, 403, F, MIL 1 |
| 117 | January 2012 to February 2022 WW Hours [DEFS_0062825-DEFS_0062828] | 402, 403, F, MIL 1 |
| 118 | Revenue and Paid Memberships spreadsheet | 402, 403, F, MIL 1 |
| 119 | Netflix, Inc.'s Supplemental Response to Plaintiff's Special Interrogatories, Set One | H, F, MIL 1 |
| 120 | October 6, 2015 email chain between Duffer brothers and Lynda Reiss, "Re: Will's Drawing in 105" | MIL 3, 402, 403, 404, H |
| 121 | October 15, 2015 email chain between Shawn Levy Duffer brothers, "Re: 103 and 104" | MIL 3, 402, 403, 404, H |
| 122 | October 4, 2015 email chain between Duffer brothers and Dan Hindmarch, "Re: STRANGER THINGS #101 – PINK 101 Questions" | MIL 3, 402, 403, 404, H |
| 126 | December 2019 email containing terms of 21 Laps, Inc.'s deal with Netflix [DEFS_0062930-DEFS_0062933] | 402, 403, H, F, A, BE, MIL 1 |

| Ex. No. | Description | Defendants' Objections |
|---|---|---|
| 127 | Declaration of Elena Garnica In Opposition to Plaintiff's Motion to Compel Further Response to Requests for Production [Dkt. 65-2 (Ex Parte)] | 402, 403, H, F, MIL 1 |
| 128 | Declaration of Lisa Kramer | 402, 403, H, F, MIL 1 |
| 129 | Summary of consumer products revenue [DEFS_0053849] | 402, 403, H, F, MIL 1 |
| 130 | Summary of consumer products revenue [DEFS_0063729] | 402, 403, H, F, MIL 1 |
| 131 | Experience & Creative Consultancy Agreement [DEFS_0063489-DEFS_0063502] | 402, 403, F, MIL 1 |
| 132 | Master Publishing License Agreement [DEFS_0063436-DEFS_0063459] | 402, 403, F, MIL 1 |
| 133 | Master Merchandising License Agreement [DEFS_0063371-DEFS_0063390] | 402, 403, F, MIL 1 |
| 140 | September 22, 2022 Expert Report of John Winston Rainey | 402, 403, H, MIL 4, MIL 6, MIL 7 |
| 141 | November 4, 2022 Rebuttal Expert Report of John Winston Rainey | 402, 403, H, MIL 4, MIL 6, MIL 7 |
| 142 | August 9, 2022 Jeffrey Kennedy Deposition excerpts [pp. 133, 253-254] | 402, 403, H, MIL 4, 32 |
| 148 | "Totem" screenplay [Exhibit 7 to First Amended Complaint; Dkt. 10-7] | 106, 402, 403, MIL 2 |
| 150 | September 22, 2022 Preliminary Expert Report of Prof. Jeffrey Sedlik | 402, 403, H, MIL 4, MIL 6, MIL 7 |
| 151 | Curriculum Vitae - Mickey Ferri, PhD | 403, H, MIL 1 |

| Ex. No. | Description | Defendants' Objections |
|---|---|---|
| 152 | Expert Report of Mickey A. Ferri, PhD | 402, 403, H, MIL 1, MIL 4, MIL 6, MIL 7 |
| 165 | November 4, 2022 Rebuttal Expert Report of Lester  A. Standiford | 403, H |
| 166 | Video clip with the file title "Stranger Things Season 4 Jason's Speech" | 106, 403 |
| 167 | Video - Audio recording from episode of IN THE ENVELOPE – an Awards Podcast featuring Noah Schnapp [IRISH 004967] | 106, H, MIL 4, A, F |
| 168 | Multipage document titled on the first page "Exhibit 2, TOTEM: SIMILARITIES IN SELECTION & ARRANGEMENT" [Dkt. 37-2] | 403, A, F, H, MIL 4, MIL 6, MIL 7 |
| 169 | Rebuttal Expert Report of Michael Knapp | 403, H |
| 170 | "The Visual Effects Behind Stranger Things' Monster" | 402, 403, MIL 7, H |
| 171 | August 1, 2022 Artwork Comparison - Exhibit No. 1 | 402, 403, A, F, H, MIL 4, MIL 6, MIL 7 |
| 172 | Demogorgon DD.pdf | 106, 402, 403, A, F, H |
| 173 | Mind Flayer DD.pdf | 106, 402, 403, A, F, H |
| 174 | November 4, 2022 Expert Report of Keith Samples | 403, H |
| 200 | June 19, 2007 Lightning Shower in Jackson Hole, Copyright Reg. No. Pau3-133-215 [IRISH 00058-59] | 402, 403 |
| 201 | May 1, 2008 Chain of Being, Copyright Reg. No. Pau3-454-906 [IRISH 00060-62] | 402, 403 |
| 202 | March 19, 2015 Totem: The Story of a Wounded Warrior, Copyright Reg. No. Pau3-771-261  [IRISH 00068-70] | 402, 403 |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 203 | May 6, 2020 Totem, Copyright Reg. No. TXu2-193- 423 [IRISH 00065-67] | 402, 403 |
| 204 | December 27, 2010 Totem Concept Art, Copyright Reg. No. PA1-762-543 [IRISH 00063-64] | 402, 403 |
| 205 | 2018 Stranger Things: Worlds Turned Upside Down, with forward by Ross and Matt Duffer | 106 |
| 206 | November 12, 2009 email from John Copeland to Sims and John Norris attaching Totem 11/5/09 script [DEFS_0002998-DEFS_000311] | 402, 403 |
| 207 | August 3, 2010 emails between Kennedy, Sims and Norris after Evergreen termination [DEFS_0002957-DEFS_0002958] | 402, 403, H, MIL 4, MIL 7 |
| 209 | June 2019 and July 2019 emails between Kennedy, Sims, Reichstadt [IRISH 01621-IRISH 01625] | 106, 402, 403, H, MIL 4, MIL 7 |
| 210 | May 16, 2015 email from Duffers to Carmen Cuba re: shaved head [DEFS_0014461] | 402, 403, MIL 4, MIL 7 |
| 212 | February 4, 2009 Development Services/production Attachment Agreement, IRE/Evergreen  [IRISH 00033-IRISH 00049] | H |
| 213 | July 15, 2009 email re upload of images for Totem imagery by Pierre de Lespinois [DEFS_0002896] | 106, H, 402, 403, MIL 4, MIL 7 |
| 214 | January 26, 2010 email from Kennedy to Sims and Norris with 1/22/10 script  [DEFS_0003218-DEFS_3329] | 402, 403, MIL 7 |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 215 | May 20, 2010 emails from Kennedy to Sims and Norris with script notes [DEFS_0003909] | 402, 403, F, H, MIL 4, MIL 7 |
| 216 | August 1, 2010 email from Kennedy to Sims and Norris re: WME packaging deal [DEFS_0004721] | 402, 403, A, H, F |
| 217 | August 31, 2010 emails from Kennedy to Norris and Sims re: extricating from Evergreen, Norris payment for coverage notes [DEFS_0005996] | 402, 403, F, H, MIL 4, MIL 7 |
| 218 | July 26, 2015 emails between Duffers and Levy (reference to shaved head) [DEFS_0002414-DEFS_0002415] | 402, 403, MIL 4, MIL 7 |
| 219 | November 1, 2016 email from Brian Crocker to Elizabeth Bradley re: Totem Script | 402, 403, H |
| 220 | June 1, 2010 emails between Jeffrey Kennedy and Aaron sims with concept art for Azrael's sanctuary [DEFS_0004289-DEFS_4292] | 402, 403, MIL 7 |
| 221 | June 16, 2010 email from Kennedy to Norris and Sims re: The Trees [DEFS_0004633] | MIL 3, 403, 404, H |
| 222 | July 17, 2010 email from de Lespinois attaching Von Sholly storyboards [DEFS_0004663-DEFS_0004712] | 402, 403, MIL 4, MIL 7 |
| 223 | July 18, 2010 email from Kennedy to Sims with notes on Von Sholly storyboards [DEFS_0004715] | 402, 403, MIL 7, MIL 4, BE |
| 224 | May 9, 2011 receipt evidencing meeting at The Lot between Kennedy, Sims, Norris [IRISH 001352] | DUPE, 402, 403, A, F, H |

| Ex. No. | Description | Defendants' Objections |
|---|---|---|
| 225 | December 3, 2013 Kennedy email to Reichstadt asking for catch up [DEFS_0002959] | Reserved - bates number appears to be incorrect. |
| 226 | August 23, 2015 email from Sims to Duffers with latest version of "creatures mouth open" [DEFS_0008379-DEFS_0008383] | DUPE, none |
| 228 | June 12, 2015 email Bryan Noon to Brian Wright re: title change due to clearance issues [DEFS_0052387] | 403, 404, MIL 3 |
| 230 | July 20, 2015 email from Duffers to Wright, Thunnell re: Demogorgon [DEFS_0002417-DEFS_0002419] | 404, 403, MIL 3 |
| 231 | Charles Brink Resume | 402, MIL 5 |
| 232 | July 19, 2015 email from Duffer Bros. to Shawn Levy and Dan Cohen containing link to "latest monster design". [DEFS_000935] | 106, 404, 403, MIL 3 |
| 233 | 2013 Totem Film Prospectus [IRISH 00111-IRISH 00132] | 402, 403, MIL 4, MIL 7 |
| 234 | Excerpt from Netflix's Market Positioning Discussion Deck [DEFS_0000185] | 106, 404, 403, MIL 3 |
| 235 | Closed face version of Azrael created by Sims [IRISH 02494] | 402, 403, MIL 7 |
| 236 | Storyboards showing Azrael's mouth opening in a way that is | 402, 403, MIL 7 |

| Ex. No. | Description | Defendants' Objections |
|---|---|---|
|  | similar to the way in which the mouth of Sims' Demogorgon monster opens up [IRISH 02596] |  |
| 237 | An excerpt from the Totem script describing the demise of Azrael [IRISH 00980] | 106 |
| 238 | A screen shot from Stranger Things showing the demise of the Demogorgon [IRISH 002818] | 106, 402, 403, MIL 4, MIL 6, MIL 7; document incorrectly described |
| 239 | Poster incorporating Winona Ryder's likeness [IRISH 02577] | 402, 403, MIL 4, MIL 7 |
| 240 | Poster Sims created showing Kimi with shaved head [IRISH 002734] | 106, 402, 403, A, F, MIL 4, MIL 6, MIL 7; document incorrectly described |
| 241 | Jeffrey Kennedy's response to Norris' email, attached the Totem screenplay and storyboards [DEFS_0005174-DEFS_0005583] | DUPE, 106, 402, 403, MIL 7 |
| 242 | August 31, 2010 email from Norris (confirming payment for coverage notes) [DEFS_0005996] | DUPE, 402, 403, F, H, MIL 4, MIL 7 |
| 243 | Jeffrey Kennedy email regarding funding [DEFS_0003597] | 402, 403, H |
| 244 | Copy of a receipt from the lunch that Jeffrey Kennedy had with Norris at The Lot [IRISH 01352] | DUPE, 402, A, F, H |
| 245 | September 8, 2016 video - Gnomon Panel Interview ft. Aaron Sims and Steffen Reichstadt "Bringing Stranger Things to Life: An Evening With Aaron Sims Creative" [IRISH 4970] | DUPE, 106,  H, MIL 3, 403 , 404 |
| 246 | E-mails from Sims regarding Plaintiff's Totem screenplay [DEFS_0003748, DEFS_0003872] | 402, 403, MIL 7 |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 247 | May 2015 and June 2015 e-mails between the Duffer Brothers and Sims regarding the hiring of Sims as a concept artist for Montauk as well as Sims' initial creatures designs  [DEFS_0008297-DEFS_0008298, DEFS_0008304, DEFS_0008684-DEFS_0008695, and DEFS_0008762-DEFS_0008772] | 106 |
| 248 | May 31, 2016 e-mail between the Duffers and Sims regarding Sims' work on Stranger Things, Season 1 [DEFS_0062855] | DUPE, none |
| 249 | Video - Chapman University Closing Convocation Address 2019 – Matt & Ross Duffer Speech [IRISH 4962] | 106, 402, 403, 404, MIL 3 |
| 250 | Internal Netflix e-mails from Thunnell to himself re: clearance issues [DEFS_0052885-DEFS_0052886] | DUPE, 402, 403, 404, MIL 3 |
| 251 | June 10, 2015 e-mail from the Duffer Brothers to Netflix [DEFS_0052402-DEFS_0052403] | DUPE, 403, 404, MIL 3 |
| 252 | Document regarding substantial similarities between Totem and Stranger Things | 106, 402, 403, H, MIL 4, MIL 6, MIL 7 |
| 253 | Document with 60 examples of similarities between Totem and Stranger Things, including similar images, concept art, storyboards, screen grabs, excerpts from the Totem script, etc. | 106, 402, 403, H, MIL 4, MIL 6, MIL 7 |
| 255 | September 22, 2022 initial report entitled Comparing Stranger Things | H, 402, 403, MIL 7 |

| Ex. No. | Description | Defendants' Objections |
|---|---|---|
| | To Totem—Statement by John Winston Rainey | |
| 256 | Chart that identifies more than thirty (30) comparisons of dialogue between Totem and Stranger Things, which bolsters John Winston Rainey's opinion of substantial similarity with the extrinsic factor of dialogue | H, 402, 403, MIL 7 |
| 258 | Lists of Materials Considered [Exhibit B to Expert Report of Jeffrey Sedlik] | 402, 403 |
| 259 | 2007 Totem Treatment [IRISH 05242-IRISH 05257] | MIL 7, 402, 403 |
| 260 | 2007 Script Draft [IRISH 05258-IRISH 05374] | MIl 7, 402, 403 |
| 261 | 2008 draft Totem screenplay [IRISH 05375-IRISH 05492] | MIL 7, 402, 403 |
| 262 | 2009 draft Totem screenplay [IRISH 05493-05611] | MIL 7, 402, 403 |
| 263 | 2010-A draft Totem screenplay [IRISH 05612-IRISH 05722] | MIL 7, 402, 403 |
| 264 | 2010-B draft Totem screenplay [IRISH 05723-IRISH 05831] | MIL 7, 402, 403 |
| 265 | 2011 draft Totem screenplay [IRISH 05832-IRISH 05939] | MIL, 402, 403 |
| 266 | 2012 draft Totem screenplay [IRISH 05940-IRISH 06060] | MIL 7, 402, 403 |
| 267 | 2013 draft Totem screenplay [IRISH 06061-IRISH 06180] | MIL 7, 402, 403 |
| 268 | 2014 draft Totem screenplay [IRISH 06181-IRISH 06299] | MIL 7, 402, 403 |
| 269 | 2015 draft Totem screenplay [IRISH 06300-IRISH 06424] | MIL 7, 402, 403 |
| 274 | Materials Considered or Relied Upon  [Exhibit A-2 to Expert Report of Mickey Ferri] | MIL 1, H |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 275 | Summary of Damages (Netflix) – By Season: Full Overlap [Exhibit B-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 276 | Summary of Damages (Netflix) – By Revenue Source: Full Overlap [Exhibit B-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 277 | Summary of Damages (Each Defendant) - By Season: Full Overlap [Exhibit B-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 278 | Summary of Damages (Each Defendant) - By Revenue Source: Full Overlap [Exhibit B-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 279 | Summary of Damages (Each Defendant) - Profits Attributable to Infringement: Full Overlap [Exhibit B-5 to Expert Report of Mickey Ferri] | MIL 1, H |
| 280 | Summary of Royalty Base (Netflix): Full Overlap [Exhibit B-6 to Expert Report of Mickey Ferri] | MIL 1, H |
| 281 | Damages as a Share of Economic Value and Profits (Worldwide): Full Overlap [Exhibit B-7 to Expert Report of Mickey Ferri] | MIL 1, H |
| 282 | Summary of Damages (Netflix) – By Season: Partial Overlap [Exhibit C-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 283 | Summary of Damages (Netflix) – By Revenue Source: Partial Overlap [Exhibit C-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 284 | Summary of Damages (Each Defendant) - By Season: Partial | MIL 1, H |

| Ex. No. | Description | Defendants' Objections |
|---|---|---|
|  | Overlap [Exhibit C-3 to Expert Report of Mickey Ferri] |  |
| 285 | Summary of Damages (Each Defendant) - By Revenue Source: Partial Overlap [Exhibit C-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 286 | Summary of Damages (Each Defendant) - Profits Attributable to Infringement: Partial Overlap [Exhibit C-5 to Expert Report of Mickey Ferri] | MIL 1, H |
| 287 | Summary of Royalty Base (Netflix): Partial Overlap [Exhibit C-6 to Expert Report of Mickey Ferri] | MIL 1, H |
| 288 | Damages as a Share of Economic Value and Profits (Worldwide): Partial Overlap [Exhibit C-7 to Expert Report of Mickey Ferri] | MIL 1, H |
| 289 | Summary of Damages (Netflix) – Season 1 [Exhibit D-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 290 | Summary of Damages (Netflix) – Season 2 [Exhibit D-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 291 | Summary of Damages (Netflix) – Season 3 [Exhibit D-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 292 | Summary of Damages (Netflix) – Season 4 [Exhibit D-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 293 | Summary of Damages (Netflix) – Season 5 [Exhibit D-5 to Expert Report of Mickey Ferri] | MIL 1, H |
| 294 | Summary of Damages (All Defendants) – Season 1 [Exhibit D-6 to Expert Report of Mickey Ferri] | MIL 1, H |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 295 | Summary of Damages (All Defendants) – Season 2 [Exhibit D-7 to Expert Report of Mickey Ferri] | MIL 1, H |
| 296 | Summary of Damages (All Defendants) – Season 3 [Exhibit D-8 to Expert Report of Mickey Ferri] | MIL 1, H |
| 297 | Summary of Damages (All Defendants) – Season 4 [Exhibit D-9 to Expert Report of Mickey Ferri] | MIL 1, H |
| 298 | Summary of Damages (All Defendants) – Season 5 [Exhibit D-10 to Expert Report of Mickey Ferri] | MIL 1, H |
| 299 | Summary of Netflix Profits [Exhibit E-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 300 | Profits Allocated to Stranger Things – Season 1 [Exhibit E-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 301 | Profits Allocated to Stranger Things – Season 2 [Exhibit E-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 302 | Profits Allocated to Stranger Things – Season 3 [Exhibit E-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 303 | Profits Allocated to Stranger Things – Season 4 [Exhibit E-5 to Expert Report of Mickey Ferri] | MIL 1, H |
| 304 | Profits Allocated to Stranger Things – Season 5 [Exhibit E-6 to Expert Report of Mickey Ferri] | MIL 1, H |
| 305 | Streaming Contribution Profits Allocated to Stranger Things - Season 1  [Exhibit E-7 to Expert Report of Mickey Ferri] | MIL 1, H |
| 306 | Streaming Contribution Profits Allocated to Stranger Things - | MIL 1, H |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| | Season 2 [Exhibit E-8 to Expert Report of Mickey Ferri] | |
| 307 | Streaming Contribution Profits Allocated to Stranger Things - Season 3 [Exhibit E-9 to Expert Report of Mickey Ferri] | MIL 1, H |
| 308 | Streaming Contribution Profits Allocated to Stranger Things - Season 4 [Exhibit E-10 to Expert Report of Mickey Ferri] | MIL 1, H |
| 309 | Streaming Contribution Profits Allocated to Stranger Things - Season 5 [Exhibit E-11 to Expert Report of Mickey Ferri] | MIL 1, H |
| 310 | Summary of Value of Streaming Revenues Allocated to Stranger Things [Exhibit F-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 311 | Value of Streaming Revenues Allocated to Stranger Things – Season 1 [Exhibit F-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 312 | Value of Streaming Revenues Allocated to Stranger Things – Season 2 [Exhibit F-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 313 | Value of Streaming Revenues Allocated to Stranger Things – Season 3 [Exhibit F-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 314 | Value of Streaming Revenues Allocated to Stranger Things – Season 4 [Exhibit F-5 to Expert Report of Mickey Ferri] | MIL 1, H |
| 315 | Value of Streaming Revenues Allocated to Stranger Things – | MIL 1, H |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
|  | Season 5  [Exhibit F-6 to Expert Report of Mickey Ferri] |  |
| 316 | Overlap Analysis (with salary and survey data) [Exhibit G-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 317 | Overlap Analysis (equal weighting) [Exhibit G-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 318 | Overlap Analysis by Characters (Characters Including Monsters) [Exhibit G-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 319 | Overlap Analysis by Characters (Human Characters Only) [Exhibit G-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 320 | Overlap Analysis (Wikipedia Character Lists) [Exhibit G-5 to Expert Report of Mickey Ferri] | MIL 1, H, A, F |
| 321 | Overlap Analysis (IMDb Character List and Episode Counts)  [Exhibit G-6 to Expert Report of Mickey Ferri] | MIL 1, H |
| 322 | Overlap Analysis (Netflix Main Characters and Episode Count) [Exhibit G-7 to Expert Report of Mickey Ferri] | MIL 1, H |
| 323 | Overlap Analysis (IMDb Character List Weighted by Salary) [Exhibit G-8 to Expert Report of Mickey Ferri] | MIL 1, H |
| 324 | Overlap Analysis (IMDb Character List Weighted by Favorite Characters)  [Exhibit G-9 to Expert Report of Mickey Ferri] | MIL 1, H |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 325 | Data from Survey on Favorite Stranger Things Characters [Exhibit G-10 to Expert Report of Mickey Ferri] | MIL 1, H |
| 326 | Data on Character Episode Appearances [Exhibit G-11 to Expert Report of Mickey Ferri] | MIL 1, H |
| 327 | Overlap Analysis Summary (Plot Line, Sequence, and Theme Summaries) [Exhibit G-12 to Expert Report of Mickey Ferri] | MIL 1, H |
| 328 | Plot, Sequence, and Theme Overlap Analysis [Exhibit G-13 to Expert Report of Mickey Ferri] | MIL 1, H |
| 329 | Analysis of Additional Elements of Overlap [Exhibit G-14 to Expert Report of Mickey Ferri] | MIL 1, H |
| 330 | Netflix Subscribers  [Exhibit H-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 331 | Netflix U.S. Paid Streaming Subscribers and Revenue  [Exhibit H-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 332 | Netflix Worldwide Paid Streaming Subscribers and Revenue  [Exhibit H-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 333 | Netflix Domestic Streaming Contribution Margin [Exhibit H-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 334 | Netflix International Streaming Contribution Margin [Exhibit H-5 to Expert Report of Mickey Ferri] | MIL 1, H |
| 335 | Netflix Worldwide Streaming Contribution Margin [Exhibit H-6 to Expert Report of Mickey Ferri] | MIL 1, H |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 336 | Netflix Revenue and Subscriber Data  [Exhibit H-7 to Expert Report of Mickey Ferri] | MIL 1, H |
| 337 | Netflix Discount Rate Indicators [Exhibit H-8 to Expert Report of Mickey Ferri] | MIL 1, H |
| 338 | Netflix Streaming Hours Allocated to Stranger Things (Worldwide Annual)  [Exhibit I-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 339 | Netflix Streaming Hours Allocated to Stranger Things (U.S. Annual) [Exhibit I-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 340 | Viewership Hours per Subscriber [Exhibit I-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 341 | Worldwide Viewership Data from January 2012 Through February 2022  [Exhibit I-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 342 | U.S. Viewership Data from January 2012 Through December 2021 [Exhibit I-5 to Expert Report of Mickey Ferri] | MIL 1, H |
| 343 | Worldwide Viewership Estimates from January 2022 to September 11, 2022  [Exhibit I-6 to Expert Report of Mickey Ferri] | MIL 1, H |
| 344 | Netflix Global Top 10 Show Viewership Hours [Exhibit I-7 to Expert Report of Mickey Ferri] | MIL 1, H |
| 345 | Stranger Things Worldwide Viewership Hours [Exhibit I-8 to Expert Report of Mickey Ferri] | MIL 1, H |
| 346 | Select Netflix Programming Among the Most Watched Ever in | MIL 1, H |

| Ex. No. | Description | Defendants' Objections |
|---|---|---|
| | the First 28 Days  [Exhibit I-9 to Expert Report of Mickey Ferri] | |
| 347 | Summary of Royalty Rates [Exhibit J-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 348 | Summary of Royalty Rates from Third-party Sources [Exhibit J-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 349 | Royalty Rate Statistics  [Exhibit J-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 350 | Royalty Rates in Media/Entertainment [Exhibit J-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 351 | Public Data on Netflix Estimated Expenses Related to Select Content [Exhibit J-5 to Expert Report of Mickey Ferri] | MIL 1, H |
| 352 | Public Data on Other Platforms Estimated Expenses Related to Select Content [Exhibit J-6 to Expert Report of Mickey Ferri] | MIL 1, H |
| 353 | Discounted Licensing Revenue Summary [Exhibit K-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 354 | Worldwide Licensing Revenue Projection [Exhibit K-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 355 | Discounted Worldwide Licensing Revenue Projection  [Exhibit K-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 356 | U.S. Licensing Revenue Projection [Exhibit K-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 357 | Discounted U.S. Licensing Revenue Projection [Exhibit K-5 to Expert Report of Mickey Ferri] | MIL 1, H |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 358 | Licensing Revenues  [Exhibit K-6 to Expert Report of Mickey Ferri] | MIL 1, H |
| 359 | Stranger Things License Agreement Summary [Exhibit K-7 to Expert Report of Mickey Ferri] | MIL 1, H |
| 360 | Example Stranger Things Licensed Products [Exhibit K-8 to Expert Report of Mickey Ferri] | MIL 1, H |
| 361 | Production Costs  [Exhibit L-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 362 | Duffer Brothers Compensation Schedule - Before Licensing [Exhibit L-2 to Expert Report of Mickey Ferri] | MIL 1, H |
| 363 | Duffer Brothers Compensation Schedule – Licensing [Exhibit L-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 364 | 21 Laps / Shawn Levy / Dan Cohen Compensation Schedule  [Exhibit L-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 365 | Aaron Sims Compensation Schedule  [Exhibit L-5 to Expert Report of Mickey Ferri] | MIL 1, H |
| 366 | Cast Compensation Schedule [Exhibit L-6 to Expert Report of Mickey Ferri] | MIL 1, H |
| 367 | U.S. Impact Value Calculations for Stranger Things [Exhibit L-7 to Expert Report of Mickey Ferri] | MIL 1, H |
| 368 | Estimated Additional Revenue on Other Shows from Incremental Subscribers  [Exhibit M-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 369 | Estimated Incremental Subscribers due to Stranger Things by Season | MIL 1, H |

| Ex. No. | Description | Defendants' Objections |
|---|---|---|
| | (WW)  [Exhibit M-2 to Expert Report of Mickey Ferri] | |
| 370 | Estimated Incremental Subscribers due to Stranger Things by Season (U.S.)  [Exhibit M-3 to Expert Report of Mickey Ferri] | MIL 1, H |
| 371 | Summary of Incremental Subscriber Analysis by Year (All Seasons)  [Exhibit M-4 to Expert Report of Mickey Ferri] | MIL 1, H |
| 372 | Incremental Subscriber Analysis by Year (All Seasons) - Low, Mid, and High  [Exhibit M-5 to Expert Report of Mickey Ferri] | MIL 1, H |
| 373 | Worldwide Netflix Quarterly Subscribers Data (millions) [Exhibit M-6 to Expert Report of Mickey Ferri] | MIL 1, H |
| 374 | Bar Chart of Estimated Net Subscriber Additions [Exhibit M-7 to Expert Report of Mickey Ferri] | MIL 1, H |
| 375 | Discount Factor Analysis Summary [Exhibit N-1 to Expert Report of Mickey Ferri] | MIL 1, H |
| 376 | Sims Concept Art for Totem [DEFS_0009305-DEFS_0009496] | 402, 403, MIL 7 |
| 377 | August 23, 2015 email from Sims to Duffers with latest version of "creatures mouth open" [DEFS_0008379-DEFS_0008383] | DUPE, none |
| 378 | January 30, 2019 Declaration of Matt Duffer in support of MSJ in Kessler case  [DEFS_0010074-DEFS_0010079] | 404, MIL 3 |
| 379 | September 19, 2018 Master Merchandising License Agreement | 402, 403, MIL 1, F |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
|  | with Alpargatas S.A. [DEFS_0063342-DEFS_0063370] |  |
| 380 | May 1, 2019 Master Merchandising License Agreement with Behavioral Interactive Inc. [DEFS_0063371-DEFS_0063390] | 402, 403, MIL 1, F |
| 381 | May 30, 2018 Master Merchandising License Agreement with Empire Apparel Trading Co. Pty Ltd. [DEFS_0063391-DEFS_0063412] | 402, 403, F, MIL 1 |
| 382 | September 3, 2018 Master Merchandising License Agreement with Industrias Darks S.A. de C.V. [DEFS_0063413-DEFS_0063435] | 402, 403, MIL 1, F |
| 383 | November 1, 2019 Master Publishing License Agreement with Insight Editions [DEFS_0063436-DEFS_0063459] | 402, 403, MIL 1, F |
| 384 | August 1, 2018 Master Merchandising License Agreement [DEFS_0063460-DEFS_0063488] | 402, 403, MIL 1, F |
| 385 | July 30, 2020 Experience & Creative Consultancy Agreement with Secret Group Ltd. [DEFS_0063489-DEFS_0063502] | 402, 403, MIL 1, F |
| 386 | December 1, 2017 Master Merchandising License Agreement with Stern Pinball, Inc. [DEFS_0063503-DEFS_0063534] | 402, 403, MIL 1, F |
| 387 | July 9, 2020 Schedule A-5: Stranger Things x Far Cry Tetra with Ubisoft Entertainment SA [DEFS_0063535-DEFS_0063538] | 106, 402, 403, MIL 1, F |
| 388 | October 18, 2021 Overall Merchandising License Agreement | 402, 403, MIL 1, F, |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| | with Eight Co., Ltd. [DEFS_0063539-DEFS_0063559] | |
| 389 | September 7, 2021 Overall Merchandising License Agreement with Hands in Factory Co., Ltd. [DEFS_0063560-DEFS_0063580] | 402, 403, MIL 1, F |
| 390 | June 25, 2018 Master Merchandising License Agreement with LEGO System A/S [DEFS_0063581-DEFS_0063625] | 402, 403, MIL 1, F |
| 391 | March 4, 2021 Overall Merchandising License Agreement with Padma Textiles [DEFS_0063626-DEFS_0063649] | 402, 403, MIL 1, F |
| 392 | August 28, 2020 Overall Merchandising License Agreement with Rainbowworks Co. [DEFS_0063650-DEFS_0063668] | 402, 403, MIL 1, F |
| 393 | May 8, 2019 Master Merchandising License Agreement with Ubisoft Entertainment SA [DEFS_0063669-DEFS_0063696] | 402, 403, MIL 1, F |
| 394 | April 30, 2020 Schedule A-3 to Master Merchandising License Agreement of 5/8/19 with Ubisoft Entertainment SA [DEFS_0063697- DEFS_0063704] | 106, 402, 403, MIL 1, F |
| 395 | December 1, 2020 In-Game Integration Overall License Agreement with Hi-Rez Studios Inc. [DEFS_0063705- DEFS_0063728] | 402, 403, MIL 1, F |
| 396 | Licensing Revenue Summary (S1-S3) [DEFS_0053849] | 402, 403, F, MIL 1 |
| 397 | March 23, 2015 Loan Out Agreement [DEFS_0053815- DEFS_0053847] | 402, 403 |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 398 | 1992 Preston Nichols, Book 1 of Montauk Series: "The Montauk Project: Experiments in Time" | 403, 404, H, MIL 3, CUTOFF |
| 399 | 1994 Preston Nichols, Book 2 of Montauk Series: "Montauk Revisited: Adventures in Synchronicity" | 403, 404, H, MIL 3, CUTOFF |
| 400 | 1995 Preston Nichols, Book 3 of Montauk Series: "Pyramids of Montauk: Explorations in Consciousness" | 403, 404, H, MIL 3, CUTOFF |
| 401 | 1996 Preston Nichols, Book 4 of Montauk Series: "Encounter in the Pleiades: An Inside Look at UFOs" | 403, 404, H, MIL 3, CUTOFF |
| 402 | 2000 Preston Nichols, Book 5 of Montauk Series: "The Music of Time" | 403, 404, H, MIL 3, CUTOFF |
| 403 | Totem Demo Motion Picture [IRISH 02649, IRISH 05184-IRISH 05186] | 402, 403, A, F, MIL 7 |
| 404 | Art [IRISH 02471-IRISH 02648] | 402, 403, A, F, MIL 7 |
| 405 | Totem Development and Production Draft Budget [IRISH 02927] | 402, 403, H |
| 406 | January 11, 2019 email from Aaron Sims to Jeffrey Kennedy re "Totem" Teaser [IRISH 01634] | 402, 403, MIL 7 |
| 407 | July 25, 2009 email from Jeffrey Kennedy to MKenn51058 and Chaudaho1 re Preliminary sketches Password [IRISH 01672] | 402, 403, A, F, H, MIL 7 |
| 408 | December 10, 2008 Irish Rover Operating Agreement [IRISH 00004-IRISH 00029] | 402, 403 |
| 409 | Totem Prospectus, Concept Art, Screenplay [IRISH 01746-01762] | 402, 403, MIL 7 |

| Ex. No. | Description | Defendants' Objections |
|---|---|---|
| 410 | A treatment for the film: The Lightning Shower in Jackson Hole [IRISH 00157 – 00172] | 106, 402, 403, A, F, MIL 7 |
| 411 | March 25, 2015 email from Jeffrey Kennedy to Jeffrey Kennedy attaching Totem: The Story of a Wounder Warrior [IRISH 03945 – 04204] | 402, 403, MIL 7 |
| 412 | Dec. 7, 2010 email from Jeffrey Kennedy to tammy@theavsquad.com and John Ellis [IRISH 04207 – 04208] | H |
| 413 | April 16, 2015 Netflix/Montauk Meeting Notes [DEFS 0002113 – 0002117] | H |
| 414 | Totem Costs Evergreen Films [IRISH 00050 – 00051] | 402, 403, H |
| 415 | Sky Totem – Critical Assumptions (Budget of 6/29/10) [JK 000387 – 000388] | 402, 403, H |
| 416 | Evergreen Films/Totem Reconciliation Detail Report (Period Ending 06/30/2010) [Produced in response to subpoena to Francis LoCascio] | CUTOFF, document has not been produced |
| 417 | Video: GQ Stranger Things Biggest Moments with the Duffer Brothers [IRISH 004964] | 106, 403, 404, BE, MIL 3 |
| 418 | Video: Chapman University [IRISH 004965] | 106, 403, 404, MIL 3 |
| 419 | Video: Interview with Shawn Levy [IRISH 004969] | 106, 403, 404, MIL 3 |
| 422 | Video: Creature design by Aaron Sims Creative [IRISH 004973] | 403, 404, MIL 3 |
| 423 | Video: The Duffer Brothers and Shawn Levy On The Upside Down [IRISH 004974] | 106, 403, 404, BE, MIL 3 |

| Ex. No. | Description | Defendants' Objections |
|---------|-------------|------------------------|
| 424 | Video: Winona Ryder interview [IRISH 004975] | 106, BE, MIL 4, H |
| 425 | Video: Interview with Matt and Ross Duffer [IRISH 004976] | 106, 403, 404, MIL 3 |